Thomas A. Evans (SBN 202841)
Email: tevans@reedsmith.com
Eugenia S. Chern (SBN 215092)
Email: echern@reedsmith.com
REED SMITH LLP
1999 Harrison Street, Suite 2400
Oakland, CA 94612-3572

**Mailing Address:**
P.O. Box 2084
Oakland, CA 94604-2084

Telephone:    +1 510 763 2000
Facsimile:    +1 510 273 8832

E-filing

EMC

Attorneys for Defendant
Pan-American Life Insurance Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DONNA MATHEWS,

              Plaintiff,

    vs.

PAN-AMERICAN LIFE INSURANCE
COMPANY, and DOE 1 through DOE 20,
Inclusive ,

              Defendants.

Case No. C 07 2757

**NOTICE OF REMOVAL**

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE THAT defendant Pan-American Life Insurance Company ("Pan-

American") hereby removes the above-entitled civil action from the Superior Court of California,

County of Napa, to the United States District Court for the Northern District of California, pursuant

to 28 U.S.C. Section 1332, *et seq.* and 28 U.S.C. Section 1441, *et seq.*, and alleges that removal is

proper for the following reasons:

    1.    On April 19, 2007, plaintiff Donna Mathews ("plaintiff") filed the above-entitled

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSOAK-9873081.1-359830-60004

1    action in the Superior Court of the State of California, County of Napa. Napa County is within this

2    judicial district. Pan-American first received notice of this action by service of the summons and

3    complaint on April 27, 2007. Thirty days since notice and service has not yet expired. The

4    complaint was the first pleading, notice, order or other paper from which it could be ascertained that

5    the case is removable.

6        2.      Based upon the allegations of plaintiff's complaint, plaintiff is a citizen of the State of

7    California, County of Napa.

8        3.      Defendant Pan-American Life Insurance Company is, and at all relevant times was, a

9    corporation duly organized and existing under the laws of the State of Louisiana, with its principal

10   place of business in New Orleans, Louisiana.

11       4.      Defendants Does 1 through 20, inclusive, are defendants sued under fictitious names

12   who have not as yet been served. For purposes of this Notice of Removal, the citizenship of such

13   fictitious defendants is to be disregarded pursuant to 28 U.S.C. Section 1441(a).

14       5.      While Pan-American denies that plaintiff is entitled to any recovery whatsoever, the

15   amount in controversy for purposes of removal is measured by plaintiff's claims at the time of

16   removal, not by the ultimate merit (or lack of merit) of plaintiffs' action. *See Eagle v. Am. Tel. &*

17   *Tel. Co.*, 769 F.2d 541, 545 (9th Cir. 1985). In measuring the amount in controversy, a court must

18   assume that the allegations of the complaint are true and assume that a jury will return a verdict for

19   the plaintiff on all claims made in the complaint. *See Kenneth Rothschild Trust v. Morgan Stanley*

20   *Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). Moreover, "the amount in controversy is

21   not measured by the low end of an open-ended claim, but rather by reasonable reading of the value

22   of the rights being litigated." *See id.* (quoting *Angus v. Shiley*, 989 F.2d 142, 146 (3d Cir. 1993)).

23       6.      The amount in controversy in this case is in excess of $75,000.00, exclusive of

24   interests and costs, because the Complaint seeks unspecified amounts in damages for breach of

25   contract, breach of the covenant of good faith and fair dealing, fraud, negligent misrepresentation,

26   intentional infliction of emotional distress and unfair business practices, including "loss of the

27   benefits provided by the Policies plus such reasonably foreseeable consequential damages"

28   (Complaint at ¶¶ 23, 27, 33, 37), mental and emotional distress (*id.* at ¶¶ 27, 33, 37, 43, 47), punitive

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSOAK-9873081.1-359830-60004

damages (*id.* at ¶¶ 28, 34, 44 and page 10, line 20), and attorneys' fees (*id.* at ¶¶ 27, page 10, line 21 and page 11, line 6). These claims are based on plaintiff's allegations that Pan-American wrongfully withheld benefit payments due under several long term disability insurance policies, refused to provide rehabilitation benefits and refused to fully refund premiums paid during plaintiff's alleged disability. (*Id.* at ¶¶ 11, 15, 17, 21, 25).

