Thomas A. Evans (SBN 202841)
Email: tevans@reedsmith.com
Eugenia S. Chern (SBN 215092)
Email: echern@reedsmith.com
REED SMITH LLP
1999 Harrison Street, Suite 2400
Oakland, CA 94612-3572

**Mailing Address:**
P.O. Box 2084
Oakland, CA 94604-2084

Telephone:    +1 510 763 2000
Facsimile:    +1 510 273 8832

Attorneys for Defendant
Pan-American Life Insurance Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA MATHEWS,<br><br>                    Plaintiff,<br><br>        vs.<br><br>PAN-AMERICAN LIFE INSURANCE COMPANY,<br><br>                    Defendant. | No.: C 07-02757 EMC<br><br>**ANSWER OF DEFENDANT PAN-AMERICAN LIFE INSURANCE COMPANY** |

Defendant Pan-American Life Insurance Company ("Pan-American"), hereby answers the Complaint of plaintiff Donna Mathews ("Plaintiff") by admitting, denying and alleging as follows:

**FIRST DEFENSE**

**(Answer to General Allegations)**

1.    Pan-American is without sufficient knowledge to admit or deny the allegations of paragraph 1 of the Complaint and on that basis denies the same.

2.    Pan-American admits the material allegations in paragraph 2 of the Complaint.

3.    Pan-American is without sufficient knowledge to admit or deny the allegations of paragraphs 3 and 4 of the Complaint and on that basis denies the same.

4.  Answering paragraph 5 of the Complaint, Pan-American admits that it issued to plaintiff Donna Mathews three long term disability insurance policies. Except as expressly admitted, Pan-American denies the remaining allegations set forth in this paragraph.

5.  Pan-American is without sufficient knowledge to admit or deny the allegations set forth in paragraphs 6 through 9 of the Complaint and on that basis denies the same.

6.  Pan-American denies each and every allegation set forth in paragraph 10 of the Complaint.

7.  Pan-American is without sufficient knowledge to admit or deny the allegations set forth in paragraphs 11 through 13 of the Complaint and on that basis denies the same.

8.  Pan-American denies each and every allegation set forth in paragraphs 14 and 15 of the Complaint.

9.  Pan-American admits the allegations of paragraph 16 of the Complaint.

10. Pan-American denies each and every allegation set forth in paragraphs 17 and 18 of the Complaint.

11. Answering paragraph 19 of the Complaint, Pan-American denies that it took any action to retaliate against Plaintiff. Pan-American is without sufficient knowledge to admit or deny the remaining allegations of paragraph 19 and on that basis denies the same.

## SECOND DEFENSE
**(Answer to First Cause of Action)**

12. With respect to the allegations contained in paragraph 20 of the Complaint, Pan-American repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 11 of this Answer with the same force and effect as though set forth here in full.

13. Pan-American denies each and every allegation set forth in paragraphs 21 through 23 of the Complaint.

## THIRD DEFENSE
**(Answer to Second Cause of Action)**

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

14. With respect to the allegations contained in paragraph 24 of the Complaint, Pan-American repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 13 of this Answer with the same force and effect as though set forth here in full.

15. Pan-American denies each and every allegation set forth in paragraphs 25 through 28 of the Complaint.

### FOURTH DEFENSE

**(Answer to Third Cause of Action)**

16. With respect to the allegations contained in paragraph 29 of the Complaint, Pan-American repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 15 of this Answer with the same force and effect as though set forth here in full.

17. Pan-American denies each and every allegation set forth in paragraphs 30 through 34 of the Complaint.

### FIFTH DEFENSE

**(Answer to Fourth Cause of Action)**

18. With respect to the allegations contained in paragraph 35 of the Complaint, Pan-American repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 17 of this Answer with the same force and effect as though set forth here in full.

19. Pan-American denies each and every allegation set forth in paragraphs 36 through 37 of the Complaint.

### SIXTH DEFENSE

**(Answer to Fifth Cause of Action)**

20. With respect to the allegations contained in paragraph 38 of the Complaint, Pan-American repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 19 of this Answer with the same force and effect as though set forth here in full.

21. Pan-American denies each and every allegation set forth in paragraphs 39 through 40 of the Complaint.

## SEVENTH DEFENSE

**(Answer to Sixth Cause of Action)**

22. With respect to the allegations contained in paragraph 41 of the Complaint, Pan-American repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 21 of this Answer with the same force and effect as though set forth here in full.

23. Pan-American denies each and every allegation set forth in paragraphs 36 through 37 of the Complaint.

## EIGHTH DEFENSE

**(Answer to Seventh Cause of Action)**

24. With respect to the allegations contained in paragraph 45 of the Complaint, Pan-American repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 23 of this Answer with the same force and effect as though set forth here in full.

25. Pan-American denies each and every allegation set forth in paragraphs 46 through 47 of the Complaint.

## NINTH DEFENSE

**(Failure to State a Cause of Action)**

26. The Complaint and each purported cause of action therein fail to state facts sufficient to constitute any cause of action against Pan-American.

## TENTH DEFENSE

**(Failure to Submit Proof of Loss)**

27. Plaintiff has failed to submit adequate proof of loss to receive disability income benefits as required by her policies.

