Thomas A. Evans (SBN 202841)
Email: tevans@reedsmith.com
Eugenia S. Chern (SBN 215092)
Email: echern@reedsmith.com
REED SMITH LLP
1999 Harrison Street, Suite 2400
Oakland, CA  94612-3572

**Mailing Address:**
P.O. Box 2084
Oakland, CA  94604-2084

Telephone:     +1 510 763 2000
Facsimile:     +1 510 273 8832

Attorneys for Defendant
Pan-American Life Insurance Company

Michael E. Kinney (SBN 77018)
Email: kinney@kinnlaw.com
LAW OFFICE OF MICHAEL E. KINNEY
438 First St., Fourth Floor
Santa Rosa, CA 95401

Telephone:  (707) 527-4141
Facsimile:  (707)579-9561

Attorney for Plaintiff
DONNA MATHEWS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA MATHEWS,<br><br>            Plaintiff,<br><br>     vs.<br><br>PAN-AMERICAN LIFE INSURANCE COMPANY,<br><br>            Defendant. | No.: C 07-02757 SBA<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:     September 19, 2007<br>Time:     4:00 p.m.<br>Place:    Courtroom 3<br><br>Honorable Saundra B. Armstrong |

Pursuant to Local Rule 16-9, the parties to the above-entitled action, plaintiff Donna Mathews ("plaintiff") and defendant Pan-American Life Insurance Company ("Pan-American") jointly submit this Case Management Statement and [Proposed] Order and request the Court to adopt it as its Case Management Order in this case as follows:

**1.    Jurisdiction and Service**

Jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. Section 1332 because the amount in controversy is in excess of $75,000.00, exclusive of interests and costs, and the parties are of diverse citizenship, as alleged in the Complaint.

No issues exist regarding personal jurisdiction or venue. All parties have been served in this case.

**2.    Facts**

**Defendant:** This case arises from plaintiff's claims for benefits under two disability income policies and an income protection policy issued by Pan-American. Plaintiff submitted claims under the policies to Pan-American in connection with a November 2005 incident in which plaintiff was injured when she fell off a ladder. Plaintiff alleges that Pan-American unilaterally stopped paying benefits to Plaintiff, and Pan-American improperly denied plaintiff's request for rehabilitation benefits. Pan-American asserts that it has continued to pay disability benefits due under the three policies, and acted within its discretion to deny plaintiff's request for rehabilitation benefits.

**Plaintiff:** This is an insurance bad faith case. Plaintiff purchased disability insurance coverage from defendant, but when Plaintiff became disabled Defendant failed to provide the benefits as provided in the policy, and generally neglected the obligations imposed upon it by California law. Plaintiff contends that Defendant engaged in a general pattern and practice of refusing to process and pay Plaintiff's benefits properly. The policy provided for a waiver of premiums, but Defendant nonetheless continued to withdraw premiums from Plaintiff's bank account. For months, Defendant paid only a portion of the monthly benefits required by the policy, and benefits have never been entirely current. Without cause or notice to Plaintiff, Defendant unilaterally ceased making any payments to Plaintiff for several months. When payments resumed, Defendant did not make up the arrearage in benefits that it had created by unilaterally stopping benefits. In addition, Defendants have engaged in tactics designed to confuse Plaintiff and to cover up Defendants' inadequate payment of benefits and excessive withdrawal of premiums from Plaintiff's bank account. These tactics include sending Plaintiff undated Explanations of Benefits, sending premium notices at times when Defendants were obligated to waive premiums, sending

premium refund checks without explanation of what premiums were being refunded, sending benefit payments in the wrong amount, and refusing to account for all premiums withdrawn from Plaintiff's account. A central selling point of the policy was rehabilitation benefits. Plaintiff understood that, if she was disabled from the duties of her principle occupation, this policy would provide her with funds for retraining. The policy explicitly provided for rehabilitation benefits, but when Plaintiff asked for the benefits, Defendant refused to provide them. Plaintiff contends that, in denying rehabilitation benefits, Defendant has ignored the special and heightened duties imposed by California law on insurance carriers and, instead, made its decision solely based on Defendant's own financial interest.

**3.   Legal Issues**

Plaintiff asserts causes of action for breach of contract, bad faith, fraud, negligent misrepresentation, intentional infliction of emotional distress and unfair business practices. Pan-American contends that it has not breached the policy contracts because it has continued to pay the disability benefits due under the policies, and acted within its discretion in denying plaintiff's request for rehabilitation benefits. For these reasons, Pan-American contends that it also is not liable as to plaintiff's remaining claims.

**4.   Motions**

There are no prior or pending motions in this case. Pan-American anticipates filing a Motion for Summary Judgment.

**5.   Amendment of Pleadings**

The parties do not anticipate adding or dismissing any parties, claims or defenses.

