Thomas A. Evans (SBN 202841)
Email:  tevans@reedsmith.com
Eugenia S. Chern (SBN 215092)
Email:  echern@reedsmith.com
REED SMITH LLP
1999 Harrison Street, Suite 2400
Oakland, CA  94612-3572

**Mailing Address:**
P.O. Box 2084
Oakland, CA  94604-2084

Telephone:     +1 510 763 2000
Facsimile:     +1 510 273 8832

Attorneys for Defendant
Pan-American Life Insurance Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA MATHEWS,<br><br>                    Plaintiff,<br><br>     vs.<br><br>PAN-AMERICAN LIFE INSURANCE COMPANY,<br><br>                    Defendant. | No.: C 07-02757 SBA<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Compl. Filed:<br>Trial Date:  Sept. 29, 2008<br>Disc. Cut-Off:  April 4, 2008<br><br>Honorable Saundra B. Armstrong |

### 1.        PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of

confidential, proprietary, or private information for which special protection from public disclosure

and from use for any purpose other than prosecuting this litigation would be warranted.

Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all

disclosures or responses to discovery and that the protection it affords extends only to the limited

information or items that are entitled under the applicable legal principles to treatment as

confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated

Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 1 –

79-5 sets forth the procedures that must be followed and reflect the standards that will be applied when a party seeks permission from the court to file material under seal.

**2.    DEFINITIONS**

**2.1    Party:**  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

**2.2    Disclosure or Discovery Material:**  all items or information, regardless of how generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

**2.3    "Confidential" Information or Items:**  information (regardless of how generated, stored or maintained) or tangible things that (i) constitute a trade secret or confidential or private financial, research, development or commercial information, or might be of competitive value to any entity other than the Designating Party; or (ii) were received in confidence from third parties.

**2.4    Receiving Party:**  a Party that receives Disclosure or Discovery Material from a Producing Party.

**2.5    Producing Party:**  a Party or non-party that produces Disclosure or Discovery Material in this action.

**2.6    Designating Party:**  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

**2.7    Protected Material:**  any Disclosure or Discovery Material that is designated as "Confidential."

**2.8    Expert:**  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 2 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**2.9**    **Professional Vendors:**  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.    SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**4.    DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5.    DESIGNATING PROTECTED MATERIAL**

**5.1    Exercise of Restraint and Care in Designating Material for Protection.**

Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify -- so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

STIPULATED PROTECTIVE ORDER

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**5.2    Manner and Timing of Designations.**

Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" at the top of each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Before producing the specified documents, the Producing Party must affix the appropriate legend at the top of each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL."  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 30 days to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order.

– 4 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    Transcript pages containing Protected Material must be separately bound by the court

2    reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" as instructed

3    by the Party or non-party offering or sponsoring the witness or presenting the testimony.

4    (c)    for information produced in some form other than documentary, and for any other

5    tangible items, that the Producing Party affix in a prominent place on the exterior of the container or

6    containers in which the information or item is stored the legend "CONFIDENTIAL."   If only

7    portions of the information or item warrant protection, the Producing Party, to the extent practicable,

8    shall identify the protected portions.

9    **5.3    Inadvertent Failures to Designate.**

10    If a party inadvertently produces information that it later discovers, or in good faith asserts,

11    to be privileged or otherwise protected from disclosures, the production of that information will not

12    be presumed to constitute a waiver of any applicable privileges or other protection.  In these

13    circumstances, the producing Party must immediately notify all parties in writing of the inadvertent

14    production and the basis for the privilege or other protection from production, and request in writing

15    the return or confirmed destruction of the privileged or protected information.  Within five days of

16    receiving such notification, and in compliance with the Receiving Parties' ethical obligations under

17    the law, all Receiving Parties' ethical obligations under the law, all Receiving Parties who have not

18    already reviewed such materials or who have reviewed the materials but do not contest the

19    applicability of the privilege asserted must return or confirm destruction of all such materials,

20    including copies and/or summaries thereof.  However, should a Receiving Party contest the

21    applicability of a privilege asserted with respect to an inadvertently produced document which the

22    Receiving Party has already reviewed, the Receiving Party may temporarily retain the document or

23    documents at issue for the sole purpose of contesting the applicability of the privilege asserted.

24    Within two (2) business days of the issuance of a court order deeming the contested documents at

25    issue privileged, however, the Receiving Party must return or confirm destruction of all such

26    materials, including copies and/or summaries thereof.

27

28

– 5 –

1

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

2

**6.1    Timing of Challenges.**

3

Unless a prompt challenge to a Designating Party's confidentiality designation is necessary

4

to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant

5

disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality

6

designation by electing not to mount a challenge promptly after the original designation is disclosed.

