Exhibit A





## PAN AMERICAN LIFE

### PAN-AMERICAN LIFE INSURANCE COMPANY

### A MUTUAL LIFE COMPANY

### NEW ORLEANS, LOUISIANA

## INCOME PROTECTION POLICY

The benefits of this policy are to pay for losses of income due to disabilities beginning while this policy is in force.

This policy is guaranteed to be renewable until age sixty-five. It can be continued thereafter as long as the Insured remains working full time. All renewals are subject to payment of premium. The premiums are guaranteed to age sixty-five. Premiums after sixty-five are not guaranteed. They will be the published premiums we are using at the time of the renewal.

This policy will terminate when the Insured is sixty-five or older and is not working full time.

Non-Cancellable to age 65 at guaranteed premiums.

Conditional right to renewal thereafter.

Not subject to modification or cancellation while in force.

This is a participating policy. It was issued in consideration of the attached application and payment of the first premium.

## WE AGREE TO PAY

the benefits provided in this policy subject to its terms and conditions.

Signed for the Company at its Home Office in

New Orleans, Louisiana.

*John K. Roberts, Jr.*
President

*Fitzgerald Gibson*
Vice President, Secretary-Treasurer

## RIGHT TO CANCEL

You may cancel this policy by delivering or mailing a written notice or sending a telegram to our Home Office in New Orleans, Louisiana or to the agent through whom it was purchased and by returning the policy or contract before midnight of the tenth day after the day you receive the policy. Notice given by mail and return of the policy or contract by mail are effective on being postmarked, properly addressed and postage pre-paid. The insurer must return all payments made for this policy within ten days after it receives notice of cancellation and the returned policy.

This is a legal contract between you and us.

4H1.1      **READ YOUR POLICY CAREFULLY**

PAL 1007

*We, our and us refer to Pan-American Life Insurance Company.*
*You and your refer to the Owner of this policy.*
*In force means that the insurance under the policy is being continued for the Disability Benefits not currently payable.*

## ALPHABETICAL GUIDE

| | Page |
|---|---|
| Age | 4 |
| Age and Sex | 3, 8 |
| Assignment | 9 |
| Average Prior Monthly Earned Income | 5 |
| Change of Beneficiary | 9 |
| Change of Job | 8 |
| Change of Policy | 8 |
| Claims of Creditors | 8 |
| Claim Forms | 9 |
| Concurrent Disabilities | 6 |
| Conformity with State Statutes | 10 |
| Disability | 4 |
| Dividends | 7 |
| Doctor | 4 |
| Earned Income | 4 |
| Elimination Period | 3, 5 |
| Exclusion | 6 |
| Grace Period | 7 |
| Income Loss | 5 |
| Incontestability | 8 |
| Injury | 4 |
| Legal Actions | 10 |
| Maximum Period | 3, 5 |
| Military Service | 7 |

| | Page |
|---|---|
| Monthly Benefit | 3, 5 |
| Monthly Income Payments | 5 |
| Notice of Claim | 9 |
| Ownership | 8 |
| Payment of Claim | 10 |
| Physical Examinations | 10 |
| Policy Contract | 8 |
| Policy Date | 3, 8 |
| Pre-Existing Condition Limitations | 8 |
| Premium Refund | 7 |
| Premiums | 7 |
| Presumptive Disability | 6 |
| Proofs of Loss | 9 |
| Recurrent Disability | 6 |
| Rehabilitation | 6 |
| Reinstatement | 7 |
| Residual Disability | 4 |
| Sickness | 4 |
| Survivorship Benefit | 6 |
| Time of Payment of Claim | 9 |
| Total Disability | 4 |
| Transplant or Cosmetic Surgery | 6 |
| Waiver of Premiums | 7 |
| Working Full Time | 5 |

## POLICY PROVISIONS

| | |
|---|---|
| Schedule of Benefits and Premium Payments | 3 |
| Definitions | 4 |

| | |
|---|---|
| Benefits | 5 |
| Premiums and Dividends | 7 |
| General Provisions | 7 |

4H1.2

## SCHEDULE OF BENEFITS AND PREMIUM PAYMENTS

| TOTAL INITIAL PREMIUMS- | ANNUALLY | SEMI-ANNUALLY | QUARTERLY | MONTHLY | PAC |
|---|---|---|---|---|---|
| | $652.71 | $333.43 | $170.74 | $59.07 | $57.07 |

| POLICY BENEFITS | MONTHLY BENEFIT | ANNUAL PREMIUMS PAYABLE | YEARS PAYABLE |
|---|---|---|---|
| INCOME PROTECTION POLICY<br>ELIMINATION PERIOD 60 DAYS<br>MAXIMUM PERIOD 5 YEARS | $1,300.00 | $534.79 | 28 |
| SOCIAL INSURANCE RIDER<br>ELIMINATION PERIOD 1 YEAR<br>MAXIMUM PERIOD  4 YEARS | $400.00 | $64.36 | 28 |
| ADDITIONAL MONTHLY BENEFIT RIDER<br>ELIMINATION PERIOD 60 DAYS<br>MAXIMUM PERIOD 305 DAYS | $400.00 | $53.56 | 28 |

FREQUENCY OF PREMIUM PAYMENTS -     12 MONTHS

FIRST PREMIUM PAYMENT IS -          $652.71

PREMIUM CLASS   2A   PREFERRED

COUNTERSIGNED BY

– – – – – – – – – –

INSURED   DONNA R DUPELL-MATHEWS

POLICY DATE   MAY 6, 1991

AGE AND SEX   37 FEMALE

POLICY NUMBER   0012857640

140SB

PAGE 3

# DEFINITIONS

Meanings of Words as used in this Policy

**Age** — Attainment of a specified age occurs on the policy anniversary nearest that particular birthday.

**Injury** — Injury means accidental bodily injury that occurs while this policy is in force.

**Sickness** — Sickness is a disease or illness that first makes itself known while this policy is in force. This includes normal pregnancy or childbirth after the Insured has been disabled for 90 days.

**Doctor** — A doctor is a licensed medical practitioner other than the Insured, the Owner, or one of their family members.

**Total Disability** — Total disability occurs when the Insured:

- Cannot work at his or her regular job because of injury or sickness for two years. Following two years of total disability, total disability requires that the insured not be engaged in any paying work; and

- Must be under the regular care of a doctor. If in the opinion of the doctor there is no doubt that the Insured is disabled and future or continued treatment would be of no benefit to the Insured, the requirement for regular care of a doctor is satisfied.

**Residual Disability** — Residual disability occurs:

- Immediately after a period of total disability at least as long as the elimination period; and

- When the Insured begins to do paying work, but sustains at least a twenty percent Income Loss; and

- When the Income Loss results directly from an impairment or incapacity caused by sickness or injury; and

- When the Insured is under the care of a doctor. If in the opinion of the doctor there is no doubt that the Insured is disabled and future or continued treatment would be of no benefit to the Insured, the requirement for care of a doctor is satisfied.

If the Income Loss is over eighty percent, total disability is assumed to exist.

**Disability** — Disability means either total or residual disability.

**Earned Income** — Earned Income for any period of time is the compensation received during that period by the Insured, for services performed. It will be measured by the accounting method used for the Insured's latest federal tax filing prior to the start of disability. Business expenses (other than income taxes) are deducted in determining this Earned Income. Unearned income is not included.

Earned Income does not include:

- Income from rent, royalties, annuities, or investments; or

- Income from deferred compensation, disability or retirement plans; or

- Income not derived directly from the Insured's vocational activities; or

- Income deducted as a business expense for income tax reasons.

To verify Earned Income, we may require a copy of one or more of the following:

- Income tax return; or

- Audited statements of income and expenses; or

- Employer's statement of earnings.

**Elimination Period** — The Elimination Period is the period of time total disability must last before benefits become payable.

**Working Full Time** — The Insured is considered working full time if the Insured is working for pay at least thirty hours a week.

**Monthly Benefit** — The Monthly Benefit is the amount of the monthly payment for total disability.

**Maximum Period** — The Maximum Period is the longest period for which benefits will be payable for any single disability.

**Average Prior Monthly Earned Income** — The Insured's Average Prior Monthly Earned Income is the greater of the average Earned Income for:

- The one year immediately preceeding disability; or

- The two years immediately preceeding disability.

If the Insured did not work full time at a paying job during all twelve months prior to the month of disability, the Average Prior Monthly Earned Income will be the average Earned Income for those months worked full time.

Further, if the Insured was on a leave of absence or sabbatical for the twelve months prior to the month of disability and retained employed status, the Average Prior Monthly Earned Income will be the Average Earned Income of the last twelve months of full time employment.

**Income Loss** — Income Loss for a month will equal:

- The Indexed Income less the Earned Income for the month divided by

- The Indexed Income.

The result is expressed as a percent. This percentage must be at least twenty percent for benefits to be payable.

The Indexed Income equals:

- The Average Prior Monthly Earned Income multiplied by

- A benefit factor.

The benefit factor is 1.00 during the first year of disability and is increased by .05 at the beginning of each subsequent year, provided the Insured remains totally or residually disabled. The benefit factor is calculated anew for each separate disability.

If the Average Prior Monthly Earned Income is to be increased by more than one benefit factor, only the largest of these benefit factors will be used to increase the Average Prior Monthly Earned Income.

---

**BENEFITS**

The values of the Monthly Benefit, Maximum Period, and Elimination Period are found on page 3.

**Monthly Income Payments** — If total disability begins while this pol-

icy is in force and lasts longer than the Elimination Period, we will pay the Monthly Benefit for each additional month total disability continues beyond the Elimination Period.

**PAL 1010**

To qualify for residual disability benefits, the residual disability must begin right after a period of total disability that is at least as long as the Elimination Period and the policy must still be in force. The residual disability must result from the same cause as the preceeding total disability. If the Insured qualifies for residual disability benefits, an adjusted monthly benefit will be paid for each month residual disability continues, after disability has lasted longer than the Elimination Period. The adjusted monthly benefit for a month will equal the Monthly Benefit times Income Loss. For the first 6 months of residual disability benefits for a single disability, the residual disability benefit will be no less than 50% of the Monthly Benefit.

For any portion of a month for which benefits are payable, a pro rata share of the benefit will be paid. The pro rata share is based on a thirty day month.

No benefit or combination of benefits will be paid for a single disability for longer than the Maximum Period or past age sixty-five. The only exceptions to this rule are if total disability starts after age sixty-five or the benefits for total disability have been paid for less than the Minimum Period. For these two cases the period of benefit payments will not exceed the Minimum Period. The Minimum Period is twenty-four months, unless the Maximum Period is twelve months. If the Maximum Period equals twelve months, the Minimum Period will be twelve months.

No residual disability benefits will be paid after age sixty-five.

**Transplant or Cosmetic Surgery** — Six months after issue of this policy, provided the policy is still in force, disability resulting from either donation of a body part to another's body or cosmetic surgery will be considered disability by sickness and hence covered under the terms of this policy.