7.    Where it is not evident from the clear allegations of the complaint that more than $75,000 is in controversy, the court may consider "facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

8.    The jurisdictional minimum may also be satisfied by claims for extracontractual damages, special and general damages, attorneys' fees and punitive damages. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Simmons v. PCR Technology,* 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002).

9.    Plaintiff requests punitive damages. The amount in controversy may include punitive damages when they are recoverable as a matter of law. *Gibson*, 261 F.3d at 945. Plaintiff has asserted a cause of action for breach of the covenant of good faith and fair dealing, for which punitive damages may be recovered. Plaintiff has also asserted causes of action for fraud and intentional infliction of emotional distress, which permit recovery of punitive damages. Civil Code § 3294.

10.    The Complaint also seeks an unspecified amount of attorneys' fees. Attorneys' fees may be included in the amount in controversy if recoverable by statute or contract. *Simmons*, 209 F. Supp. 2d at 1034-1035 (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998)). California law permits the recovery of certain attorneys' fees as an element of damages in actions against an insurer for breach of the implied covenant of good faith and fair dealing. *See Brandt v. Superior Court*, 37 Cal. 3d 813 (1985).

11.    The civil action is therefore removed to this District Court on the basis of diversity jurisdiction under the provisions of 28 U.S.C. Sections 1332, 1441 and 1446.

12.    Attached hereto as Exhibit A is a true and correct copy of all pleadings and process

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

NOTICE OF REMOVAL

DOCSOAK-9873081.1-359830-60004

filed in this civil action in the Superior Court and served on defendants.

A Notice of Filing Removal is concurrently being filed with the Superior Court for the State of California, County of Napa, and being served on plaintiff.


DATED: May 24, 2007.

REED SMITH LLP

By_____
Thomas A. Evans
Eugenia S. Chern
Attorneys for Defendant
Pan-American Life Insurance Company

NOTICE OF REMOVAL

DOCSOAK-9873081.1-359830-60004

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# EXHIBIT A

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PAN AMERICAN LIFE INSURANCE COMPANY; and DOE 1
through Doe 20, Inclusive

## DELAY REDUCTION CASE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DONNA MATHEWS

---

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

# ENDORSED

APR 1 9 2007

Clerk of the Napa Superior Court
By: ___N. BENAVIDEZ___
Deputy

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen.   Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.   Es posible que haya un formulario que usted pueda usar para su respuesta.   Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.   Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>NAPA COUNTY SUPERIOR COURT<br>825 Brown St.<br>Napa, CA  94559 | CASE NUMBER:<br>*(Número del Caso):* **26-31448** |
| --- | --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
MICHAEL E. KINNEY SB#77018                707-527-4141
LAW OFFICES OF MICHAEL E. KINNEY
438 First St.
Santa Rosa, CA  95401

Stephen A. Bouch

DATE:      APR 1 9 2007          Clerk, by ___N. BENAVIDEZ___, Deputy
*(Fecha)*                  *(Secretario)*                  *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*                                    Page 1 of 1

[SEAL]

*SEAL*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**



Code of Civil Procedure §§ 412 20, 465

1   MICHAEL E. KINNEY
    Bar No. 77018
2   Law Office of Michael E. Kinney
    438 First St.
3   Fourth Floor
    Santa Rosa, CA 95401
4   (707) 527-4141

5   Attorney for Plaintiff
    DONNA MATHEWS  DELAY REDUCTION CASE
6

7

**FILED**

APR 19 2007

Clerk of the Napa Superior Court
By: _____
       Deputy

CASE MANAGEMENT CONFERENCE
DATE: 9-20-07
TIME: 8:30am  A
PLACE: Courtroom _____
825 Brown Street, Napa CA 94559

8             **SUPERIOR COURT OF CALIFORNIA**

9               **COUNTY OF NAPA**

10

11   DONNA MATHEWS,

12         Plaintiff,

13   vs.