## ELEVENTH DEFENSE

### (Claims Barred by Contract)

28. Plaintiff's claims are barred by the terms, exclusions, limitations and conditions of her policies.

## TWELFTH DEFENSE

### (Genuine Dispute)

29. Plaintiff's claim for breach of the covenant of good faith and fair dealing is barred because there exists a genuine issue of law or fact which precludes a finding that Pan-American acted unreasonably given the circumstances.

## THIRTEENTH DEFENSE

### (Privilege)

30. Each and every action or statement made by Pan-American to or with reference to Plaintiff was a good faith assertion of its rights and therefore was privileged.

## FOURTEENTH DEFENSE

### (Privilege)

31. Each and every action or statement made by Pan-American to or with reference to Plaintiff was conditionally privileged under California Civil Code section 47(c) because they were made without malice.

## FIFTEENTH DEFENSE

### (Failure to Mitigate)

32. Plaintiff has failed and continues to fail to take reasonable steps to mitigate or minimize her alleged damages, if any. Plaintiff's recovery, if any, must be reduced accordingly.

## SIXTEENTH DEFENSE

### (Plaintiff's Comparative Fault)

33. Some or all of Plaintiff's claims are barred because Plaintiff failed to exercise ordinary care on her own behalf, which negligence and carelessness was a proximate cause of some portion, up to and including the whole thereof, of injuries and damages complained of in this action and Plaintiff's recovery, if any, is barred or reduced according to the principles of comparative fault.

**SEVENTEENTH DEFENSE**

**(Intervening Cause)**

34. The injuries and damages of which Plaintiff complains were proximately caused or contributed to by the acts of other persons and/or entities. These acts were an intervening, supervening and superseding cause of the damages, if any, of which Plaintiff alleges she suffered, thereby barring Plaintiff from any recovery against Pan-American.

**EIGHTEENTH DEFENSE**

**(Comparative Fault of Others)**

35. Pan-American denies that Plaintiff has sustained any injury, damage or loss by any reason of any act, error or omission on the part of Pan-American. If, however, it is established that Plaintiff has suffered any injury, damage or loss, and that Pan-American is liable in any amount or at all to Plaintiff, which Pan-American denies, any such injury, damage, or loss, if any, was proximately caused or contributed to by the fault and other improper acts on the part of Plaintiff and others named or not named in the Complaint, and the amount of such injury, damage or loss, if any, must be apportioned according to the respective fault of the parties, person and entities, or their agents and employees who contributed to and/or caused such injury, damage or loss.

**NINETEENTH DEFENSE**

**(Waiver and Estoppel)**

36. Pan-American is informed and believes, and on that basis alleges, that the Complaint and the purported claims for relief therein are barred by the doctrine of waiver and estoppel. By virtue of the foregoing, Plaintiff has waived and is estopped from asserting the alleged claims for relief set forth in, and any liability under, the Complaint.

**TWENTIETH DEFENSE**

**(Failure to State Right to Attorneys' Fees)**

37. The Complaint fails to state facts sufficient to entitle Plaintiff to an award of attorneys' fees.

**TWENTY-FIRST DEFENSE**

**(Failure to State a Claim for Punitive Damages)**

38. The Complaint and each purported claim for relief therein fail to state a claim for punitive or exemplary damages against Pan-American.

**TWENTY-SECOND DEFENSE**

**(Statutory Invalidity)**

39. California Civil Code section 3294, under which Plaintiff's claim for punitive damages is apparently made, is invalid on its face or as applied to Pan-American pursuant to Article I, Section 10, Article IV, Section 2, and the First, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States, and Article I, Sections 7, 9, 15 and 17, and Article IV, Section 16 of the California Constitution.

**TWENTY-THIRD DEFENSE**

**(Equal Protection)**

40. The provisions of California law limiting the amount of punitive damages which may be awarded in specified types of cases while allowing unlimited punitive damages for other tortious conduct constitutes impermissible discrimination against those subject to unlimited punitive damage awards, such as Pan-American, and in favor of those defendants not subject to unlimited punitive damage awards, in violation of Article IV, Section 2, and the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 7, and Article IV, Section 16 of the California Constitution.

**TWENTY-FOURTH DEFENSE**

**(Due Process)**

41. The application of California law regarding punitive or exemplary damages to Pan-American in this case is impermissibly vague, imprecise and inconsistent, in violation of the rights of defendants guaranteed under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 7, of the California Constitution.

**TWENTY-FIFTH DEFENSE**

**(Statute of Limitations)**

42.　Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

**TWENTY-SIXTH DEFENSE**

**(Laches)**

43.　Plaintiff's claims are barred in whole or in part by the doctrine of laches.

**OTHER DEFENSES**

44.　Pan-American has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, defenses available. Pan-American expressly reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

WHEREFORE, Pan-American prays for judgment as follows:

1.　That plaintiff take nothing by reason of her Complaint on file herein;

2.　For costs of suit incurred herein;

3.　For such other and further relief as the Court may deem just and proper.

DATED: June 6, 2007.

REED SMITH LLP

By ___/s/_____
　　Thomas A. Evans
　　Eugenia S. Chern
　　Attorneys for Defendant
　　Pan-American Life Insurance Company