**6.   Evidence Preservation**

The parties have collected and preserved all documents related to this action.

**7.   Disclosures**

Pursuant to the Court's Scheduling Order, the parties will exchange their initial disclosures on or before August 22, 2007.

**8.   Discovery**

No discovery has been taken to date. Discovery is needed regarding the following subjects:

(1) the terms of the insurance contracts issued to plaintiff; (2) the nature and content of communications between plaintiff or her representatives and Pan-American; and (3) Pan-American's handling of plaintiff's claim for benefits under the policies.

The parties anticipate propounding written discovery to each other and taking principal party depositions. Pan-American also anticipates subpoenaing records and deposing plaintiff's treating physicians and healthcare providers. The parties anticipate that non-expert discovery should be completed by April 4, 2008, and expert discovery should be completed by July 30, 2008.

The parties do not propose any limitations or modifications of the discovery rules for purposes of this action.

**9.   Class Actions**

Not applicable.

**10.   Related Cases**

None.

**11.   Relief**

Plaintiff is claiming past due insurance benefits of around $8000, together with interest thereon. Plaintiff claims that the insurance policy provides for rehabilitation benefits in a sum not to exceed 24 months of benefits. As Plaintiff's monthly benefit is $2700, the maximum rehabilitation benefit provided by the policy would be $64,800. Plaintiff claims damages for her emotional distress and for pain and suffering and other general damages in a sum to be determined by the jury. Plaintiff seeks punitive damages in a sum sufficient to punish Defendants, amount to be determined by the jury. Plaintiff also seeks to recover her reasonable attorney fees in collecting unpaid benefits, in a sum to be determined at the time of trial and additional attorney fees under the California Private Attorney General Law. Plaintiff is also seeking equitable relief pursuant to California Business and Professions Code § 17200 et seq.

Pan-American does not seek any damages in this action.

**12.   Settlement and ADR**

Per ADR Local Rule 3-5, the parties filed a Notice of Need for ADR Conference on August 8, 2007. The parties are amenable to mediation, which should take place following initial written

1  discovery and party depositions.

2  **13.    Consent to Magistrate Judge For All Purposes**

3  Pan-American declines assignment of this case to a Magistrate Judge for all purposes.  Pan-
4  American filed its Declination on July 13, 2007.

5  **14.    Other References**

6  This case is not suitable for reference to binding arbitration, special master, or the Judicial
7  Panel on Multidistrict Litigation.

8  **15.    Narrowing of Issues**

9  The parties have not yet determined any issues that can be narrowed by agreement or by
10  motion at this time.  The parties also do not presently have any suggestions to expedite the
11  presentation of evidence at trial, nor do they request to bifurcate any issues, claims or defenses at
12  this time.

13  Plaintiff has requested a stipulation that Plaintiff is disabled, inasmuch as Defendant has
14  apparently determined that Plaintiff is entitled to benefits under the policy.  Defendant is not
15  currently prepared to enter into such a stipulation.

16  **16.    Expedited Schedule**

17  This case is not appropriate for handling on an expedited basis.

18  **17.    Scheduling**

19  The parties propose the following pre-trial and trial deadlines:

20  April 4, 2008         Non-Expert Discovery Cut-Off

21  May 16, 2008 Designation of Experts

22  June 16, 2008        Supplemental Designation of Experts

23  May 27, 2008         Deadline to Hear Dispositive Motions

24  June 30, 2008        Expert Discovery Cut-Off

25  July 2008            Pre-Trial Conference

26  August 2008          Trial

27  **18.    Trial**

28  Plaintiff has demanded a jury trial.  The expected length of trial is approximately 8 court

1    days.

2    **19.    Disclosure of Non-Party Interested Entities or Persons**

3    Pursuant to Civil Local Rule 3-16, Plaintiff certifies that no persons, associations of persons,
4    firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial
5    interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-
6    financial interest in that subject matter or in a party that could be substantially affected by the
7    outcome of this proceeding.

8    Pursuant to Civil Local Rule 3-16, Pan-American certifies that no persons, associations of
9    persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a
10   financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a
11   non-financial interest in that subject matter or in a party that could be substantially affected by the
12   outcome of this proceeding.

13

14   **20.    Other Matters As May Facilitate the Just, Speedy and Inexpensive Disposition of This
15           Matter**

16   Not applicable.

DATED: August 22, 2007.

          LAW OFFICE OF MICHAEL E. KINNEY

          By   /s/ Michael E. Kinney
              Michael E. Kinney
              Attorneys for Plaintiff Donna Mathews

DATED: August 22, 2007.

          REED SMITH LLP

          By   /s/ Thomas A. Evans
              Thomas A. Evans
              Eugenia S. Chern
              Attorneys for Defendant
              Pan-American Life Insurance Company