7

**6.2    Meet and Confer.**

8

A Party that elects to initiate a challenge to a Designating Party's confidentiality designation

9

must do so in good faith and must begin the process by conferring in writing with counsel for the

10

Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the

11

confidentiality designation was not proper and must give the Designating Party an opportunity to

12

review the designated material, to reconsider the circumstances, and, if no change in designation is

13

offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next

14

stage of the challenge process only if it has engaged in this meet and confer process first.

15

**6.3    Judicial Intervention.**

16

A Party that elects to press a challenge to a confidentiality designation after considering the

17

justification offered by the Designating Party may file and serve a motion that identifies the

18

challenged material and sets forth in detail the basis for the challenge. Each such motion must be

19

accompanied by a competent declaration that affirms that the movant has complied with the meet

20

and confer requirements imposed in the preceding paragraph and that sets forth with specificity the

21

justification for the confidentiality designation that was given by the Designating Party in the meet

22

and confer dialogue.

23

The burden of persuasion in any such challenge proceeding shall be on the Designating

24

Party.  Until the court rules on the challenge, all parties shall continue to afford the material in

25

question the level of protection to which it is entitled under the Producing Party's designation.

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 6 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

### 7.1    Basic Principles.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

### 7.2    Disclosure of "CONFIDENTIAL" Information or Items.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    The Receiving Party's counsel of record in this action, as well as employees and agents of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    The Receiving Party, and the officers, directors, and/or employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A);

(d)    The Court and its personnel;

(e)    Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f)    The author of the document or the original source of the information.

(g)    During depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and/or any witnesses who are officers, directors or employees of the Designating Party.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

1    separately bound by the court reporter and may not be disclosed to anyone except as permitted under

2    this Stipulated Protective Order.

3    **8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**

4    **OTHER LITIGATION**

5            If a Receiving Party is served with a subpoena or an order issued in other litigation that

6    would compel disclosure of any information or items designated in this action as

7    "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by

8    facsimile, if possible) immediately and in no event more than three court days after receiving the

9    subpoena or order.  Such notification must include a copy of the subpoena or court order.

10           The Receiving Party also must immediately inform in writing the Party who caused the

11   subpoena or order to issue in the other litigation that some or all the material covered by the

12   subpoena or order is the subject of this Stipulated Protective Order.  In addition, the Receiving Party

13   must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

14   caused the subpoena or order to issue.

15           The purpose of imposing these duties is to alert the interested parties to the existence of this

16   Protective Order and to afford the Designating Party in this case an opportunity to protect its

17   confidentiality interests in the court from which the subpoena or order issued.  The Designating

18   Party shall bear the burdens and the expenses of seeking protection in that court of its confidential

19   material.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving

20   Party in this action to disobey a lawful directive from another court.

21   **9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

22           If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

23   Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

24   the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

25   disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the

26   person or persons to whom unauthorized disclosures were made of all the terms of this Order, and

27   (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound"

28   that is attached hereto as Exhibit A.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

STIPULATED PROTECTIVE ORDER

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

## 10.    FILING PROTECTED MATERIAL

2

3

4

5

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

6

7

## 11.    FINAL DISPOSITION

8

9

10

11

12

13

14

15

16

17

18

19

20

21

Within sixty days of the final termination of this action, at the request of any Producing Party, each Receiving Party shall either return all Protected Material to the Producing Party or destroy all Protected Material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, within sixty days of the Producing Party's request, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

22

## 12.    MISCELLANEOUS

23

### 12.1    Right to Further Relief.

24

25

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

26

### 12.2    Right to Assert Other Objections.

27

28

By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not

1  addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any

2  ground to use in evidence of any of the material covered by this Protective Order.

3

4        IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

5        DATED:  February ___, 2008.

6                                          REED SMITH LLP

7                                          By_____

8                                              Thomas A. Evans
                                                Eugenia S. Chern
                                                Attorneys for Defendant
9                                              Pan-American Life Insurance Company

10

11

12                                         LAW OFFICE OF MICHAEL E. KINNEY

13

14                                         By_____
                                               Michael E. Kinney
15                                             Attorneys for Plaintiff Donna Mathews

16

17        PURSUANT TO STIPULATION, IT IS SO ORDERED.

18

19

20

21        DATED:  February ____, 2008.        _____

22                                          United States District/Magistrate Judge

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

Case Name:          *Donna Mathews v. Pan-American Life Insurance Company*

Case Number:        No.: C 07-02757 SBA

    1.     I, _____, have read and understand the Stipulated Protective Order in this action, dated February __, 2008, and agree to be bound by its terms.

    2.     As set forth in the Order, I shall use Protected Material, and the information in that Confidential Material, solely for the purpose of this litigation, and for no other purpose and no other case.  I shall not disclose Protected Material or the information in that Protected Material except as permitted in the Order.

    3.     I hereby submit myself to the jurisdiction of the United States District Court for the Northern District of California for the enforcement of these agreements and the Order.

    Executed this ___ day of _____, ___.

_____

[Signature]

_____

[Type or Print Name]

STIPULATED PROTECTIVE ORDER