**Rehabilitation** — We will pay for a rehabilitation program that we approve. Maximum payment for a single disability will be 24 times the Monthly Benefit. With our permission this maximum may be waived. This payment will have no effect on any other benefit of this policy.

**Presumptive Disability** — If an injury or sickness causes any of the listed losses while the policy is in force, the insured will be presumed totally disabled. The Elimination Period is waived and payment of benefits begins immediately on receipt of satisfactory proof of entire and irrecoverable loss of:

- Sight in both eyes;
- Hearing in both ears;
- Speech;
- Use of both feet;
- Use of both hands;
- Use of one hand and one foot.

**Recurrent Disability** — Two periods of disability resulting from the same or related cause are considered two disabilities only if they are separated by at least twelve months of working at a full time job for pay.

**Concurrent Disabilities** — If a disability is caused by more than one injury or sickness, or by both, we will pay benefits as if the disability was caused by only one injury or sickness.

**Survivorship Benefit** — If the Insured is receiving benefits for Total Disability at the time of his or her death, and death was due to an accident we will pay a survivorship benefit equal to 3 times the basic policy Monthly Benefit.

**Exclusion** — This policy will not pay benefits for disability due to act or accident of war, declared or undeclared.

## PREMIUMS AND DIVIDENDS

**Premiums** — The premium and the frequency at which it is to be paid are shown on page 3. This is the premium that will be payable to age 65. Changes in the frequency of the premiums can only be made on policy anniversaries and provided the Insured is not disabled.

The first premium for this policy is due on the Policy Date; each renewal is due on the same date of the due month. All premium and coverage periods begin and end at 12:01 A.M. Standard Time at your home.

**Waiver of Premiums** — After 90 consecutive days of disability, and provided the policy is in force, we will waive any premiums that become due while the Insured remains disabled. We will refund any premiums paid during the first 90 days of disability, if premiums are waived.

No change of premium frequency will be allowed while premiums are being waived. Also no premium will be waived after age 65.

**Premium Refund** — If the Insured dies while this policy is in force, any part of a premium paid for coverage beyond the policy month of death will be refunded to you or your estate. Written notice of the death must be given to us.

Also any unearned premium will be refunded to you on termination of this policy.

**Grace Period** — This policy has a 31 day grace period. If a renewal premium is not paid by the date it is due, it may still be paid during the next thirty-one days. The policy remains in force during the grace period. If the premium is not paid at the end of the grace period, the policy will lapse.

**Reinstatement** — If any renewal premium for a lapsed policy is accepted by us, the policy will be reinstated. Evidence of insurability is required after 60 days from the date the premium was due.

If evidence of insurability is required, a reinstatement application must be completed. The reinstatement is effective when we approve the reinstatement application. Unless the Insured is notified to the contrary, the application is considered approved after 45 days.

The reinstated policy will cover only loss resulting from an injury sustained after reinstatement or sickness that first makes itself known more than ten days after reinstatement. The provisions will remain the same except where noted on or attached to the reinstated policy.

**Dividends** — Any share of divisible surplus earned by this policy while it stays in force will be determined annually and paid to you in cash as a dividend. But payment of dividends is never guaranteed. The premiums for this policy are calculated according to our dividend scale in effect on the date this policy was issued. It is not anticipated that this policy will contribute to divisible surplus.

## GENERAL PROVISIONS

**Military Service** — If the Insured is on active duty with the armed forces of any nation or international authority, this policy is suspended. Any premiums paid during the suspension will be refunded. The policy can be reinstated within ninety days after the end of active duty provided that the suspension ends prior to age 65. This reinstatement requires no evidence of insurability and restores the policy to its original status. The premiums will be at the original rate.

**PAL 1012**

This provision does not apply to temporary active duty for training purposes which does not exceed three months in lenght.

**Change of Job** — If the Insured changes jobs to one we classify as less hazardous than the original job at the time any coverage under this policy was purchased, then we will reduce the premium rate to the new premium class if proof of the change is submitted. We will also return the excess pro rata premium from the date of change of job or from the last policy anniversary preceding the receipt of such proof, whichever is more recent. The new premium class and premium rate will be based on the class and premium tables in use by us at that time.

**Policy Contract** — This policy, the attached application and any riders or endorsements make up the entire contract. It is based on the application and the payment of the premium amount. All statements made by the Insured in the application are representations and not warranties. No statements shall avoid this policy or be used in defense of a claim under the policy unless contained in the application when issued.

Only the President, Vice-President, Secretary or Assistant Secretary can modify this policy. Any changes must be made in writing. No agent has the authority to alter or modify any of the terms or conditions of this policy or any attached riders or to waive any of their provisions.

**Policy Date** — This policy will be effective on the Policy Date if:

- The first premium is paid and the policy is delivered during the Insured's lifetime; and

- The Insured's premium class has not changed since the time of the application.

Policy years, months, and anniversaries will be computed from the Policy Date.

**Incontestability** — Except for non-payment of premiums, we will not contest the policy after it has been in force during the Insured's lifetime for two years from the Policy Date.

**Pre-Existing Condition Limitations** — We will not pay claims based on disabilities caused by a pre-existing condition during the first 2 years from the date of issue. A pre-existing condition is a condition material to our risk under this policy that:

- Was misrepresented or not revealed in the application; and

- Was diagnosed or treated within the 5 years prior to the effective date of the policy.

**Age and Sex** — If the Insured's age or sex has been misstated, the proceeds will be the amount that the premiums paid would have purchased at the correct age and sex.

**Claims of Creditors** — To the extent permitted by law, any proceeds of this policy are exempt from the claims of creditors.

**Change of Policy** — If we approve, you may change to another plan of insurance or to a policy of different amount.

**Ownership** — The Owner shall be as shown in the application or any attached written endorsement. All rights, options, and privileges belong to:

- You, if living; otherwise

- Any contingent Owner or Owners, if living; otherwise

- The estate of the last Owner to die; subject to the rights of any irrevocable Beneficiary and any assignee of record with us.

We reserve the right to require this policy for endorsement of any assignment, change of Beneficiary or Ownership designation, termination, amendment, or modification.

Consistent with the terms of the Beneficiary designation and any assignment during the Insured's lifetime, you may:

- Assign or terminate this policy;

- Amend or modify this policy with our consent;

- Exercise any right, receive any benefit, and enjoy any privilege contained in this policy.

**Assignment** — An assignment shall be accepted by us only if it is made in writing and filed with us at our Home Office. We will not be responsible for the validity of an assignment. Payment of any benefits shall be subject to the rights of any assignee of record at the Home Office. A collateral assignment is not a change of Ownership, and an assignee cannot change the Owner or Beneficiary, or elect or change an optional method of payment.

**Change of Beneficiary** — You may change any Beneficiary at any time during the Insured's lifetime unless otherwise provided in the previous designation. The new designation must be made by a signed notice in satisfactory form to our Home Office. The change will take effect on the date the notice was signed subject to any action taken by us before recording the change.

**Notice of Claim** — Written notice of claim must be given within 6 months after a covered loss starts or as soon as reasonably possible. The notice must be given at the Home Office, New Orleans, Louisiana. Notice should include your name and the policy number.

**Claim Forms** — When the we receive the notice of claim, we will send the claimant forms for filing proof of loss. If these forms are not mailed to the claimant within 15 days, the claimant will meet the proof of loss requirements by sending us a written statement of the nature and extent of the loss within the time limit stated in the Proofs of Loss section.

**Proofs of Loss** — If the policy provides for periodic payment for a continuing loss, written proof of loss must be sent to us within 90 days after the end of each period for which we are liable. For any other loss, written proof must be given within 90 days after such loss. If it is not reasonably possible to give written proof in the time required, we shall not reduce or deny the claim for this reason if the proof is filed as soon as reasonably possible. In any event, the proof required must be given no later than 1 year from the time specified unless the claimant was legally incapacitated.

**Time of Payment of Claim** — When proof of claim has been received at our Home Office, we will:

- Pay all income payments then due;

- Pay future income payments monthly as they become due; and

- When our liability ends, immediately pay any balance due at that time.

4H1.9

**Payment of Claim** — Subject to the following paragraph, benefits for loss of income will be paid to you or to your estate. Survivorship benefits are payable in accordance with the beneficiary designation in effect at the time of payment. If none is then in effect, the benefits will be paid, subject to the following paragraph, to you or to your estate.

If policy benefits or premium refunds of less than $1,000 become payable to your estate or to someone incapable of giving a legally valid release, we may pay such benefits to any person related by blood or marriage who is, in our judgment, entitled to receive them. Any payment made by us under this provision shall fully satisfy its obligation to the extent of such payment.

**Physical Examinations** — We have the right to have the Insured examined at our expense, as often as reasonably necessary while a claim is pending.

**Legal Actions** — There are two time limits as to when legal action can be brought to obtain benefits under this policy. No action can be brought:

- Until 60 days after written proof of claim has been given to us as required by this policy.

- More than six years after the time written proof of claim is required.

**Conformity with State Statutes** — Any provision of this policy which, on its effective date, is in conflict with the laws of the state in which you reside on that date is amended to conform to the minimum requirements of such laws.

27,134

## PAN-AMERICAN LIFE INSURANCE COMPANY
## PAN-AMERICAN ASSURANCE COMPANY
P.O. BOX 60219, NEW ORLEANS, LOUISIANA 70160

**PART 1 OF APPLICATION**
**PLEASE PRINT**

| If more space is needed, use Special Instructions on page 6 | DOB Mo./Day/Yr. | Age Nearest Birthday | Sex M/F | Rate Class SM/NST/PREF | Social Security No. or Tax Number | Birth State |
|---|---|---|---|---|---|---|
| 1. Proposed Insured (print full name, last, first, middle) REDACTED  MATTHEWS DONNA | 53 | 37 | F | NS/PREF | -9454CA REDACTED | |

2. If Proposed Insured is under age 15, what is the Total Amount of Life Insurance on Parent or Guardian?
Total Amount $ __N/A__

| 3.(a) Proposed Insured's No. and Street     City     State     Zip Code  REDACTED |
|---|
| REDACTED   CALISTOGA CA   94515 |

4(a) Name of Employer     SELF     (b) Nature of Employer's Business   DENTAL HYGENIST

| 5.(a) Business Address   No. and Street   City   State   Zip Code   AS ABOVE | (b) Business Phone (707) 942-4260 |
|---|---|

6. (a) Describe Exact Daily Duties of Proposed Insured's Occupation: DENTAL HYGENIST

_____   % Traveling  0

(b) How long in present occupation: 15 YRS.   Is Proposed Insured presently working? ☒ Yes ☐ No