14

15   PAN AMERICAN LIFE INSURANCE
    COMPANY; and DOE 1 through Doe 20,
    Inclusive,
16

17        Defendants.

No. **26-37498**

COMPLAINT FOR BREACH OF
CONTRACT, BREACH OF THE
COVENANT OF GOOD FAITH
AND FAIR DEALING, FRAUD,
NEGLIGENT
MISREPRESENTATION,
INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS, UNFAIR
BUSINESS PRACTICES

*UNLIMITED CIVIL CASE*

18      COME NOW Plaintiff DONNA MATHEWS and complains and alleges as follows:

19

20               **GENERAL ALLEGATIONS**

21       1.      Plaintiff DONNA MATHEWS is and at all times relevant hereto was a

22   resident of the County of Napa, State of California.

23       2.      Plaintiff is informed and believes and thereon alleges that Defendant PAN

24   AMERICAN LIFE INSURANCE COMPANY is, and at all times relevant hereto was, a

25   corporation duly authorized to do business, and doing business as an insurance company in the

26   State of California.

27       3.      The true names and capacities, whether individual, corporate, associate or

otherwise of Defendants Doe 1 through Doe 20, inclusive, are unknown to Plaintiff, who therefore

Received
APR 1 8 2007
Napa Superior Court

Complaint

1

1    sues said Defendants by such fictitious names.  Plaintiff will amend this Complaint to show their

2    true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges

3    that said Defendants, and each of them, were in some way responsible for the harm caused to

4    Plaintiff as alleged in this Complaint.

5         4.    Plaintiff is informed and believes and thereon alleges that each of the

6    Defendants herein was at all times relevant hereto the agent, employee or representative of the

7    remaining Defendants and was acting at least in part within the course and scope of such

8    relationship.

9         5.    In or about May 1991, at Napa County, California, Plaintiff purchased a

10   long term disability insurance policy from Defendants, designated by Defendants as Policy No.

11   0012857640.  Between May 1991 and November 2005, Plaintiff purchased two additional long

12   term disability insurance policies from Defendants, designated by Defendants as Policy No.

13   0012577580 and Policy No. 1257573.  The three long term disability policies are hereinafter

14   collectively designated as "the Policies."  This Policies, by their terms, purported to provide long

15   term disability insurance benefits, including monthly benefit payments and additional funds for the

16   vocational rehabilitation of the policy holder.

17        6.    Plaintiff authorized Defendants to make withdrawals from Plaintiff's bank

18   account monthly in the amount of the monthly premiums for the Policies.  Defendants made such

19   monthly withdrawals.  All premiums on the Policies were paid up to the date of Plaintiff's

20   disability, and the Policies have remained in effect at all times relevant hereto.

21        7.    In November 2005, Plaintiff fell off a ladder and was injured.  Plaintiff

22   suffered a shoulder injury which rendered her disabled from her regular job as a dental hygienist.

23   Defendants have determined that the date of the inception of Plaintiff's disability is December 14,

24   2005.  Plaintiff has been continuously disabled since December 2005, and remains disabled at this

25   time.

26        8.    Plaintiff provided Defendants with prompt notice of her injury and

27   disability.

28        9.    The Policies provide for a waiver of premium payments during the

2

Complaint

1    policyholder's disability, but that premiums must be paid during the first ninety days of disability.

2    The Policies further provide that Defendants "will refund any premiums paid during the first ninety

3    days of disability, if premiums are waived." Following Plaintiff's disability, Defendants continued

4    to withdraw premiums from Plaintiff's account, but refused, and continue to refuse, to refund the

5    full amount of premiums paid during the first ninety days of Plaintiff's disability, although Plaintiff

6    requested a full refund.