(c) Other Employment last 3 years ___N/A___

(d) Does Proposed Insured have any other Part-Time or Full-Time job? ☐ Yes ☒ No

(If yes, give full details) _____

| 7. (a) Owner if other than Proposed Insured    N/A | (b) Relationship | (c) Social Security/Tax # | (d) Sex M/F |
|---|---|---|---|
| (e) Contingent Owner | | | |
| (f) Address of Owner     No. and Street    City    State    Zip Code    Contingent Owner | | (g) If Corp., where incorporated | |

8. Beneficiary (State full name and relationship. If more than one, then equally to the survivors unless Primary and Contingent are specified)

ARTHUR JOSEPH MATTHEWS   HUSBAND

_____

_____

Reserve right to change? ☒ Yes ☐ No    (Select "No" for Irrevocable Beneficiary)

| 9. Send Notices to ☒ Residence ☐ Business ☐ Owner ☐ Other (Specify) | 10. Specific Policy Date Requested, if any |
|---|---|

11. Premiums payable: ☐ Single ☐ A ☐ S ☐ Q ☒ PAC ☐ M (PALIC products only)

Total Cash collected with this application $ 55.07    (Questions 13, 17 and 20)

PAC Draw Day 15th    Combine with policy # ___N/A___

☐ Salary Savings Payroll No. _____ ☐ Gov't Allot. Branch of Service _____ Pay Grade _____

FORM A-2900 (CA)                                                                    Page 1

*21,134*

## PRODUCT DETAIL

### Adjustable Life Insurance (Universal)

| | | |
|---|---|---|
| 12. (a) Plan *N/A* | (b) Specified Amount $ | (c) Death Benefit Options<br>☐ Option 1 (Level)  ☐ Option 2 (Increasing) |
| (d) Planned Payments<br>$ *5*  Per | (e) Additional Lump Sum Payment $ | 13. Cash With App. $ |

(Not allowed if Specified Amount + Riders exceeds $500,000)

**14. ADDITIONAL BENEFITS AND RIDERS:**
- ☐ Waiver of Monthly Deductions Rider
- ☐ Acc. Death Benefit Rider  Amt. $_____
- ☐ Dis. Benefit Payment Rider Amt. $_____
- ☐ Guaranteed Insurability Rider _____ units
- ☐ Nursing Care Rider
- ☐ Other Rider _____

### Whole Life/Term Insurance

| 15. Plan: *N/A* | 16. (a) ☐ Basic Amt. $<br>or<br>☐ Amt. purchased by premium of $ | (b) Total Amt. (Basic + Rider)<br>$ |
|---|---|---|

17. Cash With App. $_____    (Not allowed if Total Amount exceeds $500,000)

**18. ADDITIONAL BENEFITS AND RIDERS :**
- ☐ Waiver of Prem.    ☐ Acc. Death $
- ☐ Paid-Up Ins: No. Yrs. ____  ☐ Single Prem. Paid-Up Ins.
    - ☐ Amt. purchased by premium of $
    - ☐ Rider Amount of Insurance $
- ☐ Guar. Insurability _____ units
- ☐ R & C Term ____ yr. ____ units
- ☐ Decr. Term ____ yr. ____ units
- ☐ Other Rider _____

19. ☐ Automatic Premium Loan (If Available)    20. ☐ Annuity Purchase Prov. (N/A with Term Plans)

**21. Dividends: Indicate dividend option desired**    ☐ 1 Yr. Term    (Secondary Option:
- ☐ Pay in Cash    ☐ Reduce Premiums*
- ☐ Paid-Up Additions  ☐ Leave on Deposit (W-9 Required)
- ☐ Flexible Coverage (Percentage _____ )
- ☐ Paid-Up Additions
- ☐ Leave on Deposit (W-9 Required)
- ☐ Reduce Premiums*)

*Reduce Prems. options cannot be elected with Monthly modes)

### Questions 22 thru 26 apply if other persons are insured for Insurance. (Additional space needed use Special Instructions Page 6).

| 22. Other Riders (Print full name, last, first, middle) *N/A* | Amount | DOB Mo./Day/Yr. | Age Nearest Birthday | Sex M/F | Rate Class SM/NS/Pref. | Social Security Or Tax Number | Birth State |
|---|---|---|---|---|---|---|---|
| Spouse Rider – With ☐ Adj. Life ☐ WL | | | | | | | |
| Dependent Children Rider – With ☐ Adj. Life ☐ WL | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| Add'l Ins. Rider (Proposed Insured) | | | | | | | |
| Add'l Ins. Rider (Other) | | | | | | | |
| Beneficiary Ins. Purch. Rider (Designated Life)<br>With ☐ Adj. Life ☐ WL | | | | | | | |
| Nominator Rider — ☐ Death ☐ Death or Dis. | | | | | | | |

Page 2

PAL 0956

21,134

**23. Show any beneficiaries for Additional Insured Rider:**

| Additional Insured | Beneficiary | Relationship |
|---|---|---|
| | | |
| | | |

| 24. Other Proposed Insureds | Residence Address No. and Street (If Different From Basic Insured) | City | State | Zip Code |
|---|---|---|---|---|
| | | | | |

| 25. Relationship to Insured | 26. (a) Name of Employer |
|---|---|
| (b) Occupation/Duties | (c) Business Address   No. & Street   City   State   Zip Code |

**Disability Income Insurance**

| 27. | Plan | Rate Class SM/NS/Pref. | Occupational Class | Elimination Period | Benefit Period | Monthly Benefit |
|---|---|---|---|---|---|---|
| (a) ☒ Income Protection | | PREF | 2A+ | 90 days | 5 Years | $ 1800 |
| (b) ☐ Overhead Expense | | | | days | | $ |

28. ☐ Cash With App. $ 55.07      [Not allowed if total Monthly Benefit Including Riders exceeds $3,000.]

29. ☐ Employer Pays Premiums (Benefits taxable to Employee)   ☒ Employee Pays Premiums (Benefits not taxable)

| 30. | ADDITIONAL BENEFITS AND RIDERS: | | ☒ Future Purchase Option: |
|---|---|---|---|
| IP | ☐ Regular Occupation Rider | | Amt. $ 6000 (IP) - Amt. $ _____ (OE) |
| O | ☐ Lifetime Extended Benefit | ☐ Hospital Benefit | ☐ Cash Value Rider - ☐ IP   ☐ OE |
| N | ☐ Cost of Living Rider ☐ 5%  ☐ 7% | | ☐ Capital Accumulator Rider - ☐ IP   ☐ OE |
| L | ☒ Add'l Mo. Benefit  Elim. Pd. 90 Days  Amt. $ 900 | | ☐ Retroactive Coverage (OE) |
| Y | ☒ Soc. Ins. Rider ☒ 5 yr. ☐ To Age 65  Amt. $ 900 | | ☐ Other Rider |

**31. If applying for Disability Income Insurance is Proposed Insured eligible for:**

| Group-Disability Insurance Benefits | Salary Continuation From Employer | State Cash Sickness | Worker's Compensation | Union or Other Disability Benefits |
|---|---|---|---|---|
| ☐ Yes ☒ No ☐ Not Covered | ☐ Yes ☒ No | ☒ Yes ☐ No | ☐ Yes ☒ No | ☐ Yes ☒ No |
| $ _____ Per Mo. for _____ Mos. | $ _____ Per Mo. for _____ Mos. | $ 100 Per Mo. | $ _____ Mo. | $ _____ Per Mo. |

32. (a) Proposed Insured's earned income less deductible expenses:

At current annual rate $ 28-32K       Prior calendar yr. $ 27,200

(b) Does unearned income exceed $10,000 per year? ☐ Yes ☒ No (If "Yes" complete Financial Questionnaire attached.)

(c) Does net worth exceed $1,000,000? ☐ Yes ☒ No (If "Yes", complete Financial Questionnaire attached.)

**If applying for Overhead Expense Insurance, complete questions 33 and 34.**

33. Are Proposed Insured's office expenses shared with anyone else? ☐ Yes ☐ No If "Yes", Proposed Insured's % _____

34. Complete the following. Use Proposed Insured's actual current average monthly expenses. If expenses are shared, include only Proposed Insured's portion. Exclude any payments to Proposed Insured, to any other member of Proposed Insured's profession, or family members.

| Rent | $ | Depreciation | $ | Liability Insurance | $ |
|---|---|---|---|---|---|
| Electricity | $ | Salaries | $ | Property Taxes | $ |
| Heat & Water | $ | Telephone | $ | Mortgage Interest | $ |
| Other normal and customary fixed office expenses | $ | | | Total | $ |
| (Give full details if over 10% of total) | | | | | |

(N/A handwritten over Rent/Electricity/Heat & Water amounts)

Page 3

PAL 0957

21,134

## EVIDENCE OF INSURABILITY

| | | Yes | No | Details of "Yes" Answers (Identify question number and person(s) proposed for insurance; circle applicable items.) |
|---|---|---|---|---|
| 35. | Has anyone proposed for insurance: | | | |
| (a) | Ever been declined, postponed, rated or modified for life, health, or disability insurance? | ☐ | ☒ | |
| (b) | Submitted any application for life, health, or disability insurance or reinstatement of same which is now pending in any company? | ☐ | ☒ | |
| (c) | Ever engaged in any type of flying as pilot, student pilot, or crew member of any aircraft including ultralight planes, or expect to in the future? (If "Yes", complete Aviation/Avocation Questionnaire) | ☐ | ☒ | |
| (d) | Participated in any auto or motorcycle racing, skin or scuba diving, parachuting, hang gliding, ballooning or expect to in the future? (If "Yes", complete Aviation/Avocation questionnaire) | ☐ | ☒ | |
| (e) | Within the past five years been convicted of or pleaded guilty to: | | | |
| | (1) Two or more moving violations and/or accidents? (If "Yes", include Driver's License No.) | ☐ | ☒ | |
| | (2) Driving under the influence of alcohol and/or drugs? | ☐ | ☒ | |
| (f) | Ever been arrested other than for moving violations? | ☐ | ☒ | |
| (g) | Any intention of traveling or living outside the U.S.A. in the next two years? | ☐ | ☒ | |

36. Insurance currently in force on each person proposed for insurance (Life) Health, Disability, Long Term Care policies or riders to other policies)

| Name | Company | Policy Number | Year of Issue | Amount | Benefit Period | Accid. Death Amount | Prem. Waiver Yes/No | To Be Replaced Yes/No |
|---|---|---|---|---|---|---|---|---|
| DONNA | PENN MUTUAL | | CHILDHOOD | 1,000 | ( LIFE ) | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

37. Do you intend the replacement or change of any existing Life, D.I., Health, or Annuity contracts in connection with this application for new insurance?  ☐ Yes  ☐ No (If "Yes", forward any required replacement forms, or sales proposals)

38. Height and Weight information on person(s) proposed for insurance.

| Name | Height (ft. ins.) | Weight (lbs.) | Weight gained in past year | Weight lost in past year |
|---|---|---|---|---|
| DONNA | 5' 7" | 135 | — | — |
| | | | | |