7              10.       On or about March 15, 2006, without first contacting Plaintiff or

8    Plaintiff's employer or otherwise performing a reasonable investigation as to whether Plaintiff was

9    still disabled or had returned to work, Defendants unilaterally stopped paying benefits to Plaintiff.

10   Plaintiff had not returned to work and was still disabled, as Defendants knew or reasonably should

11   have known.

12             11.       On or about April 17, 2006, without prior notice to Plaintiff, Defendants

13   improperly withdrew the sum of $1,189.61 from Plaintiff's bank account.  Plaintiff is informed

14   and believes that Defendants claim that this sum represents an annual premium for two of the

15   policies and a monthly premium for the third policy.  At no time has Plaintiff ever authorized

16   Defendants to withdraw more than a monthly premium, and Defendants have never been

17   authorized to withdraw an annual premium from Plaintiff's account.  On or about April 17, 2006,

18   Plaintiff was disabled and had been disabled for more that ninety days.  Under the terms of the

19   Policies, premiums were waived and Defendants were not entitled to any premium payment

20   whatsoever at that time.

21             12.       In March 2006, Defendants paid Plaintiff benefits on Policy No.

22   0012857640 and on Policy No. 0012577580, but did not pay benefits due under the third policy,

23   although such benefits were clearly due and owing to Plaintiff.  Defendants concealed from

24   Plaintiff the fact that they were not paying all of the benefits to which Plaintiff was due and

25   provided Plaintiff no notice whatsoever that Defendants had underpaid Plaintiff.

26             13.       Following Plaintiff's disability in December 2005, Defendants withdrew

27   funds from Plaintiff's bank account as a premium payment on Policy No. 1257573.  These

28   withdrawals continued without interruption though August 2006, although Defendants were

---

3

Complaint

1  obligated to waive the premium during the period of Plaintiff's disability.

2      14.    Defendants improperly suspended all payments of Plaintiff's benefits on

3  all of the Policies and made no payments whatsoever to Plaintiff from March 6, 2006 until July 13,

4  2006, even though Defendants knew or reasonably should have known that Plaintiff was disabled

5  during this entire period.  On July 13, 2006, Defendants resumed paying benefits on Policy No.

6  0012857640 and on Policy No. 0012577580.  Although Defendants then owed Plaintiff for four

7  months of benefits on those two policies, they paid only a portion of the benefits then past due.

8  Since July 2006, Defendants have never brought current the benefits payments due to Plaintiff, and

9  remain months in arrears on the payments due to Plaintiff.

10      15.    Defendants failed to pay any benefits on Policy No. 1257573 until

11  September 2006, by which time Defendants owed benefits for seven months.  In September 2006,

12  Defendants paid a portion of the benefits then past due.  Since September 2006, Defendants have

13  never brought current the benefits payments due to Plaintiff, and remain months in arrears on the

14  payments due to Plaintiff.

15      16.    In addition to monthly benefit payments, the Policies provide the benefit

16  of rehabilitation.  The Policies provide:

17          "We will pay for a rehabilitation program that we approve.  Maximum

18          payment for a single disability will be 24 times the Monthly Benefit.  With our

19          permission this maximum may be waived.  This payment will have no effect on any

20          other benefit of this policy.'

21      17.    Plaintiff duly applied to Defendants for the rehabilitation benefit offered

22  by the policy.  Defendants denied Plaintiff's request for rehabilitation benefits without basis or

23  explanation.  Plaintiff's request for the rehabilitation benefit was reasonable and proper and

24  Defendants' denial was completely unjustified.

25      18.    Defendants have engaged in tactics designed to confuse Plaintiff and to

26  cover up Defendants' inadequate payment of benefits and excessive withdrawal of premiums from

27  Plaintiff's bank account.  These tactics include sending Plaintiff undated Explanations of Benefits,

28  sending premium notices at times when Defendants were obligated to waive premiums, sending

4

Complaint

premium refund checks without explanation of what premiums were being refunded, sending benefit payments in the wrong amount, and refusing to account for all premiums withdrawn from Plaintiff's account.