39. (a) Name, address and telephone number of personal physician for each person(s) proposed for insurance (if none, so state).  DR. STILES    DEER PARK CA

(b) Date and reason last consulted:  PHYSICAL (ANNUAL)

(c) What treatment was given or medication prescribed?  NONE

(Questions Continued on Next page.)                                        Page 4

PAL 0958



21,134

EVIDENCE OF INSURABILITY (Continued)

| | Yes | No | Details of "Yes" answers (identify question number and person(s) proposed for insurance; circle applicable items. Include diagnosis, dates, durations, treatment and names and address of all attending physicians and medical facilities.) |
|---|---|---|---|
| 40. To the best of your knowledge and belief, within the last 10 years, has anyone proposed for insurance ever been medically diagnosed with or treated for: | | | |
| (a) Disorder of eyes, ears, nose or throat? | ☐ | ☒ | |
| (b) Dizziness, fainting, convulsions, headache, paralysis, stroke, mental or nervous disorder? | ☐ | ☒ | |
| (c) Shortness of breath, persistent hoarseness or cough, blood spitting, bronchitis, pleurisy, asthma, emphysema, tuberculosis or chronic respiratory disorder? | ☐ | ☒ | 40 B) ENDOMETRIOSIS — |
| (d) Intestinal bleeding, ulcer, hernia, colitis, diverticulitis, hemorrhoids, recurrent indigestion, or other disorder of the stomach, intestines, liver or gallbladder? | ☐ | ☒ | DIAGNOSIS 1991 |
| (e) Sugar, albumin, blood or pus in urine, menstrual disorder, venereal disease or other disorder of kidney, bladder, breasts, prostate or reproductive organs? | ☒ | ☐ | MINIMAL — NO MEDICATION |
| (f) Diabetes, thyroid or other endocrine disorders? | ☐ | ☒ | 42 A) ANNUAL PHYSICAL/GYN |
| (g) Neuritis, sciatica, rheumatism, arthritis, gout or disorder of the muscles, bones, spine, back or joints? | ☐ | ☒ | 1/91 |
| (h) Deformity, lameness or amputation? | ☐ | ☒ | PERFECT HEALTH |
| (i) Chest pain, palpitations, high blood pressure, rheumatic fever, heart murmur, heart attack or other disorder of the heart, or blood vessels? | ☐ | ☒ | 42 B) CHILDBIRTH |
| (j) Allergies, anemia or other disorder of the blood? | ☐ | ☒ | 7/20/88 |
| (k) Disorder of skin, lymph gland, cyst, tumor, or cancer? | ☐ | ☒ | SANTA ROSA COMMUNITY HOSP. |
| (l) Acquired Immune Deficiency Syndrome (AIDS), or the AIDS related complex (ARC), or tested positive for antibodies to the "AIDS" virus in connection with a prior application for insurance? | ☐ | ☒ | DR. BOB FIELDS NORMAL DELIVERY |
| (m) Alcoholism? | ☐ | ☒ | |
| (n) Use of, except as prescribed by a physician, narcotics, barbiturates, hallucinogens, tranquilizers? | ☐ | ☒ | |
| 41. Is anyone proposed for insurance currently under observation or treatment by a physician or a medical facility? | ☐ | ☒ | |
| 42. Other than above (40a through 40n) has anyone proposed for insurance within the past five years: | | | |
| (a) Had a check-up, illness, injury, surgery? | ☒ | ☐ | |
| (b) Been a patient in a hospital, clinic, sanatorium? | ☒ | ☐ | |
| (c) Had EKG, X-Ray, other diagnostic test? | ☐ | ☒ | |
| (d) Been advised to have any diagnostic test or surgery, which was not completed? | ☐ | ☒ | |
| 43. Has anyone proposed for insurance ever had military service deferment, rejection or discharge because of a physical or mental condition? | ☐ | ☒ | |
| 44. Has anyone proposed for insurance ever requested or received a pension, benefits, or payment because of an injury, sickness, or disability? | ☐ | ☒ | |
| 45. Is anyone proposed for insurance now pregnant? | ☐ | ☒ | (Details continued on next page) |

(Questions Continued on Next page)                                    Page 5

21,134

| | | Yes No | Details (continued) |
|---|---|---|---|
| 46. | (a) Is anyone proposed for insurance now a cigarette smoker? | ☐ ☒ | |
| | (b) Is anyone currently using tobacco in any form? | ☐ ☒ | |
| | (c) Is anyone a previous tobacco user in any form? | ☒ ☐ | 47.) MOTHER |
| | What was used? CIGARETTE | | |
| | How much per day? 2 PACK WEEKLY | | |
| | (d) Has anyone quit during the past 12 months? | ☐ ☐ | |
| | 1 Year to 5 years ago? | ☐ ☐ | |
| | or more than 5 years ago? | ☒ ☐ | |
| | (e) Did or does anyone smoke more than one pack daily? | ☐ ☒ | |
| 47. | Has any immediate family member ever been medically diagnosed or treated for diabetes, cancer, heart disease. | ☒ ☐ | |

| 48. | | Age If Living | Age At Death | Cause of Death |
|---|---|---|---|---|
| Father | | 72 | | |
| Mother | | | 61 | LYMPHOMA |
| Brothers & Sisters (2) | | 46/44/39 | | |

Answer question 49 if cash intended to be paid with this application. If "yes", the initial full cash cannot be accepted and conditional receipt must not be delivered.

49. Within the past 12 months has anyone proposed for insurance:
(a) Been medically diagnosed or treated for heart trouble, stroke, or cancer, consulted a physician for blood pressure requiring medication, or had an electrocardiogram made for any reason other than a routine physical examination?  ☐ Yes  ☐ No          next 12 months? ☐ Yes  ☒ No

(b) Is anyone contemplating hospitalization, surgery or or

50. Special Instructions (Indicate Life or Disability)          ce Endorsement (Not to be used to change plan of insurance, amount, age at issue, classification of risk or benefits. Not to be used for Disability.)

### DECLARATION, AUTHORIZATION AND SIGNATURES

The Proposed Insured, (Parent or Guardian if Proposed Insured is under age 15) and Owner, if other than Proposed Insured, Parent or Guardian represent to the best of his or her knowledge, information and belief that the answers and statements made in Parts I and II (if Part II required by the Company) of this application are complete and true. The undersigned agrees that: (1) No waiver or modification of a contract provision or of any of the Company's rights or requirements shall be binding upon the Company unless made in writing and approved by the Company; (2) The acceptance of any issued contract will ratify any change made by the Company in the space "For Home Office Endorsement." However, changes in plan of insurance, amount, age at issue, classification of risk or benefits will be made only with the owner's written consent. (3) If, within 60 days from the date of application, no policy is received or I am not notified of approval or rejection, this application shall be deemed declined; (4) $ ———— for life insurances, and $ 55,00 ———— for disability insurances has been paid in cash and the Company's liability will be as stated in the Conditional Receipt. (No other receipt will be valid); (5) If no payment is made with this application, there will be no life insurance, disability insurance or liability until (a) a policy is delivered; (b) the first full premium is paid during the Insured's lifetime, and (c) no change has occured in the health of any person proposed for insurance that would place that person in a higher risk class than at the time of application for this policy. (6) Any contract resulting from this application shall be construed in accordance with the laws of the state named below where this application is signed.

Page 6



21,134

## AUTHORIZATION TO OBTAIN AND DISCLOSE INFORMATION

I hereby authorize any licensed physician, medical practitioner, hospital, clinic or other medical or medically related facility, insurance company, the Medical Information Bureau or consumer reporting agency that has any records or knowledge of me or my minor child or me or my minor child's health to give to the Pan-American Life Insurance Company, Pan-American Assurance Company, or to its reinsurers any such information in order to evaluate my application for life or disability insurance.

I agree this authorization shall be valid for two and one-half years from the date signed.

I know that I may request a copy of this authorization.

I agree that a photographic copy of this authorization shall be as valid as the original.

The Undersigned acknowledges receipt of the Notice Concerning the Medical Information Bureau, the Fair Credit Reporting Act Disclosure, and the Notice of Insurance Information Practices.

I understand that I may be interviewed if an investigative consumer report is prepared in connection with this application.

Signed at SANTA ROSA, CA      on this 27th day of MARCH      1991
             (City, State)

_____
Signature of Proposed Insured (Parent or Guardian, if Proposed Insured is under age 15)

| Application Number |
| --- |
| B 02113 |

N/A
_____
Signature of Owner (if other than Proposed Insured) (if Corporation or Partnership, Officer or Partner other than Proposed Insured must sign.)

N/A
_____
Signature of Spouse if proposed for insurance

I hereby certify that I have truly and accurately recorded on this application the information supplied by the applicant and that I have personally seen every person proposed for insurance under this application. To the best of my knowledge, replacement of insurance ☐ is ☒ is not involved in this transaction.

N/A
_____
Signature of Add'l Ins. if proposed for insurance

_____ 50 %
Signature of Soliciting Agent—Personal Code—Participating %

_____ 50 %
Signature of Soliciting Agent—Personal Code—Participating %

SCOTT KLOHE 2109-02409
Soliciting Agent's Printed Name

Underwriting Team No.
(if Known)

MICHAEL P. McDONALD
Soliciting Agent's Printed Name

PAL 0961

21,134

TO: ☐ Pan-American Life Insurance Company
☐ Pan-American Assurance Company

New Orleans, Louisiana 70130

**PART II OF APPLICATION**
Statements Made by Proposed Insured to Examiner — Do Not Use Examiner Is Named

REDACTED

Proposed Insured _____

| Birth Date | Month | Day | Year |
|---|---|---|---|

1. a. Name and address of your personal physician? (If consulted in the last 10 years, if none, so state)
   b. Date and reason last consulted?
   c. What treatment was given or medication prescribed?