19.    When Plaintiff complained about the conduct of Defendants, Defendants responded by compelling Plaintiff to attend a medical examination more than 100 miles from Plaintiff's home. Plaintiff is informed and believes that Defendants took this action to retaliate against Plaintiff for complaining about the conduct of Defendants.

FIRST CAUSE OF ACTION

AGAINST DEFENDANTS AND EACH OF THEM

FOR BREACH OF CONTRACT

20.    Plaintiff hereby repeats and repleads Paragraph 1 through Paragraph 19 of the General Allegations.

21.    Defendants, and each of them, have failed and refused to perform their contractual obligation under the Policies to pay Plaintiff's benefits in full, to refund all premiums taken during Plaintiff's disability, and to provide Plaintiff with rehabilitation benefits, although demand therefor has been made.

22.    Plaintiff paid all premiums and performed all acts required of her under the Policies.

23.    As the result of Defendants' breach of contract, as aforesaid, Plaintiff has suffered a loss of the benefits provided by the Policies plus such reasonably foreseeable consequential damages as she has and will incur in the future.

SECOND CAUSE OF ACTION

AGAINST DEFENDANTS AND EACH OF THEM

FOR BREACH OF THE COVENANT OF GOOD FAITH

AND FAIR DEALING

24.    Plaintiff hereby repeats and repleads Paragraph 1 through Paragraph 19 of the General Allegations and Paragraph 21 through Paragraph 23, inclusive of the First Cause of Action.

5

Complaint

25.     The decision of Defendants, and each of them, to withhold benefits payments due under the Policy, to refuse to provide rehabilitation benefits, to refuse to fully refund premiums paid during Plaintiff's disability, to engage in tactics to confuse Plaintiff and obfuscate Defendants wrongdoing, and to retaliate against Plaintiff was unreasonable because:

a.  Defendants failed to investigate Plaintiff's claim thoroughly;

b.  Defendants failed to evaluate Plaintiff's claim objectively;

c.  Defendants utilized an unduly restrictive, overly technical and clearly erroneous interpretation of the Policy which ignored established law;

d.  Defendants failed to adequately communicate with Plaintiff, and failed to state an adequate basis for the refusal to pay Plaintiff's claim;

e.  Defendants misrepresented pertinent facts or insurance policy provisions relating to refund of premiums, policies in force, benefits due and Plaintiff's right to rehabilitation benefits;

f.  Defendants failed to adopt and implement reasonable standards for the prompt investigation and processing of claims arising from policies like Plaintiff's;

g.  Defendants failed to make prompt and timely payment of benefits which it acknowledged were due; and

h.  Defendants engaged in abusive practices to avoid paying claims.

26.     The acts of Defendants, as aforesaid, constitute a breach of the covenant of good faith and fair dealing.

27.     As a proximate result of Defendants' bad faith, Plaintiff has suffered and continues to suffer losses of the benefits provided by the Policy and has suffered and continues to suffer injury, embarrassment, humiliation and mental anguish all to her damage in an amount according to proof.  Plaintiff has been required to retain an attorney and incur attorney fees to enforce the Policies.

28.     Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil

6

Complaint

1  motive amounting to malice, and in conscious disregard of Plaintiff's rights.  Plaintiff is thus

2  entitled to recover punitive damages from Defendants, and each of them, in an amount according

3  to proof.

### THIRD CAUSE OF ACTION

### AGAINST DEFENDANTS AND EACH OF THEM

### FOR FRAUD

7        29.       Plaintiff hereby repeats and repleads Paragraph 1 through Paragraph 19 of

8  the General Allegations, Paragraph 21 through Paragraph 23, inclusive of the First Cause of

9  Action, and Paragraph 25 through Paragraph 28, inclusive of the Second Cause of Action.

10        30.       In obtaining the Policies and in keeping the Policies in force, Plaintiff

11  reasonably relied upon the representations contained in Defendants' advertising and in the Policies

12  that Plaintiff would be paid benefits timely and in full as provided by the Policies, that premiums

13  would be waived during the period of Plaintiff's disability, that premiums paid at the beginning of

14  Plaintiff's disability would be refunded, that Plaintiff would be permitted the rehabilitation benefit

15  stated in the policy.