| | | YES | NO |
|---|---|---|---|
| 2. To the best of your knowledge and belief, within the last 10 years, have you ever been treated for: | | | |
| (a) Disorder of eyes, ears, nose or throat? | | | |
| (b) Dizziness, fainting, convulsions, headache, paralysis, stroke, mental or nervous disorder? | | | |
| (c) Shortness of breath, persistent hoarseness or cough, blood spitting, bronchitis, pleurisy, asthma, emphysema, tuberculosis or chronic respiratory disorder? | | | |
| (d) Intestinal bleeding, ulcer, hernia, colitis, diverticulitis, hemorrhoids, recurrent indigestion, or other disorder of the stomach, intestines, liver gallbladder? | | | |
| (e) Sugar, albumin, blood or pus in urine, menstrual disorder, venereal disease or other disorder of kidney, bladder, breasts, prostate or reproductive organs? | | | |
| (f) Diabetes, thyroid or other endocrine disorders? | | | |
| (g) Neuritis, sciatica, rheumatism, arthritis, gout or disorder of the muscles, bones, spine, back or joints? | | | |
| (h) Deformity, lameness or amputation? | | | |
| (i) Chest pain, palpitations, high blood pressure, rheumatic fever, heart murmur, heart attack or other disorder of the heart, or blood vessels? | | | |
| (j) Allergies, anemia or other disorder of the blood? | | | |
| (k) Disorder of skin, lymph gland, cyst, tumor or cancer? | | | |
| (l) An immune deficiency disorder, AIDS or the AIDS related complex (ARC)? | | | |
| (m) | | | |
| (n) Use of, except as prescribed by a physician, narcotics, barbiturates, hallucinogens, tranquilizers? | | | |
| 3. Now under observation or taking | | | |
| 4. Other than the above (2a through 2n) have you within the past five years: | | | |
| (a) Had a check-up, illness, injury, surgery? | | | |
| (b) Been a patient in a hospital, clinic, sanatorium? | | | |
| (c) Had EKG, X-Ray, other diagnostic test? | | | |
| (l) Been advised to have any diagnostic test, surgery, which was not completed? | | | |

| | | | YES | NO |
|---|---|---|---|---|
| (e) Have you ever requested or received a pension, benefits, or payment because of an injury, sickness, or disability? | | | | |
| 5. Have you ever had military service deferment, rejection or discharge because of a physical or mental condition? | | | | |
| 6. Family History: Diabetes, cancer, heart disease, mental illness? | | | | |
| 7. Are you now pregnant? | | | | |
| 8. (a) Are you now a cigarette smoker? | | | | |
| (b) Have you been a smoker and quit? | | | | |
| (c) Did you quit during the last 12 months? | | | | |
| (d) or more than 1 year ago? | | | | |
| (e) Did or do you smoke more than one pack daily? | | | | |

DETAILS OF "Yes" ANSWERS (IDENTIFY QUESTION NUMBER, CIRCLE APPLICABLE ITEMS) Include diagnosis, dates, durations, treatment and names and addresses of ALL attending physicians and medical facilities.)

| 9. Family History Record | Age If Living | Cause of Death | Age At Death |
|---|---|---|---|
| Father | | | |
| Mother | | | |
| Brothers & Sisters | | | |

I agree that the foregoing answers are complete and true to the best of my knowledge, information and belief and shall be part of my application which shall consist of Parts I and II taken together.

Signed at _____ on the _____ day of _____ 19__

Witnessed by _____       Signature of Proposed Insured

REDACTED



21,139

Date prepared: 05-10-91                                    1285-764        T-3

## AMENDMENT OF APPLICATION

TO:  ☑ Pan-American Life Insurance Company          Date: MAY 29, 1991
     ☐ Pan-American Assurance Company
          New Orleans, U.S.A.

     I,  Donna R. Dupell-Matthews

hereby desire to amend my application for: life insurance; or accident and sickness insurance; or both, made to you
on the  27th.    day of       March      19 91  as follows:

Issued with a 60 day Elimination Period on basic policy & with a 60 day
Elimination Period on the Additional Monthly Benefit Rider.

          The above amendment and declaration are to be taken and considered as a part of the said application,
and subject to the agreements and representations therein contained, and with the said application to be taken as a
whole, and considered as the basis of the contract for insurance. This Company is authorized to modify said
application to conform hereto.

(Witness)                              (Signature)

FORM A-1704 REV. 6-55

PAL 0407

Exhibit B



## PAN AMERICAN LIFE

**A Mutual Life Insurance Company**

**PAN-AMERICAN LIFE INSURANCE COMPANY**

**601 POYDRAS STREET**

**NEW ORLEANS, LOUISIANA 70130**

# DISABILITY INCOME POLICY

The benefits of this policy are to pay for losses of income due to disabilities beginning while this policy is in force. Not subject to modification and cancellation while in force.

Renewability - This policy is guaranteed to be renewable until age sixty-five. It can be continued thereafter as long as you remain working full-time. If you cease working full time you may continue this policy for the rest of your life with a Hospital Confinement Indemnity benefit replacing the Disability Income Benefit. All renewals are subject to payment of premium. The premiums are guaranteed to age sixty-five. Premiums after sixty-five are not guaranteed. They will be the published premiums we are using at the time of the renewal. Non-Cancellable to age 65 at guaranteed premiums. Conditional right to renew thereafter.

## WE AGREE TO PAY

the benefits provided in this policy subject to its terms and conditions.
Signed for the Company at its Home Office in New Orleans, Louisiana.

President and Chief Executive Officer                    Corporate Secretary

## RIGHT TO EXAMINE POLICY FOR 10 DAYS

Within 10 days after this policy is first received, it may be canceled for any reason by delivering or mailing it to our Home Office in New Orleans, Louisiana, or to the agent through whom it was purchased. Upon cancellation we will return any premium paid. This is a legal contract between the owner and us.

**PLEASE READ THIS POLICY AND APPLICATION CAREFULLY**

7H.1

PAL 0943

*We, our, and us refer to Pan-American International Insurance Company.*
*You and your refer to the Insured in this policy.*
*In force means that the insurance under the policy is being continued for the Disability Benefits not currently payable.*

|  | Page |  | Page |
|---|---|---|---|
| **ALPHABETICAL GUIDE** | Age ......... 4 | Military Service ......... 7 | |
| | Age and Sex ......... 3, 8 | Minimum Benefit Period ......... 4 | |
| | Assignment ......... 8 | Monthly Benefit ......... 3, 4 | |
| | Average Prior Monthly Earned Income ......... 4 | Notice of Claim ......... 8 | |
| | Change of Beneficiary ......... 8 | Ownership ......... 8 | |
| | Change of Job ......... 7 | Payment of Claim ......... 9 | |
| | Change of Policy ......... 8 | Physical Examinations ......... 9 | |
| | Claims of Creditors ......... 8 | Policy Contract; Changes ......... 7 | |
| | Claim Forms ......... 9 | Policy Date ......... 3, 8 | |
| | Concurrent Disabilities ......... 6 | Pre-Existing Condition Limitations ......... 8 | |
| | Conformity with State Statutes ......... 9 | Premium Refund ......... 7 | |
| | Disability ......... 4 | Premiums ......... 3, 7 | |
| | Disability Income Benefit After Age 65 ......... 5 | Presumptive Disability ......... 6 | |
| | Dividends ......... 7 | Proof of Loss ......... 9 | |
| | Doctor ......... 4 | Recurrent Disability ......... 6 | |
| | Earned Income ......... 4 | Regular Job ......... 4 | |
| | Elimination Period ......... 3, 4 | Rehabilitation ......... 6 | |
| | Exclusions ......... 6 | Reinstatement ......... 7 | |
| | Grace Period ......... 7 | Return To Work Benefit ......... 5 | |
| | Hospital Confinement Indemnity Benefit ......... 5 | Sickness ......... 4 | |
| | Income Loss ......... 5 | Survivor Benefit ......... 6 | |
| | Incontestability ......... 8 | Time of Payment of Claim ......... 9 | |
| | Injury ......... 4 | Total Disability ......... 4, 5 | |
| | Legal Actions ......... 9 | Transplant or Cosmetic Surgery ......... 6 | |
| | Maximum Benefit Period ......... 3, 4 | Waiver of Premiums ......... 7 | |
| | | Working Full Time ......... 4 | |
| **POLICY PROVISIONS** | Policy Schedule ......... 3 | Premiums and Dividends ......... 7 | |
| | Definitions ......... 4 | General Provisions ......... 7 | |
| | Benefits ......... 5 | | |

7H.2

7H.1

## POLICY SCHEDULE

| TOTAL INITIAL PREMIUMS- | ANNUALLY | SEMI-ANNUALLY | QUARTERLY | MONTHLY | PAC |
|---|---|---|---|---|---|
| | $499.20 | $256.60 | $132.10 | $46.20 | $44.20 |

| POLICY BENEFITS | MONTHLY BENEFIT | ANNUAL PREMIUMS PAYABLE | YEARS PAYABLE |
|---|---|---|---|
| DISABILITY INCOME POLICY<br>ELIMINATION PERIOD 60 DAYS<br>MAXIMUM BENEFIT PERIOD 5 YEARS | $500.00 | $499.20 | 13 |

FREQUENCY OF PREMIUM PAYMENTS - EVERY MONTH (SPECIAL)

FIRST PREMIUM PAYMENT IS -          $44.20

PREMIUM CLASS   2A  PREFERRED                    COUNTERSIGNED BY

— — — — — — — — — —

INSURED   DONNA R DUPELL-MATHEWS

POLICY DATE   JUL 6, 2005                    AGE AND SEX     52 FEMALE

                                             POLICY NUMBER   0012577580

7H-93PS                                                      PAGE 3

**DEFINITIONS**

**Age** — Attainment of a specified age occurs on the policy anniversary nearest that particular birthday.

**Injury** — Injury means accidental bodily injury that occurs while this policy is in force.

**Sickness** — Sickness is a disease or illness that first makes itself known while this policy is in force.

**Doctor** — A Doctor is a legally qualified physician, or surgeon, who is specially trained and qualified to treat the condition(s) causing your Disability and is other than the Insured, the Owner, or one of their family members.

**Regular Job** — Your Regular Job is the occupation or occupations in which you are working full time at the time Disability begins.

**Total Disability** — Total Disability exists when you:

- Cannot work at your Regular Job because of Injury or Sickness during the first 5 years of Disability. Following 5 years of Total Disability, Total Disability requires that you not be engaged in any paying work; and
- Are under the regular care of a Doctor. We will waive this requirement if we receive written proof acceptable to us that further Doctor's care would be of no benefit to you.

**Disability** — Disability means the same as Total Disability.

**Earned Income** — Earned Income for any period of time is the compensation you receive for services currently performed. This includes salary, wages, commissions, bonuses and fees. It will also include:

- contributions made by you or on your behalf to a pension or profit sharing plan; and
- if you own any part of a business, your share of any business profits.

It will be measured by the accounting method used for your latest federal tax filing prior to the start of Disability. Reasonable business expenses (other than income taxes) are deducted in determining this Earned Income. Unearned income is not included.

Earned Income does not include:

- Income from rent, royalties, annuities, or investments;
- Income from deferred compensation, disability, unemployment or retirement plans;
- Income not derived directly from your vocational activities.

To verify Earned Income, we may require a copy of one or more of the following:

- Income tax return;
- Audited statements of income and expenses; or
- Employer's statement of earnings.

**Elimination Period** — The Elimination Period is the period of time Total Disability must last before benefits become payable. The Elimination Period can only be satisfied by Total Disability. The Elimination Period can be satisfied by 2 or more successive periods of Total Disability. These periods must be due to the same or related causes, and must not be separated by a period longer than the Elimination Period or six months, whichever is less.

**Working Full Time** — You are considered working full time if you are working for pay at least thirty hours a week.

**Monthly Benefit** — The Monthly Benefit is the amount of the monthly payment for Total Disability.

**Maximum Benefit Period** — The Maximum Benefit Period is the longest period for which benefits will be payable for any single Disability.