16        31.       The representations described in the preceding Paragraph were false.  The

17  true fact was that Defendants would not do any of the things described in the preceding Paragraph,

18  but instead would refuse to do those things and would attempt to obfuscate and cover up yheir

19  refusal and would retaliate against Plaintiff if she complained.

20        32.       Defendants knew, or in the exercise of reasonable care should have

21  known, that the representations described above were false, but nonetheless failed to tell Plaintiff

22  the true facts.  Said representations were made with the intent to deceive Plaintiff and to induce

23  Plaintiff to pay premiums on the Policies.

24        33.       As a proximate result of Defendants' fraud, Plaintiff has suffered and

25  continues to suffer losses of the benefits provided by the Policy and has suffered and continues to

26  suffer injury, embarrassment, humiliation and mental anguish all to her damage in an amount

27  according to proof.

28        34.       Defendants committed the acts alleged herein maliciously, fraudulently

1   and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil

2   motive amounting to malice, and in conscious disregard of Plaintiff's rights.  Plaintiff is thus

3   entitled to recover punitive damages from Defendants, and each of them, in an amount according

4   to proof.

FOURTH CAUSE OF ACTION

AGAINST DEFENDANTS AND EACH OF THEM

FOR NEGLIGENT MISREPRESENTATION

8       35.      Plaintiff hereby repeats and repleads Paragraph 1 through Paragraph 19 of

9   the General Allegations, Paragraph 21 through Paragraph 23, inclusive of the First Cause of

10  Action, Paragraph 25 through Paragraph 28, inclusive of the Second Cause of Action, and

11  Paragraph 30 through Paragraph 34 of the Third Cause of Action.

12      36.      Plaintiff is informed and believes and thereon alleges that during the time

13  Defendants misled Plaintiff, as aforesaid, Defendants lacked any reasonable ground for believing

14  the representations described above to be true.  Plaintiff justifiably relied on said statements.

15      37.      As a proximate result of Defendants' negligent misrepresentations,

16  Plaintiff has suffered and continue to suffer losses of the benefits provided by the Policy and has

17  suffered and continues to suffer injury, embarrassment, humiliation and mental anguish all to her

18  damage in an amount according to proof.

FIFTH CAUSE OF ACTION

AGAINST DEFENDANTS AND EACH OF THEM

FOR UNFAIR BUSINESS PRACTICES

22      38.      Plaintiff hereby repeats and repleads Paragraph 1 through Paragraph 19 of

23  the General Allegations, Paragraph 21 through Paragraph 23, inclusive of the First Cause of

24  Action, and Paragraph 25 through Paragraph 28, inclusive of the Second Cause of Action,

25  Paragraph 30 through Paragraph 34 of the Third Cause of Action, and Paragraph 36 through 37,

26  inclusive of the Fourth Cause of Action.

27      39.      The practices of Defendants described hereinabove are unlawful, unfair or

28  fraudulent business practices of the sort prohibited by California Business and Professions Code

8

section 17200.

40.    Defendants have improperly profited from the practices described above.

## SIXTH CAUSE OF ACTION

## AGAINST DEFENDANTS AND EACH OF THEM

## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

41.    Plaintiff hereby repeats and repleads Paragraph 1 through Paragraph 19 of the General Allegations, Paragraph 21 through Paragraph 23, inclusive of the First Cause of Action, Paragraph 25 through Paragraph 28, inclusive of the Second Cause of Action, Paragraph 30 through Paragraph 34 of the Third Cause of Action, Paragraph 36 through 37, inclusive of the Fourth Cause of Action, and Paragraph 39 through Paragraph 40 inclusive of the Fifth Cause of Action.

42.    The conduct set forth hereinabove was extreme and outrageous and an abuse of the authority and position of Defendants and each of them.  Said conduct was intended to cause severe emotional distress, or was done in conscious disregard of the probability of causing such distress.