**Minimum Benefit Period** — For Total Disability the Minimum Benefit Period is 24 months unless the Maximum Benefit Period stated on page 3 is 12 months. In that case the Minimum Benefit Period is 12 months.

**Average Prior Monthly Earned Income** — Your Average Prior Monthly Earned Income is

the greater of the average monthly Earned Income for:

- The one year immediately preceding Disability; or
- The two years immediately preceding Disability.

If you did not work full time at a paying job during all twelve months prior to the month of disability, the Average Prior Monthly Earned Income will be the average monthly Earned Income for those months worked full time.

Further, if you were on a leave of absence or sabbatical for the twelve months prior to the month of Disability and retained employed status, the Average Prior Monthly Earned Income will be the average monthly Earned Income of the last twelve months of full time employment.

**Income Loss** — Income Loss for a month will equal:

- The Indexed Income less the Earned Income for the month divided by
- The Indexed Income.

The result is expressed as a percent. It must be at least twenty percent for benefits to be payable.

The Indexed Income equals:

- The Average Prior Monthly Earned Income multiplied by
- A benefit factor.

The benefit factor is 1.00 during the first year of disability and is increased by .05 at the beginning of each subsequent year, provided the Insured remains Disabled. The benefit factor is recalculated for each separate Disability.

---

**BENEFITS**    The values of the Monthly Benefit, Maximum Benefit Period, and Elimination Period are found on page 3.

**Total Disability** — If Total Disability begins while this policy is in force and lasts longer than the Elimination Period, we will pay the Monthly Benefit for each additional month Total Disability continues beyond the Elimination Period.

For any portion of a month for which benefits are payable, a pro rata share of the benefit will be paid. The pro rata share is based on a thirty day month.

**Return to Work Benefit** — If you experience Income Loss after returning to work full time after recovery from a Disability for which a monthly benefit under this contract was payable we will pay a Return to Work Benefit. The benefit will begin on the day after your Disability ends. The monthly amount will equal the Monthly Benefit times the Income Loss. We will pay this benefit for up to three months, but we will not pay it beyond the Maximum Benefit Period nor beyond age sixty-five.

No benefit or combination of benefits will be paid for a single Disability for longer than the Maximum Benefit Period or to age sixty-five,

whichever comes first. The only exception is if the Total Disability Benefit is being paid when you attain age 65, it will continue to be payable, while Total Disability continues, until it has been paid at least for the Minimum Benefit Period.

**Disability Income Benefit After Age 65** — This policy is conditionally renewable after age 65 for a Total Disability Benefit for as long as you are working full time. The premiums after age 65 are not guaranteed and will be the published premiums that we are using at the time of renewal. The Benefit Period is the Minimum Benefit Period.

**Hospital Confinement Indemnity Benefit** — When you are no longer working full time at or after age 65, and you elect this option, we will pay you a Hospital Confinement Indemnity while you are confined in a legally operated hospital because of Injury or Sickness. The amount of this payment will be $10.00 per day per each $100.00 of the prior Monthly Benefit. The payment, however, will not be less than $50.00 per day, nor more than $250.00 per day.

The premiums for this benefit are not guaranteed. They will be the published premiums we are using at the time of renewal.

This benefit will begin on the date you are con-

fined. We will continue to pay it while you are confined. But we will not pay for more than 6 months during each continuous confinement.

For the purpose of this benefit, after a period of confinement ends and you are confined again from the same or related cause within 180 days, we will consider it to be a continuation of the first confinement.

For the purpose of this benefit, "hospital" will not mean:

a) A place of convalescence, nursing home care, or care for the aged; or
b) A place for the care or treatment of mental disorders, drug addiction, or alcoholism; or
c) A place that is used primarily for custodial, educational, or rehabilitative care.

**Transplant or Cosmetic Surgery** — Six months after issue of this policy, provided the policy is still in force, Disability resulting from either donation of a body part to another's body or cosmetic surgery will be considered Disability by sickness and hence covered under the terms of this policy.

**Rehabilitation** — We will pay for a rehabilitation program if we approve it in advance. The extent of our payment will be what we state in our written approval. We will not pay for any rehabilitation expenses covered by another source. This payment will have no effect on any other benefit of this policy.

**Presumptive Disability** — If an Injury or Sickness causes any of the listed losses while the policy is in force, you will be presumed Totally Disabled. The Elimination Period is waived and payment of benefits begins immediately on receipt of satisfactory proof of entire and irrecoverable loss of:

- Sight in both eyes;
- Hearing in both ears;
- Speech;
- Use of both feet;
- Use of both hands; or
- Use of one hand and one foot.

Benefits will be paid, while such loss continues, for the entire Maximum Benefit Period. If the Maxmium Benefit Period is Age 65, and the loss occurs prior to age 65, we will pay benefits while the loss continues for life.

**Recurrent Disability** — Two periods of Disability resulting from the same or related cause are considered two Disabilities only if they are separated by at least twelve months of working full time.

**Concurrent Disabilities** — If a Disability is caused by more than one Injury or Sickness, or by both, we will pay benefits as if the Disability was caused by only one Injury or Sickness. We will not pay more than one Disability benefit for the same period. We will always pay the largest benefit.

**Survivorship Benefit** — If you are receiving benefits for Total Disability at the time of your death, we will pay a survivorship benefit equal to 3 times the basic policy Monthly Benefit to the Beneficiary.

**Exclusions** — This policy will not pay benefits for disability due to:

- Attempted suicide or intentionally self-inflicted injuries; or
- Any Injury or Sickness sustained while committing a felony; or
- Any act or accident of war; or
- Any Injury sustained or Sickness that first makes itself known during service with the Armed Forces.

Benefits are limited to 24 months, during your lifetime for Disability due to mental disease or disorder. Mental disease or disorder is any disease or disorder classified in the most current edition of the Diagnostic and Statistical Manual of Mental Disorders published by the American Psychiatric Association. Such disorders include, but are not limited to, psychotic, emotional or behavioral disorders, or disorders related to stress or to substance abuse or dependency. If this manual is discontinued or replaced, these disorders will be classified in the diagnostic manual in use by the American Psychiatric Association on the date of Disability.

Benefits will not be paid while you are in jail or prison for 30 days or more as a result of a conviction.

7H.6                    **Pan-American Life**                    Page 6

## PREMIUMS AND DIVIDENDS

**Premiums** — The premium and the frequency at which it is to be paid are shown on page 3. This is the premium that will be payable to age 65. Changes in the frequency of the premiums can only be made on policy anniversaries and provided you are not Disabled.

The first premium for this policy is due on the Policy Date; each renewal is due on the same date of the due month. All premium and coverage periods begin and end at 12:01 A.M. Standard Time at the Owner's home.

**Waiver of Premiums** — After 90 days of Total Disability from the same or related causes, and provided the policy is in force, we will waive any premiums that become due while you remain Disabled. We will refund any premiums paid after the first day of Disability if premiums are waived, but we will not refund any part of a premium that was due before the start of Disability.

No change of premium frequency will be allowed while premiums are being waived. Also no premium will be waived after age 65.

**Premium Refund** — If you die while this policy is in force, any part of a premium paid for coverage beyond the policy month of death will be refunded to the Owner or the Owner's estate. Written notice of the death must be given to us.

Any unearned premium will be refunded to the Owner on termination of this policy.

**Grace Period** — This policy has a 31 day grace period. If a renewal premium is not paid by the date it is due, it may still be paid during the next thirty-one days. The policy remains in force during the grace period. If the premium is not paid at the end of the grace period, the policy will lapse.

**Reinstatement** — If any renewal premium for a lapsed policy is accepted by us, the policy will be reinstated. Evidence of insurability is required after 60 days from the date the premium was due.

If evidence of insurability is required a reinstatement application must be completed. The reinstatement is effective when we approve the reinstatement application. Unless the Owner is notified to the contrary, the application is considered approved after 45 days.

The reinstated policy will cover only loss resulting from an injury sustained after reinstatement or sickness that first makes itself known more than ten days after reinstatement. The provisions will remain the same except where noted on or attached to the reinstated policy.

**Dividends** — Any share of divisible surplus earned by this policy while it stays in force will be determined annually and paid to the Owner in cash as a dividend. But payment of dividends is never guaranteed. The premiums for this policy are calculated according to our dividend scale in effect on the date this policy was issued. It is not anticipated that this policy will contribute to divisible surplus.

## GENERAL PROVISIONS

**Military Service** — If you are on active duty with the armed forces of any nation or international authority, this policy is suspended. Any premiums paid during the suspension will be refunded. The policy can be reinstated within ninety days after the end of active duty provided that the suspension ends prior to age 65. This reinstatement requires no evidence of insurability and restores the policy to its original status. The premiums will be at the original rate.

This provision does not apply to temporary active duty for training purposes which does not exceed three months in length.

**Change of Job** — If you change jobs to one we classify as less hazardous than the original job at the time any coverage under this policy was purchased, then we will reduce the premium rate to the new premium class if proof of the change is submitted. We will also return the excess pro rata premium from the date of change of job or from the last policy anniversary preceding the receipt of such proof, whichever is more recent. The new premium class and premium rate will be based on the class and premium tables in use by us at that time.

**Policy Contract; Changes** — This policy, the

PAL 0948

attached application and any riders or endorsements make up the entire contract. It is based on the application and payment of the premium. All statements made in the application are representations and not warranties. No statements shall avoid this policy or be used in defense of a claim under the policy unless contained in the application when issued.

Only the President, Vice-President, Secretary or Assistant Secretary can modify this policy. Any changes must be made in writing. No agent has the authority to alter or modify any of the terms or conditions of this policy or any attached riders, or to waive any of their provisions.

**Policy Date** — This policy will be effective on the Policy Date if:

- The first premium is paid and the policy is delivered during your lifetime; and
- Your health and your occupation have not changed since the time of the application.

Policy years, months, and anniversaries will be computed from the Policy Date.

**Incontestability** — In the absence of fraud, except for non-payment of premiums we will not contest this policy after it has been in force during your lifetime for two years from the Policy Date excluding any time that you were Disabled.

**Pre-Existing Condition Limitations** — Disability beginning during the first 3 years from the Policy Date and caused by a pre-existing condition is not covered. A Pre-Existing Condition is a condition that:

- Was misrepresented or not revealed in the application; and
- Exhibited symptoms that would cause an ordinarily prudent person to seek medical attention within the 5 years prior to the Policy Date.

**Age and Sex** — If your age or sex has been misstated, the monthly benefits will be the amount that the premiums paid would have purchased at the correct age and sex.

**Claims of Creditors** — To the extent permitted by law, any monthly benefits of this policy are exempt from the claims of creditors.

**Change of Policy** — If we approve, the Owner may change to another plan of insurance or to a policy of different amount.