43.    As a proximate result of Defendants' intentional conduct, as aforesaid, Plaintiff suffered emotional distress and mental suffering, embarrassment, humiliation and mental anguish all to his damage in an amount according to proof.

44.    Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights.  Plaintiff thus is entitled to recover punitive damages from defendant in an amount according to proof.

## SEVENTH CAUSE OF ACTION

## AGAINST DEFENDANTS AND EACH OF THEM

## FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

45.    Plaintiff hereby repeats and repleads Paragraph 1 through Paragraph 19 of the General Allegations, Paragraph 21 through Paragraph 23, inclusive of the First Cause of Action, Paragraph 25 through Paragraph 28, inclusive of the Second Cause of Action, Paragraph

9

1   30 through Paragraph 34 of the Third Cause of Action, Paragraph 36 through 37, inclusive of the

2   Fourth Cause of Action, and Paragraph 39 through Paragraph 40 inclusive of the Fifth Cause of

3   Action.

4   46.    The conduct set forth hereinabove was extreme and outrageous and an

5   abuse of the authority and position of Defendants and each of them.  Defendants knew, or should

6   have known, that their acts would cause plaintiff emotional distress.

7   47.    As a proximate result of Defendants' negligence, as aforesaid, Plaintiff

8   suffered emotional distress and mental suffering, embarrassment, humiliation and mental anguish

9   all to his damage in an amount according to proof.

10  WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as

11  follows:

### ON THE FIRST CAUSE OF ACTION

13  1.    For damages according to proof;

14  2.    For prejudgment interest on that sum;

15  3.    For costs of suit herein incurred; and

16  4.    For such other and further relief as the Court deems proper.

### ON THE SECOND, THIRD AND SIXTH CAUSES OF ACTION

18  1.    For special damages according to proof;

19  2.    For general damages according to proof;

20  3.    For punitive damages in a sum sufficient to punish Defendants;

21  4.    For Plaintiff's attorney fees incurred to enforce the Policies;

22  5.    For costs of suit herein incurred; and

23  6.    For such other and further relief as the Court deems proper.

### ON THE FOURTH AND SEVENTH CAUSES OF ACTION

25  1.    For special damages according to proof;

26  2.    For general damages according to proof;

27  3.    For costs of suit herein incurred; and

28  4.    For such other and further relief as the Court deems proper.

10

Complaint

ON THE FIFTH CAUSE OF ACTION

    1. For an order that Defendants and their agents, attorneys, servants and employees be restrained and enjoined from the unfair business practices as alleged;

    2. For an order that Defendants and their agents, attorneys, servants and employees disgorge any and all profits they have made attributable to said unfair business practices;

    3. For an award of attorney fees pursuant to Code of Civil Procedure section 1021.5;

    4. For costs of suit herein incurred;

    5. For such other and further relief as the Court deems proper.

Dated: April 16, 2007

LAW OFFICE OF MICHAEL E. KINNEY

By: _____
      Michael E. Kinney
      Attorney for Plaintiff

11

Complaint

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within

action. I am employed in the office of a member of the bar of this court at whose direction the service was

made. My business address is REED SMITH LLP, 1999 Harrison Street, Suite 2400, Oakland, CA 94612-

3572. On May 24, 2007, I served the following document(s) by the method indicated below:

## NOTICE OF REMOVAL

☐    by transmitting via facsimile on this date from fax number 510.273.8832 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 PM and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing.

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐    by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐    by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

☐    by transmitting via email to the parties at the email addresses listed below:

Michael E. Kinney, Esq.
Law Office of Michael E. Kinney
438 First Street
Fourth Floor
Santa Rosa, CA 95401

DOCSOAK-9874102.1-359830-60004

I declare under penalty of perjury under the laws of the United States that the above is true and correct.  Executed May 24, 2007, at Oakland, California.

_Norene Avakian_
Norene Avakian

DOCSOAK-9874102.1-359830-60004