**Ownership** — The Owner shall be as shown in the application or any attached written endorsement. All rights, options, and privileges belong to:

- The Owner, if living; otherwise
- Any contingent Owner or Owners, if living; otherwise
- The estate of the last Owner to die; subject to the rights of any irrevocable Beneficiary and any assignee of record with us.

We reserve the right to require this policy for endorsement of any assignment, change of Beneficiary or Ownership designation, termination, amendment, or modification.

Consistent with the terms of the Beneficiary designation and any assignment during your lifetime, the Owner may:

- Assign or terminate this policy;
- Amend or modify this policy with our consent;
- Exercise any right, receive any benefit, and enjoy any privilege contained in this policy.

**Assignment** — An assignment shall be accepted by us only if it is made in writing and filed with us at out Home Office. We will not be responsible for the validity of an assignment. Payment of any benefits shall be subject to the rights of any assignee of record at the Home Office. A collateral assignment is not a change of Ownership, and an assignee cannot change the Owner or Beneficiary, or elect or change an optional method of payment.

**Change of Beneficiary** — The Owner may change any Beneficiary at any time during your lifetime unless otherwise provided in the previous designation. The new designation must be made by a signed notice in satisfactory form to our Home Office. Once recorded, the change will take effect on the date the notice was signed subject to any action taken by us before recording the change.

**Notice of Claim** — Written notice of claim must be given within 6 months after a covered loss starts or as soon thereafter as reasonably pos-

sible. The notice must be given at the Home Office, New Orleans, Louisiana. Notice should include your name and the policy number.

**Claim Forms** — When we receive the notice of claim, we will send the claimant forms for filing Proof of Loss. If these forms are not mailed to the claimant within 15 days, the claimant will meet the Proof of Loss requirements by sending us a written statement of the nature and extent of the loss within the time limit stated in the Proof of Loss section.

Neither your failure to send us Notice of Claim nor our failure to send you claim forms will affect the time limits in the Proof of Loss section.

**Proof of Loss** — Written Proof of Loss must be sent to us within 90 days after the end of each period for which you are claiming benefits. If it is not reasonably possible to give written proof in the time required, we shall not reduce or deny the claim for this reason if the proof is filed as soon as reasonably possible. However, we will not pay any benefit due more than 1 year before the required proof is filed unless the claimant was legally incapacitated.

In addition, we may also require documentation of your current and prior Earned Income. This may include audited financial statements or personal or business tax returns. We can have an audit performed, at our expense, as often as reasonably necessary while your claim continues.

**Time of Payment of Claim** — When Proof of Loss has been received at our Home Office, we will:

- Pay all income payments then due;
- Pay future income payments monthly as

they become due; and
- When our liability ends, immediately pay any balance due at that time.

**Payment of Claim** — Subject to the following paragraph, benefits for loss of income will be paid to the Owner or to the Owner's estate. Survivorship Benefits are payable in accordance with the beneficiary designation in effect at the time of payment. If none is then in effect, the benefits will be paid, subject to the following paragraph, to the Owner or to the Owner's estate.

If policy benefits or premium refunds of less than $1,000 become payable to the Owner's estate or to someone incapable of giving a legally valid release, we may pay such benefits to any person related by blood or marriage who is, in our judgment, entitled to receive them. Any payment made by us under this provision shall fully satisfy our obligation to the extent of such payment.

**Physical Examinations** — We have the right to have you examined at our expense, as often as reasonably necessary while a claim is pending.

**Legal Actions** — There are two time limits as to when legal action can be brought to obtain benefits under this policy. No action can be brought:

- Until 60 days after written Proof of Loss has been given to us as required by this policy.
- More than six years after the time written Proof of Loss is required.

**Conformity with State Statutes** — Any provision of this policy which, on its effective date, is in conflict with the laws of the state in which the Owner resides on that date is amended to conform to the minimum requirements of such laws.

7H.9

PAL 0950

# AMENDMENT OF APPLICATION

**TO:**   Pan-American Life Insurance Company          **Date Prepared:** 7-25-05
      New Orleans, Louisiana, USA          **Policy Number:** 0012577580

I, **Donna Dupell-Mathews,** hereby desire to amend my application for: life insurance; or accident and sickness insurance; or both made to you on the **1**st day of **May 2005** as follows:

- Insured's age 52 nearest birthday
- Premiums payable on a Monthly Bank Draft basis
- Issue with Policy Date of July 6, 2005
- Issue with Occupational Class 2A
- Issue with Monthly Benefit of $500.00
- Issue with Benefit Period-5 years
- Issue with Elimination Period-60 days

The above amendment and declaration are to be taken and considered as part of the said application, and subject to the agreements and representations therein contained, and with the said application to be taken as a whole, and considered as the basis of the contract for insurance. This Company is authorized to modify said application to conform hereto.

_____          _Donna Dupell-Mathews_   9-2-05
Witness                               Insured                    Date

_____N/A_____          _____N/A_____          _____
Witness                               Owner (if other than Insured)          Date

Form A-1704

PAL 0161

# Exhibit C

**pan○american life**

MAIL TO
INDIVIDUAL HEALTH CLAIMS
PAN-AMERICAN LIFE INSURANCE COMPANY
P.O. BOX 60219
NEW ORLEANS, LA 70160

**PROOF OF LOSS-MONTHLY INCOME
CLAIMANT'S STATEMENT**

This form should be completed by the Insured in accordance with the policy requirements.  It is important that all questions be answered and that full and complete information be furnished.  By furnishing this blank and investigating the claims, the Company shall not be held to admit the validity of any claim or to waive the breach of any condition of the policy.

| NAME OF INSURED Donna Mathews | POLICY NUMBERS 1257-758 | |
| RESIDENCE ADDRESS REDACTED | PHONE Calistoga, CA 94515 | REDACTED | DATE OF BIRTH REDACTED 53 |
| EMPLOYER Browns Valley Dental | BUSINESS ADDRESS 3257 Browns Valley Rd napa CA 94558 | PHONE 707 253-2800 | MONTHLY EARNINGS $ 5,500 gross |

Average monthly earned income for the two year period immediately preceding commencement of disability.  $

OCCUPATION Registered Dental Hygienist | DESCRIBE YOUR DUTIES dental prophylaxis, X-Rays, sterilization education

| IF CLAIM IS DUE TO AN ACCIDENT, COMPLETE THIS SECTION. | IF CLAIM IS DUE TO SICKNESS, COMPLETE THIS SECTION. |

Describe how: where and on what date it occurred and what injury resulted 11-19-05 home deck ladder slipped, fell 6' neuropathy C.7, rotator cuff tear sprained ankle, bruised hands

Have you ever had a similar injury?  ☐ Yes  ☒ No

If "Yes" Give:
Dates _____
Name and Address of Dr. or Hospital _____

Give Nature and Details of Sickness _____

Have you ever had a similar sickness?  ☐ Yes  ☐ No

If "Yes" Give:
Dates _____
Name and Address of Dr. or Hospital _____

**TREATMENT**

*(stamp: RECEIVED FEB 2006 POLICY BENEFIT DEPARTMENT)*

| 5. I was **TOTALLY DISABLED:** (Unable to perform any work or business) | FROM | _____ A.M. ON 12 14 05 P.M. MO DAY YR. | TO | _____ MO DAY YR. |
| 6. I first returned to my place of business or work since disabled: | | _____ A.M. ON 11-21-05 P.M. MO DAY YR. | | |
| 7. I was **PARTIALLY DISABLED:** | FROM | _____ A.M. ON 11-19-05 P.M. MO DAY YR. | TO | _____ MO DAY YR. |

8. Date of first treatment by a physician for this condition 11-19-05 St Helena Hospital St Helena CA 94574

9. If hospitalized:  Date admitted _____ MO DAY YR.    Date discharged _____ MO DAY YR.

Hospital Name _____    Address _____

10. If treated by anyone other than the physician named, give names, addresses, and dates of treatment (If "none," so state)

A. Name Dr Alexander
   Street Address 913 Washington
   City, State, Zip Calistoga 94515
   Dates 11/28/05, 12/9/05, 1/3/04

B. Name Dr Bodor
   Street Address 980 Trancas
   City, State, Zip napa CA 94558
   Dates 12/14/05, 1/9/06

(see attached for full list)

FORM 2978D REV.3-05

REDACTED

Page 1 of 2

**PAL 0588**

## OTHER DISABILITY OR RETIREMENT BENEFITS

**11 A. LIST OTHER COMPANIES WITH WHICH CLAIMANT IS INSURED (IF "NONE" SO STATE)**

| Company | Policy Number | Policy Date | Amount of Benefit: (State Weekly or Monthly) |
|---------|---------------|-------------|----------------------------------------------|
|         |               |             |                                              |
|         |               |             |                                              |

**11 B. ARE YOU RECEIVING SOCIAL SECURITY BENEFITS?**

1. Disability    Yes ☐    No ☒
2. Retirement:   Yes ☐    No ☒
3. If yes, effective: _____ MO  DAY  YR.

**11 C. IS A WORKER'S COMPENSATION OR STATE DISABILITY CLAIM BEING MADE?**    YES ☐    NO ☒

**11 D. OTHER BENEFITS YOU EXPECT TO RECEIVE OR ARE RECEIVING (INCLUDE SALARY CONTINUATION):** _____

**12.    IS ANY PORTION OR YOUR PAN-AMERICAN PREMIUM PAID BY YOUR EMPLOYER?**    YES ☐    NO ☒

SOCIAL SECURITY NO. _____

**13.    IF YES (A) WHAT PORTION?** _____ %
(B) DO YOU RECEIVE A 1099 FOR THESE PREMIUMS?    YES ☐    NO ☐

---

**IMPORTANT:**    BE CERTAIN TO
(1) DATE AND SIGN THIS FORM BELOW
(2) HAVE YOUR PHYSICIAN COMPLETE THE PHYSICIAN'S STATEMENT

---

## DISCLOSURE AUTHORIZATION

Insured's name (Please Print)    *Donna Mathews*    *Donna Mathews*

I AUTHORIZE: any doctor, hospital, clinic, provider of health care; insurance (or reinsuring) company, consumer reporting agency, Medical Information Bureau, Inc.: Insured's agent, family members, employer's; or any other person or firm having (i) information as to diagnosis, treatment, and prognosis of Insured's physical or mental condition or; (ii) any other information needed to determine claim benefits with respect to Insured; to give the Pan-American Life Insurance Company (called "THE COMPANY"), their employees and agents, Insured's agent or any consumer reporting agency, all such information. This includes (but is not limited to): driving records; psychiatric, drug, and alcohol abuse history and treatment.

I UNDERSTAND: the information obtained will be included as part of the proof of claim and will be used by THE COMPANY to determine claim benefits with respect to the Insured. It will not be released to any one else EXCEPT: a) reinsuring companies; b) Medical Information Bureau, Inc.; c) fraud or overinsurance detection bureaus; d) any one performing business, medical or legal functions with respect to the claim; e) as may be required by law; f) as I may further authorize.

I understand that this authorization may be revoked by written notice to THE COMPANY. This will not apply to information already released. If not revoked, this authorization will be valid during the term of coverage or the policy, up to maximum of one year from the date it is signed.

I may request to receive a copy of this authorization. I also agree that a photo copy shall be as valid as the original.

Date  *1-19-06*

Claimant's Signature  *Donna Mathews*
(Insured, otherwise authorized representative)

**FRAUD STATEMENT REQUIRED BY SOME STATES:** Any person who knowingly and with intent to injure, defraud, or deceive any insurance company, files a statement of claim containing any false, incomplete or misleading information is guilty of committing a crime.



**PAN AMERICAN LIFE**

*People you can trust for life*

**INDIVIDUAL HEALTH CLAIMS
PAN-AMERICAN LIFE INSURANCE COMPANY**
P.O. Box 60219
NEW ORLEANS, LA  70160

**ATTENDING PHYSICIAN'S STATEMENT**
The Patient is responsible for the completion of this form
without expense to the Company.
Space is available on the reverse side if you wish to amplify your answers.

Name of Patient _Donna Mathews_  Phone ___REDACTED___  Date of Birth ___REDACTED___ , ___REDACTED___ / 1953

| | Mo. | Day | Year |

Employer Name _Beacon's Valley Dental_  Phone _7072572800_  Policy No. _____

## 1. HISTORY

(a) When did symptoms first appear or accident happen? ............  Mo. _11_  Day _19_  _2005_

(b) Date patient ceased work because of disability .......  Mo. _12_  Day _14_  _2005_

(c) Has patient ever had same or similar condition? .....  Yes ☐  No ☒  If "Yes" state when and describe

(d) Is condition due to injury or sickness arising out of patient's employment?  Yes ☐  No ☒  Unknown ☐

(e) Names and addresses of other treating physicians .. _DR Bodor 980 Trancas, napa, ca 94558_
_DR Steven Smith 4706 Hoen Ave Santa Rosa 95405_

(f) Have you ever treated patient prior to this illness?  (If so, for what and when?)

## 2. DIAGNOSIS (including any complication)

(a) Date of last examination ..............  Mo. _1-19-06_  Day _____ 19 ___

(b) Diagnosis (including any complications) _Rotator cuff Tear_

(c) Subjective symptoms _Pain, inability to abduct ⊕ arm_

(d) Objective findings (including current X-rays, EKG's, Laboratory Data and any clinical findings)
_Limitation to abduction_

## 3. DATES OF TREATMENT

(a) Date of first visit .._11-28-05_  Day _____ 19 ___

(b) Date of last visit .._1-19-06_  Day _____ 19 ___

(c) Frequency _____  Monthly ☐  Other (Specify) ☐

*[stamp: FEB 2006 RECEIVED POLICY BENEFIT DEPARTMENT]*

## 4. NATURE OF TREATMENT (Including Surgery and medications prescribed, if any)
_Vicodin, NSAIDS, P.T., Accupuncture, Steroid injection ⊕ shoulder
Flexoril_

## 5. PROGRESS

(a) Has patient .........................  Recovered? ☐  Improved? ☐  Unchanged? ☒  Retrogressed? ☐

(b) If recovered, date able to resume work .........  ___ / ___ / ___
Mo.    Day    Year

(c) Is patient .....................  Ambulatory? ☒    House Confined? ☐
Bed Confined? ☐    Hospital Confined? ☐

(d) Has patient been hospital confined? Yes ☐  No ☒  If "Yes", give Name and Address of Hospital _____
_____ Confined from _____ Through _____

## 6. CARDIAC (If Applicable)

(a) Functional capacity .........  Class 1 (No limitation)  ☐  Class 2 (Slight limitation)  ☐
(American Heart Ass'n)  Class 3 (Marked limitations)  ☐  Class 4 (Complete limitation)  ☐

(b) Blood Pressure (last visit) .........  _____ SYSTOLIC / DIASTOLIC

**REDACTED**

Form 2978 APS

**PAL 0586**

7. **PHYSICAL IMPAIRMENT**   (*as defined in Federal Dictionary of Occupation Titles)
   - ☐ Class 1 - No limitation of functional capacity; capable of heavy work*   No restrictions. (0-10%)
   - ☐ Class 2 - Medium manual activity*   (15-30%)
   - ☐ Class 3 - Slight limitation of functional capacity; capable of light work*   (35-55%0)
   - ☒ Class 4 - Moderate limitation of functional capacity; capable of clerical/administrative (sedentary*) activity. (60-70%)
   - ☐ Class 5 - Severe limitation of functional capacity; incapable of minimal (sedentary*) activity (75-100%)
   - ☐ Remarks:

8. **MENTAL/NERVOUS IMPAIRMENT(if applicable)**
   (a)  Please define "stress" as it applies to this claimant.

   (b)  What stress and problems in interpersonal relation has claimant had on job?

   - ☐ Class 1 - Patient is able to function under stress and engage in interpersonal relations (no limitations)
   - ☐ Class 2 - Patient is able to function in most stress situations and engage in most interpersonal relations (slight limitations)
   - ☐ Class 3 - Patient is able to engage in only limited stress situations and engage in only limited interpersonal relations (moderate limitations)
   - ☐ Class 4 - Patient is unable to engage in stress situations or engage in interpersonal relations (marked limitations)
   - ☐ Class 5 - Patient has significant loss of psychological, physiological, personal and social adjustment (severe limitation)
   - ☐ Remarks:

   Do you believe the patient is compentent to endorse checks and direct the use of the proceeds thereof?   Yes ☐   No ☐

9. **PROGNOSIS**
   (a)  Is patient now totally disabled from performing HIS/HER REGULAR JOB? . . . . . . . . . . . . . .   Yes ☒  No ☐
   (b)  Is patient now totally disabled from performing ALL OTHER TYPES OF WORK? . . . . . . . . . .   Yes ☒  No ☐
   (c)  Do you expect any significant improvement in the future? . . . . . . . . . . . . . . . . . . . . . . . . . . .   Yes ☒  No ☐

   (1)  If yes, when will patient recover sufficiently to perform the duties of:
       (a)  HIS/HER REGULAR JOB  3 / 15 / 06     1 Mos. ☐     1-3 Mos. ☒
               Mo.   Day   Yr.   3-6 Mos. ☐     Never ☐
       (b)  ANY OTHER TYPE OF WORK  / / Mo. Day Yr.    1 Mos. ☐     1-3 Mos. ☒
               3-6 Mos. ☐     Never ☐

   (2)  If no, please explain . . . . . . . . . . .

10. **REHABILITATION**
   (a)  Is patient a suitable candidate for rehabilitation? (i.e., cardiopulmonary program, speech therapy, ect.    Yes ☐  No ☐
   (b)  Can present job be modified to allow for handling with impairment?    Yes ☐  No ☒

                                   PATIENT'S JOB          ANY OTHER WORK
   (c)  When could trial employment  ___ / ___ / ___  Full time ☐  ___ / ___ / ___  Full-time ☐
       commence . . .   Mo.  Day  Yr.   Mo.  Day  Yr.
   (d)  Would vocational counseling and/or retraining be recommended? _____   Yes ☐  No ☐

11. **REMARKS**  May need Surgical intervention

913 Washington St  Calistoga  CA  94815
Street Address   City or Town   State or Province   Zip Code

PAL 0587

Exhibit D

# CCUPATIONAL DESCRIPTION

Pan-American Life Insurance Company
P. O. BOX 60219
NEW ORLEANS, LA  70160-9977

*Donna Mathews, RDH*

---

WE NEED A DESCRIPTION OF THE DUTIES REQUIRED IN THE OCCUPATION YOU WERE PERFORMING WHEN YOUR DISABILITY BEGAN. THIS INFORMATION IS NECESSARY TO PROCESS YOUR CLAIM. PLEASE ATTACH A COPY OF YOUR JOB DESCRIPTION IF AVAILABLE.

NUMBER OF HOURS WORKED IN A NORMAL WEEK __32__  YEARS WITH EMPLOYER __15__

OCCUPATIONAL TITLE _Registered Dental Hygienist_ YEARS IN OCCUPATION __30__

ANNUAL INCOME PRIOR TO DISABILITY $ _____

**LIST THE DUTIES OF YOUR OCCUPATION IN ORDER OF THEIR IMPORTANCE WITH A DETAILED DESCRIPTION OF EACH. (If additional space is required, use reverse side of this page)**

- DUTY _Dental prophylaxis_ HOURS SPENT EACH WEEK __32__
  DESCRIPTION _1 hour appointments including scaling, polishing xrays and oral hygiene instruction as well as sterilization of instruments_

- DUTY _____ HOURS SPENT EACH WEEK _____
  DESCRIPTION _____

- DUTY _____ HOURS SPENT EACH WEEK _____
  DESCRIPTION _____

- DUTY _____ HOURS SPENT EACH WEEK _____
  DESCRIPTION _____

**IF YOUR POSITION INCLUDES LIFTING, PLEASE INDICATE EXTENT ACCORDING TO THE FOLLOWING CLASSIFICATIONS:**

_all fine movements_

__X__ SEDENTARY:   involves sitting, walking and standing. Objects lifted weigh between zero and 10 pounds.

____ LIGHT:   involves frequently lifting and carrying of objects weighing between 10 and 20 pounds and jobs which require significant walking/standing.

____ MEDIUM:   involves lifting between 25 and 50 pounds.

____ HEAVY:   involves lifting between 50 and 100 pounds.

____ VERY HEAVY:   involves lifting over 100 pounds.

FORM 2978-OC

**PAL 0525**

HOW HAS DISABILITY INTERFER    ) WITH THE PERFORMANCE OF YOUI    )B? PLEASE DESCRIBE SITTING, STANDING AND WALKING REQUIREMENTS AND LIMITATION.

Lifting elbows out to side to perfoem scaling & polishing affects

CHECK THE HIGHEST ACADEMIC TRAINING COMPLETED:

☐ HIGH SCHOOL          ☑COLLEGE          ☐ GRADUATE PROGRAM

PLEASE SPECIFY DEGREE(S), DIPLOMA(S), OR CERTIFICATES(S) AND AREA OF CONCENTRATION.

Associate of Science Degree
Registered Dental Hygienist
Emergency Medical Technician

I HEREBY DECLARE THAT ALL STATEMENTS GIVEN HEREIN ARE TRUE AND COMPLETE TO THE BEST OF MY KNOWLEDGE AND BELIEF.

DATED 2-1-06          SIGNED          Donna Walker

## FRAUD STATEMENT REQUIRED BY SOME STATES

Any person who knowingly and with intent to injure, defraud or deceive any insurance company, files a statement of claim containing any false, incomplete, or misleading information is guilty of committing a crime.

## ADDITIONAL COMMENTS