Exhibit R



# PAN AMERICAN LIFE

## A Mutual Life Insurance Company

## PAN-AMERICAN LIFE INSURANCE COMPANY

### 601 POYDRAS STREET

### NEW ORLEANS, LOUISIANA 70130

## DISABILITY INCOME POLICY

The benefits of this policy are to pay for losses of income due to disabilities beginning while this policy is in force. Not subject to modification and cancellation while in force.

Renewability - This policy is guaranteed to be renewable until age sixty-five. It can be continued thereafter as long as you remain working full-time. If you cease working full time you may continue this policy for the rest of your life with a Hospital Confinement Indemnity benefit replacing the Disability Income Benefit. All renewals are subject to payment of premium. The premiums are guaranteed to age sixty-five. Premiums after sixty-five are not guaranteed. They will be the published premiums we are using at the time of the renewal. Non-Cancellable to age 65 at guaranteed premiums. Conditional right to renew thereafter.

## WE AGREE TO PAY

the benefits provided in this policy subject to its terms and conditions.
Signed for the Company at its Home Office in New Orleans, Louisiana.

President and Chief Executive Officer                    Corporate Secretary

## RIGHT TO EXAMINE POLICY FOR 10 DAYS

Within 10 days after this policy is first received, it may be canceled for any reason by delivering or mailing it to our Home Office in New Orleans, Louisiana, or to the agent through whom it was purchased. Upon cancellation we will return any premium paid. This is a legal contract between the owner and us.

### PLEASE READ THIS POLICY AND APPLICATION CAREFULLY

7H.1

*We, our, and us refer to Pan-American International Insurance Company.*
*You and your refer to the Insured in this policy.*
*In force means that the insurance under the policy is being continued for the Disability Benefits not currently payable.*

**ALPHABETICAL GUIDE**

| | Page |
|---|---|
| Age | 4 |
| Age and Sex | 3, 8 |
| Assignment | 8 |
| Average Prior Monthly Earned Income | 4 |
| Change of Beneficiary | 8 |
| Change of Job | 7 |
| Change of Policy | 8 |
| Claims of Creditors | 8 |
| Claim Forms | 9 |
| Concurrent Disabilities | 6 |
| Conformity with State Statutes | 9 |
| Disability | 4 |
| Disability Income Benefit After Age 65 | 5 |
| Dividends | 7 |
| Doctor | 4 |
| Earned Income | 4 |
| Elimination Period | 3, 4 |
| Exclusions | 6 |
| Grace Period | 7 |
| Hospital Confinement Indemnity Benefit | 5 |
| Income Loss | 5 |
| Incontestability | 8 |
| Injury | 4 |
| Legal Actions | 9 |
| Maximum Benefit Period | 3, 4 |

| | Page |
|---|---|
| Military Service | 7 |
| Minimum Benefit Period | 4 |
| Monthly Benefit | 3, 4 |
| Notice of Claim | 8 |
| Ownership | 8 |
| Payment of Claim | 9 |
| Physical Examinations | 9 |
| Policy Contract; Changes | 7 |
| Policy Date | 3, 8 |
| Pre-Existing Condition Limitations | 8 |
| Premium Refund | 7 |
| Premiums | 3, 7 |
| Presumptive Disability | 6 |
| Proof of Loss | 9 |
| Recurrent Disability | 6 |
| Regular Job | 4 |
| Rehabilitation | 6 |
| Reinstatement | 7 |
| Return To Work Benefit | 5 |
| Sickness | 4 |
| Survivor Benefit | 6 |
| Time of Payment of Claim | 9 |
| Total Disability | 4, 5 |
| Transplant or Cosmetic Surgery | 6 |
| Waiver of Premiums | 7 |
| Working Full Time | 4 |

**POLICY PROVISIONS**

| | Page |
|---|---|
| Policy Schedule | 3 |
| Definitions | 4 |
| Benefits | 5 |

| | Page |
|---|---|
| Premiums and Dividends | 7 |
| General Provisions | 7 |

7H.2

I'H*L*

PAL 0944

*12004*

POLICY SCHEDULE

|  | ANNUALLY | SEMI-ANNUALLY | QUARTERLY | MONTHLY | PAC |
|---|---|---|---|---|---|
| TOTAL INITIAL PREMIUMS- | $423.35 | $218.15 | $112.75 | $39.70 | $37.70 |

| POLICY BENEFITS | MONTHLY BENEFIT | ANNUAL PREMIUMS PAYABLE | YEARS PAYABLE |
|---|---|---|---|
| DISABILITY INCOME POLICY ELIMINATION PERIOD 60 DAYS MAXIMUM BENEFIT PERIOD 5 YEARS | $500.00 | $423.35 | 18 |

FREQUENCY OF PREMIUM PAYMENTS - EVERY MONTH (SPECIAL)
FIRST PREMIUM PAYMENT IS -          $37.70
PREMIUM CLASS   2A PREFERRED

COUNTERSIGNED BY

- - - - - - - - - - - -

INSURED   DONNA R DUPELL-MATHEWS
POLICY DATE   JUN 6, 2001

AGE AND SEX   47 FEMALE
POLICY NUMBER   0012575730

7H-93PS

PAGE 3

PAL 0942

## DEFINITIONS

**Age** — Attainment of a specified age occurs on the policy anniversary nearest that particular birthday.

**Injury** — Injury means accidental bodily injury that occurs while this policy is in force.

**Sickness** — Sickness is a disease or illness that first makes itself known while this policy is in force.

**Doctor** — A Doctor is a legally qualified physician, or surgeon, who is specially trained and qualified to treat the condition(s) causing your Disability and is other than the Insured, the Owner, or one of their family members.

**Regular Job** — Your Regular Job is the occupation or occupations in which you are working full time at the time Disability begins.

**Total Disability** — Total Disability exists when you:

- Cannot work at your Regular Job because of Injury or Sickness during the first 5 years of Disability. Following 5 years of Total Disability, Total Disability requires that you not be engaged in any paying work; and
- Are under the regular care of a Doctor. We will waive this requirement if we receive written proof acceptable to us that further Doctor's care would be of no benefit to you.

**Disability** — Disability means the same as Total Disability.

**Earned Income** — Earned Income for any period of time is the compensation you receive for services currently performed. This includes salary, wages, commissions, bonuses and fees. It will also include:

- contributions made by you or on your behalf to a pension or profit sharing plan; and
- if you own any part of a business, your share of any business profits.

It will be measured by the accounting method used for your latest federal tax filing prior to the start of Disability. Reasonable business expenses (other than income taxes) are deducted in determining this Earned Income. Unearned income is not included.

Earned Income does not include:

- Income from rent, royalties, annuities, or investments;
- Income from deferred compensation, disability, unemployment or retirement plans;
- Income not derived directly from your vocational activities.

To verify Earned Income, we may require a copy of one or more of the following:

- Income tax return;
- Audited statements of income and expenses; or
- Employer's statement of earnings.

**Elimination Period** — The Elimination Period is the period of time Total Disability must last before benefits become payable. The Elimination Period can only be satisfied by Total Disability. The Elimination Period can be satisfied by 2 or more successive periods of Total Disability. These periods must be due to the same or related causes, and must not be separated by a period longer than the Elimination Period or six months, whichever is less.

**Working Full Time** — You are considered working full time if you are working for pay at least thirty hours a week.

**Monthly Benefit** — The Monthly Benefit is the amount of the monthly payment for Total Disability.

**Maximum Benefit Period** — The Maximum Benefit Period is the longest period for which benefits will be payable for any single Disability.

**Minimum Benefit Period** — For Total Disability the Minimum Benefit Period is 24 months unless the Maximum Benefit Period stated on page 3 is 12 months. In that case the Minimum Benefit Period is 12 months.

**Average Prior Monthly Earned Income** — Your Average Prior Monthly Earned Income is

PAL 0945

the greater of the average monthly Earned Income for:

- The one year immediately preceding Disability; or
- The two years immediately preceding Disability.

If you did not work full time at a paying job during all twelve months prior to the month of disability, the Average Prior Monthly Earned Income will be the average monthly Earned Income for those months worked full time.

Further, if you were on a leave of absence or sabbatical for the twelve months prior to the month of Disability and retained employed status, the Average Prior Monthly Earned Income will be the average monthly Earned Income of the last twelve months of full time employment.

**Income Loss** — Income Loss for a month will equal:

- The Indexed Income less the Earned Income for the month divided by
- The Indexed Income.

The result is expressed as a percent. It must be at least twenty percent for benefits to be payable.

The Indexed Income equals:

- The Average Prior Monthly Earned Income multiplied by
- A benefit factor.

The benefit factor is 1.00 during the first year of disability and is increased by .05 at the beginning of each subsequent year, provided the Insured remains Disabled. The benefit factor is recalculated for each separate Disability.

## BENEFITS

The values of the Monthly Benefit, Maximum Benefit Period, and Elimination Period are found on page 3.

**Total Disability** — If Total Disability begins while this policy is in force and lasts longer than the Elimination Period, we will pay the Monthly Benefit for each additional month Total Disability continues beyond the Elimination Period.

For any portion of a month for which benefits are payable, a pro rata share of the benefit will be paid. The pro rata share is based on a thirty day month.

**Return to Work Benefit** — If you experience Income Loss after returning to work full time after recovery from a Disability for which a monthly benefit under this contract was payable we will pay a Return to Work Benefit. The benefit will begin on the day after your Disability ends. The monthly amount will equal the Monthly Benefit times the Income Loss. We will pay this benefit for up to three months, but we will not pay it beyond the Maximum Benefit Period nor beyond age sixty-five.

No benefit or combination of benefits will be paid for a single Disability for longer than the Maximum Benefit Period or to age sixty-five,

whichever comes first. The only exception is if the Total Disability Benefit is being paid when you attain age 65, it will continue to be payable, while Total Disability continues, until it has been paid at least for the Minimum Benefit Period.

**Disability Income Benefit After Age 65** — This policy is conditionally renewable after age 65 for a Total Disability Benefit for as long as you are working full time. The premiums after age 65 are not guaranteed and will be the published premiums that we are using at the time of renewal. The Benefit Period is the Minimum Benefit Period.

**Hospital Confinement Indemnity Benefit** — When you are no longer working full time at or after age 65, and you elect this option, we will pay you a Hospital Confinement Indemnity while you are confined in a legally operated hospital because of Injury or Sickness. The amount of this payment will be $10.00 per day per each $100.00 of the prior Monthly Benefit. The payment, however, will not be less than $50.00 per day, nor more than $250.00 per day.

The premiums for this benefit are not guaranteed. They will be the published premiums we are using at the time of renewal.

This benefit will begin on the date you are con-

fined. We will continue to pay it while you are confined. But we will not pay for more than 6 months during each continuous confinement.

For the purpose of this benefit, after a period of confinement ends and you are confined again from the same or related cause within 180 days, we will consider it to be a continuation of the first confinement.

For the purpose of this benefit, "hospital" will not mean:

a) A place of convalescence, nursing home care, or care for the aged; or

b) A place for the care or treatment of mental disorders, drug addiction, or alcoholism; or

c) A place that is used primarily for custodial, educational, or rehabilitative care.

**Transplant or Cosmetic Surgery** — Six months after issue of this policy, provided the policy is still in force, Disability resulting from either donation of a body part to another's body or cosmetic surgery will be considered Disability by sickness and hence covered under the terms of this policy.

**Rehabilitation** — We will pay for a rehabilitation program if we approve it in advance. The extent of our payment will be what we state in our written approval. We will not pay for any rehabilitation expenses covered by another source. This payment will have no effect on any other benefit of this policy.

**Presumptive Disability** — If an Injury or Sickness causes any of the listed losses while the policy is in force, you will be presumed Totally Disabled. The Elimination Period is waived and payment of benefits begins immediately on receipt of satisfactory proof of entire and irrecoverable loss of:

- Sight in both eyes;
- Hearing in both ears;
- Speech;
- Use of both feet;
- Use of both hands; or
- Use of one hand and one foot.

Benefits will be paid, while such loss continues, for the entire Maximum Benefit Period. If the

Maxmium Benefit Period is Age 65, and the loss occurs prior to age 65, we will pay benefits while the loss continues for life.

**Recurrent Disability** — Two periods of Disability resulting from the same or related cause are considered two Disabilities only if they are separated by at least twelve months of working full time.

**Concurrent Disabilities** — If a Disability is caused by more than one Injury or Sickness, or by both, we will pay benefits as if the Disability was caused by only one Injury or Sickness. We will not pay more than one Disability benefit for the same period. We will always pay the largest benefit.

**Survivorship Benefit** — If you are receiving benefits for Total Disability at the time of your death, we will pay a survivorship benefit equal to 3 times the basic policy Monthly Benefit to the Beneficiary.

**Exclusions** — This policy will not pay benefits for disability due to:

- Attempted suicide or intentionally self-inflicted injuries; or
- Any Injury or Sickness sustained while committing a felony; or
- Any act or accident of war; or
- Any Injury sustained or Sickness that first makes itself known during service with the Armed Forces.

Benefits are limited to 24 months, during your lifetime for Disability due to mental disease or disorder. Mental disease or disorder is any disease or disorder classified in the most current edition of the Diagnostic and Statistical Manual of Mental Disorders published by the American Psychiatric Association. Such disorders include, but are not limited to, psychotic, emotional or behavioral disorders, or disorders related to stress or to substance abuse or dependency. If this manual is discontinued or replaced, these disorders will be classified in the diagnostic manual in use by the American Psychiatric Association on the date of Disability.

Benefits will not be paid while you are in jail or prison for 30 days or more as a result of a conviction.

**PREMIUMS AND DIVIDENDS**

**Premiums** — The premium and the frequency at which it is to be paid are shown on page 3. This is the premium that will be payable to age 65. Changes in the frequency of the premiums can only be made on policy anniversaries and provided you are not Disabled.

The first premium for this policy is due on the Policy Date; each renewal is due on the same date of the due month. All premium and coverage periods begin and end at 12:01 A.M. Standard Time at the Owner's home.

**Waiver of Premiums** — After 90 days of Total Disability from the same or related causes, and provided the policy is in force, we will waive any premiums that become due while you remain Disabled. We will refund any premiums paid after the first day of Disability if premiums are waived, but we will not refund any part of a premium that was due before the start of Disability.

No change of premium frequency will be allowed while premiums are being waived. Also no premium will be waived after age 65.

**Premium Refund** — If you die while this policy is in force, any part of a premium paid for coverage beyond the policy month of death will be refunded to the Owner or the Owner's estate. Written notice of the death must be given to us.

Any unearned premium will be refunded to the Owner on termination of this policy.

**Grace Period** — This policy has a 31 day grace period. If a renewal premium is not paid by the date it is due, it may still be paid during the next thirty-one days. The policy remains in force during the grace period. If the premium is not paid at the end of the grace period, the policy will lapse.

**Reinstatement** — If any renewal premium for a lapsed policy is accepted by us, the policy will be reinstated. Evidence of insurability is required after 60 days from the date the premium was due.

If evidence of insurability is required a reinstatement application must be completed. The reinstatement is effective when we approve the reinstatement application. Unless the Owner is notified to the contrary, the application is considered approved after 45 days.

The reinstated policy will cover only loss resulting from an injury sustained after reinstatement or sickness that first makes itself known more than ten days after reinstatement. The provisions will remain the same except where noted on or attached to the reinstated policy.

**Dividends** — Any share of divisible surplus earned by this policy while it stays in force will be determined annually and paid to the Owner in cash as a dividend. But payment of dividends is never guaranteed. The premiums for this policy are calculated according to our dividend scale in effect on the date this policy was issued. It is not anticipated that this policy will contribute to divisible surplus.

**GENERAL PROVISIONS**

**Military Service** — If you are on active duty with the armed forces of any nation or international authority, this policy is suspended. Any premiums paid during the suspension will be refunded. The policy can be reinstated within ninety days after the end of active duty provided that the suspension ends prior to age 65. This reinstatement requires no evidence of insurability and restores the policy to its original status. The premiums will be at the original rate.

This provision does not apply to temporary active duty for training purposes which does not exceed three months in length.

**Change of Job** — If you change jobs to one we classify as less hazardous than the original job at the time any coverage under this policy was purchased, then we will reduce the premium rate to the new premium class if proof of the change is submitted. We will also return the excess pro rata premium from the date of change of job or from the last policy anniversary preceding the receipt of such proof, whichever is more recent. The new premium class and premium rate will be based on the class and premium tables in use by us at that time.

**Policy Contract; Changes** — This policy, the

PAL 0948

attached application and any riders or endorsements make up the entire contract. It is based on the application and payment of the premium. All statements made in the application are representations and not warranties. No statements shall avoid this policy or be used in defense of a claim under the policy unless contained in the application when issued.

Only the President, Vice-President, Secretary or Assistant Secretary can modify this policy. Any changes must be made in writing. No agent has the authority to alter or modify any of the terms or conditions of this policy or any attached riders, or to waive any of their provisions.

**Policy Date** — This policy will be effective on the Policy Date if:

- The first premium is paid and the policy is delivered during your lifetime; and
- Your health and your occupation have not changed since the time of the application.

Policy years, months, and anniversaries will be computed from the Policy Date.

**Incontestability** — In the absence of fraud, except for non-payment of premiums we will not contest this policy after it has been in force during your lifetime for two years from the Policy Date excluding any time that you were Disabled.

**Pre-Existing Condition Limitations** — Disability beginning during the first 3 years from the Policy Date and caused by a pre-existing condition is not covered. A Pre-Existing Condition is a condition that:

- Was misrepresented or not revealed in the application; and
- Exhibited symptoms that would cause an ordinarily prudent person to seek medical attention within the 5 years prior to the Policy Date.

**Age and Sex** — If your age or sex has been misstated, the monthly benefits will be the amount that the premiums paid would have purchased at the correct age and sex.

**Claims of Creditors** — To the extent permitted by law, any monthly benefits of this policy are exempt from the claims of creditors.

**Change of Policy** — If we approve, the Owner may change to another plan of insurance or to a policy of different amount.

**Ownership** — The Owner shall be as shown in the application or any attached written endorsement. All rights, options, and privileges belong to:

- The Owner, if living; otherwise
- Any contingent Owner or Owners, if living; otherwise
- The estate of the last Owner to die; subject to the rights of any irrevocable Beneficiary and any assignee of record with us.

We reserve the right to require this policy for endorsement of any assignment, change of Beneficiary or Ownership designation, termination, amendment, or modification.

Consistent with the terms of the Beneficiary designation and any assignment during your lifetime, the Owner may:

- Assign or terminate this policy;
- Amend or modify this policy with our consent;
- Exercise any right, receive any benefit, and enjoy any privilege contained in this policy.

**Assignment** — An assignment shall be accepted by us only if it is made in writing and filed with us at out Home Office. We will not be responsible for the validity of an assignment. Payment of any benefits shall be subject to the rights of any assignee of record at the Home Office. A collateral assignment is not a change of Ownership, and an assignee cannot change the Owner or Beneficiary, or elect or change an optional method of payment.

**Change of Beneficiary** — The Owner may change any Beneficiary at any time during your lifetime unless otherwise provided in the previous designation. The new designation must be made by a signed notice in satisfactory form to our Home Office. Once recorded, the change will take effect on the date the notice was signed subject to any action taken by us before recording the change.

**Notice of Claim** — Written notice of claim must be given within 6 months after a covered loss starts or as soon thereafter as reasonably pos-

sible. The notice must be given at the Home Office, New Orleans, Louisiana. Notice should include your name and the policy number.

**Claim Forms** — When we receive the notice of claim, we will send the claimant forms for filing Proof of Loss. If these forms are not mailed to the claimant within 15 days, the claimant will meet the Proof of Loss requirements by sending us a written statement of the nature and extent of the loss within the time limit stated in the Proof of Loss section.

Neither your failure to send us Notice of Claim nor our failure to send you claim forms will affect the time limits in the Proof of Loss section.

**Proof of Loss** — Written Proof of Loss must be sent to us within 90 days after the end of each period for which you are claiming benefits. If it is not reasonably possible to give written proof in the time required, we shall not reduce or deny the claim for this reason if the proof is filed as soon as reasonably possible. However, we will not pay any benefit due more than 1 year before the required proof is filed unless the claimant was legally incapacitated.

In addition, we may also require documentation of your current and prior Earned Income. This may include audited financial statements or personal or business tax returns. We can have an audit performed, at our expense, as often as reasonably necessary while your claim continues.

**Time of Payment of Claim** — When Proof of Loss has been received at our Home Office, we will:

- Pay all income payments then due;
- Pay future income payments monthly as

they become due; and
- When our liability ends, immediately pay any balance due at that time.

**Payment of Claim** — Subject to the following paragraph, benefits for loss of income will be paid to the Owner or to the Owner's estate. Survivorship Benefits are payable in accordance with the beneficiary designation in effect at the time of payment. If none is then in effect, the benefits will be paid, subject to the following paragraph, to the Owner or to the Owner's estate.

If policy benefits or premium refunds of less than $1,000 become payable to the Owner's estate or to someone incapable of giving a legally valid release, we may pay such benefits to any person related by blood or marriage who is, in our judgment, entitled to receive them. Any payment made by us under this provision shall fully satisfy our obligation to the extent of such payment.

**Physical Examinations** — We have the right to have you examined at our expense, as often as reasonably necessary while a claim is pending.

**Legal Actions** — There are two time limits as to when legal action can be brought to obtain benefits under this policy. No action can be brought:

- Until 60 days after written Proof of Loss has been given to us as required by this policy.
- More than six years after the time written Proof of Loss is required.

**Conformity with State Statutes** — Any provision of this policy which, on its effective date, is in conflict with the laws of the state in which the Owner resides on that date is amended to conform to the minimum requirements of such laws.

PAL 0950

# 12004

May 25 01 09:38a    S KLOHE                707 571 1882        P.3
05/09/2001  13:53  7072572218        EVDENTAL
May 07 01 03:13p    S KLOHE                                     PAGE 01

**Pan-American Life Insurance Company**
601 Poydras Stree.
New Orleans, Louisiana 70130

## FILE COPY

*Application for Exercising Future Purchase Option*

PLEASE PRINT

1. Full Name of Proposed Insured: Donna R Mathews
   Age: 47    Place of Birth: Sacramento
   Social Security/Tax No: REDACTED 454

Residence Address: No. and Street    City: Calistoga    State: CA    Zip Code: 94515

Send Invoices to: [ ] Residence  [ ] Business  [ ] Owner  [ ] Other (Specify)

7. Name of Employer: ROBERT grisham DDS    Occupation: dental hygienist
   Business Address: 3257 Browns Valley Rd  Napa  Ca  94558

10. Ownership will be in the Proposed Insured unless otherwise provided. Owner's name if other than Proposed Insured.    Relationship to Proposed Insured

Owner's Address: No. and Street    City    State    Zip Code    Social Security/Tax No.

11. Beneficiary (state full name, relationship and social security number if any has been changed)

12. City/State

13. Policy

14. Policy:  1. [ ] Income Protection Class   2. [ ] Overhead Expense Class   3. [ ] Other    Amount $   Benefit Period   Elimination Period   Days

15.(a) Describe the Exact Daily Duties of Occupation:
   (b) Nature of Employee's Business: dentistry
   (c) Length of Current Employment: 10 yrs
   (d) Other Employment for Years: none
   (e) Are you currently working? [X] Yes  [ ] No   % of Traveling
   (f) Do you work Part-time? Have another Full-time job?    Larry Fuel - Santa Rosa

16.(a) Proposed Insured's earned income at current annual rate $ 50,000
   (b) Does Proposed Insured's unearned income exceed $8,000 per year?  [ ] Yes  [X] No
   If "Yes" list sources and amounts

   (c) Is Proposed Insured's net worth (assets minus liabilities) more than $1,000,000?  [ ] Yes  [X] No

Pan-American Life Insurance Company

REDACTED

# 12004

May 25 01 09:39a    S KLOHE                707 571 1882    p.1

05/08/2001 13:53  7075572218              BMDENTAL         707 571 1882    PAGE 02
May 07 01 05:13p     S KLOHE                                707 571 1882    P.4

From: Robera Garcia    To: SCOTT KLOHE    Page 3A    Date: 5/7/2001 4:52:24 PM

If applying for Overhead Expense coverage, complete questions 17 and 18.

17. Are Proposed Insured's office expenses shared with anyone else?  ☐ Yes ☐ No    If "Yes," Proposed Insured's _____ %

18. Complete the following. Use Proposed Insured's active current average monthly expenses. If expenses are shared, include only Proposed Insured's expense. Exclude any payments to Proposed Insured or to any other member of Proposed Insured's profession.

| | | | | | | |
|---|---|---|---|---|---|---|
| Rent | $ | Depreciation | $ | Liability Insurance | $ | |
| Electricity | $ | Salaries | $ | Property Taxes | $ | |
| Heat and Water | $ | Telephone | $ | Mortgage Interest | $ | |
| Other normal and customary fixed office expenses | $ | | | Total | $ | |
| (Give full details below. If over 10% of total) | | | | | | |

19. Disability Insurance in force on Proposed Insured:

| Company | Year of Issue | Benefit Period | Elimination Period | Monthly Indemnity | Policy Number | To Be Replaced | Replacement Date |
|---|---|---|---|---|---|---|---|
| | | | | | | ☐ Yes ☐ No | |
| | | | | | | ☐ Yes ☐ No | |
| | | | | | | ☐ Yes ☐ No | |
| | | | | | | ☐ Yes ☐ No | |

20. Do you intend the replacement or change of any existing health contracts in connection with the application for new Income Protection and/or Overhead Expense Insurance?  ☐ Yes  ☐ No

The Proposed Insured and Owner, if other than Proposed Insured, represent to the best of his or her knowledge, information and belief that the answers and statements made on this application are complete and true. The undersigned agrees that, (1) No waiver or modification of a contract provision or of any of the Company's rights or requirements shall be binding upon the Company unless made in writing and approved by the Company, (2) if, within 60 days from the date of application, no policy is received or if an application for Income Protection or Overhead Expense coverage has been paid in cash and the Company's liability will be as stated in the Conditional Receipt. No other receipt will be valid, (4) if no payment is made with this application, there will be no health contracts or liability until, (a) a policy is delivered, (b) the first full premium and during the insured's lifetime and, (c) no change in the insured's risk when occurred that would prove insured at higher risk class than at time of application for the policy.

Signed at  3257 Browns Valley Rd

Signature  Browns Valley Rd  8L    dated  May 8 2001

_____
Signature of Proposed Insured

_____
Signature of Owner if other than Proposed Insured (if Corporation,
Partnership, Officer or Partner other than Proposed Insured must sign)

I hereby certify that I have truly and accurately recorded on this application the information supplied by the owner.

_____    100    _____
Signature of Soliciting Agent-Personal Code-Participating %    Signature of Soliciting Agent-Personal Code-Participating %

**KLOHE FINANCIAL GROUP**
PO BOX 11397
SANTA ROSA, CA 95406
TELEPHONE 800-498-8661
FAX 707-571-1882    Pan American Life Insurance Company

PAL 0928



12004

May 25 01 09:39a        S KLOHE                707 571 1882          P.2
05/08/2001 13:53    707:572218                 BVDENTAL              PAGE 03
May 07 01 03:14p        S KLOHE                707 571 1882          p.5

From Feb's Dance    To SCOR KLOHE    Page 5/6    Date 1/4/2001 4:45:25 PM

**Authorization to Obtain and Disclose Information**

I hereby authorize any licensed physician, medical practitioner, hospital, clinic or other medical or medically related facility, insurance company, the Medical Information Bureau, consumer reporting agency or other organization, institution or person that has any records or knowledge of my health to give to the Pan American Life Insurance Company or to its reinsurers any such information in order to evaluate my application for life or health insurance.

I agree this authorization shall be valid for two and one-half years from the date signed.

I know that I may request to receive a copy of this authorization.

I agree that a photographic copy of this authorization shall be as valid as the original.

The Undersigned acknowledges receipt of the notice concerning the Medical Information Bureau, the Fair Credit Reporting Act Disclosure, and the Notice of Insurance Information Practices.

☐  I want to be interviewed if an investigative consumer report is prepared in connection with this application

Signed this  8th   day of  May   , 2001

_____          _____
Signature of Parent or Agent              Signature of Proposed Insured
                                          Donna Mathews

**KLOHE FINANCIAL GROUP**
PO BOX 11397
SANTA ROSA CA 95406
TELEPHONE 800-498-8561
FAX 707-571-1882

                                                     010 0012575730
DONNA R DUPELL-MATHEWS   REDACTED  01
ISSUED 06-06-01 AGE- P47
ACT= A155            --PLAN--     --AMOUNT--   --PREMIUM--
NFO= 0-0             21P60/5        423.35
I CASE NO            WAIVER                      .00
MODE=M MO -PAC
HP              37.70
0-12           423.35
0-06           218.15
0-03           112.75
7-01            37.70
0-01            39.70
THE INSURED              PRODUCER DATA  0=51123  M=
DONNA R DUPELL-MATHEWS    6264813980  L00 KLOHE
CALISTOGA CA 94515

REDACTED

*12004*

## AMENDMENT OF APPLICATION

TO:  Pan-American Life Insurance Company
     New Orleans, U.S.A.

Date: 8.3.01

                     Policy Number: 1257-573

    I, DONNA R. DUPELL-MATHEWS,  hereby desire to amend my application for: life insurance; or accident and sickness insurance; or both, made to you on the  8th day of May, 2001 as follows:

       ISSUE WITH:

              PLAN: Class 2A  Disability Income
              POLICY DATE: June 8, 2001     AGE: 47
              MONTHLY BENEFIT: $500.00
              PREFERRED NON-SMOKER DISCOUNT
              MODE: Pre-Authorized Check
              ELIMINATION PERIOD: 60 Days
              BENEFIT PERIOD:  5 Years

    ANSWER TO QUESTION # 11:  Joseph Arthur Mathews -- Husband.
    ANSWER TO QUESTION # 19:  None other than this contract.

    The above amendment and declaration are to be taken and considered as a part of the said application, and subject to the agreements and representations therein contained, with the said application to be taken as a whole, and considered as the basis of the contract for insurance. This Company is authorized to modify said application to conform hereto.

(Witness) _____  (Signature) _____
                                            DONNA R. DUPELL-MATHEWS

FORM A-1704, REV. 6-86

# Exhibit S

STATEMENT

| DESCRIPTION OF BENEFITS | | AMOUNT |
|---|---|---|
| POLICY NO. 1257573    CLAIM NO. 061074 | | 2,000.00 |
| MONTHLY BENEFITS FROM 021406 TO 061406 | DAYS | |
| INSURED: DONNA MATHEWS | | |

CHECK NO. 063040067                     **CHECK AMOUNT**          $2,000.00

THE ATTACHED CHECK COVERS FULL PAYMENT OF ITEMS SHOWN IN STATEMENT ABOVE. PLEASE DETACH THIS STATEMENT BEFORE PRESENTING CHECK FOR PAYMENT.

PAN-AMERICAN LIFE INSURANCE COMPANY

000002      ENDORSEMENT OF THIS CHECK MUST BE IN HANDWRITING OF PAYEE OR PAYEES EXACTLY IN CONFORMITY WITH THE NAME OR NAMES AS WRITTEN         280AH AH

$$\frac{84-13}{654}$$    No. 063040067

**PAN AMERICAN LIFE**

| AMOUNT |
|---|
| $******2,000.00** |

DATE
SEP 13, 2006

NOT VALID AFTER
90 DAYS OF ISSUE

PAY TO THE ORDER OF: SEP 15 2006

**DONNA MATHEWS**
REDACTED
**CALISTOGA   CA 94515**

$2,000.00

DOLLAR   TWO   CEN   ZERO   ZERO   ZERO   PER   ZERO   ZERO

BANK ONE
NEW ORLEANS, LA.                     **NON NEGOTIABLE**

⑈063040067⑈ ⑆065400137⑆ 0110029437⑈

REDACTED

# ACCIDENT AND HEALTH CLAIM CHECK REQUEST/WORK SHEET

| | | | | | | DATE | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | 9/13/2006 | | |

| POLICY NUMBER | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 1257-573 | | | | | | | | |

| FORM NUMBER | BO | CALIFORNI | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 7H01 | | | | | | | | |

| CDS CODE | CASH ACCOUNT | STICTRY | AGENCY | AGENT | AGENT | AUTH | | |
|---|---|---|---|---|---|---|---|---|
| A1 | 51448 | 4 | | | CRS1 | | | |

| ACCOUNT | A & H CD | CHECK AMOUNT | TOTAL CHARGES | INELIGIBLE SEE REV | 100% BENEFITS | ELIGIBLE CHARGES | BENEFITS AT % |
|---|---|---|---|---|---|---|---|
| $ 2,000.00 | | | | | | | |

| CLAIM NUMBER | NO.CHK | NO.ACCT | INS. | AGE | CHECK NUMBER | INCURR DATE | REPORT DATE | REQUEST NUMBER | CAUSE | TYPE OF CHARGE |
|---|---|---|---|---|---|---|---|---|---|---|
| 06-1074 | | 1 | | 53 | | 12/14/2005 | 2/6/2006 | 609063 | 419 | |

| CDS CODE | ACCOUNT | | | | | | | | CDS CODE | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| A1 | 51448 | | | | | | | | CRAH | | |
| BB | 12200 | 07 | | | | | | | BS | HOSPITAL ROOM AND BOARD FROM | TO |
| CB | 12200 | 08 | | | | | | | | MISC. HOSPITAL CHARGES | |
| DB | 12200 | 09 | | | | | | | | SURGERY | |
| EB | 12200 | 10 | | | | | | | | MATERNITY BENEFIT | |
| FB | 12200 | 11 | | | | | | | | OUT PATIENT BENEFIT-ACCIDENT | |
| GB | 12100 | 01 | | | | | | | GS | MONTHLY BENEFIT FROM 02/14/06 | TO 06/14/06 |
| HB | 12100 | 01 | 2,000.00 | | | | | | HS | 4 Monthly Benefits @ $500.00 02/14/06 to 06/14/06 | |
| IB | | | | | | | | | IS | | |
| JB | | | | | | | | | JS | | |
| KB | | | | | | | | | KS | | |
| LB | | | | | | | | | LS | | |
| MB | 66500 | | | | | | | | MS | TAXES WITHHELD | |

| DS CODE | INSURED | | | | | |
|---|---|---|---|---|---|---|
| TS | Donna Mathews DEPENDENT | | SEE REVERSE | | | TAX ID |

| CDS CODE | PAYEE NAME AND ADDRESS | | |
|---|---|---|---|
| Y1 | Donna Mathews | | |
| Y2 | REDACTED | | |
| Z1 | Calistoga, CA 94515 | | |
| Z2 | | | |
| Z3 | | | |

This policy has been placed on waiver there should be no further deductions from your checking account.

| PREPARED BY | APPROVAL |
|---|---|
| ELAINE BOURG | |

REDACTED

PAL 0111

Exhibit T



Received

NOV - 2 2006

Policy Benefits
Division

Donna Dupell-Mathews
REDACTED
Calistoga, CA 94515

September 12, 2006

RE:  Policy # 1257-573

Dear Mrs. Dupell-Mathews:

We have evaluated the claim papers submitted and have approved the application for waiver of premium disability benefits effective December 14, 2005.

We are enclosing our check representing refund of premiums for a total of $301.60.

Future premiums will be waived as long as you continue to be disabled within the meaning of the disability agreement and the Company reserves the right to require evidence of your continued disability in accordance with the previsions thereof. You will be advised when such evidence is desired.

We certainly hope your health will improve soon.

Sincerely

Michael Jones
Senior Claims Examiner

Pan American Life
Policy Benefits
P.O. Box 60219
New Orleans, LA 70160-0219

REDACTED

PAL 0733

Exhibit U

September 18, 2006

Michael Jones
Senior Claims Examiner
Pan American Life
P.O. Box 60219
New Orleans, LA 70160-0219

Re: Policy # 1257-573

Dear Mr. Jones:

Regarding your letter of September 12th, could you please itemize your accounting of what the $301.60 is representing? There was no mention of corresponding dates or months or amounts for my records.

Sincerely,

Donna Mathews

**Received**

SEP 2 2 2006

Policy Benefits
Division

PAL 0148

Exhibit V



**NAPA COUNTY**

**DISTRICT ATTORNEY**
CONSUMER PROTECTION DIVISION
CONSUMER AFFAIRS

931 Parkway Mall, Napa CA  94559
(707) 253-4059; Fax: 253-4041

GARY LIEBERSTEIN
DISTRICT ATTORNEY

September 19, 2006

Michael Jones
Senior Claims Examiner
PAN AMERICAN LIFE
P.O. Box 60219
New Orleans LA 70160-0219

Dear Mr. Jones:

Enclosed please find a CONSUMER COMPLAINT FORM, which was received by us.  If possible, our office would like to resolve this matter in a manner satisfactory to both parties without pursuing a more formal investigation.

Please send us your written response to the above complaint. It would be very helpful to receive your response within two weeks of the above date.

Be assured that we have made no assumptions regarding the propriety or accuracy of the complaint.  We will defer our analysis of the transaction until we hear from you.

If you do not respond, we will have to assume all matters in the complaint are true.

Sincerely,

Linda van der Veur
Consumer Affairs Volunteer
Consumer Protection Division

Enclosure shown

NAPA COUNTY DISTRICT ATTORNEY
CONSUMER/ENVIRONMENTAL PROTECTION DIVISION
P.O. BOX 720/931 PARKWAY MALL NAPA, CA 94559
TELEPHONE (707) 253-4059

## CONSUMER COMPLAINT FORM
(PLEASE TYPE OR WRITE IN INK)

RECEIVED
_ 9 2006
NAPA COUNTY DIST.
ATTORNEY

| FOR OFFICE USE ONLY: | |
|---|---|
| DR | ( ) |
| JH | ( ) |
| RM | ( ) |
| PG | ( ) |

RECEIVED
SEP 1 9 2006
NAPA COUNTY DIST.
ATTORNEY

**NOTICE:** THE DISTRICT ATTORNEY CANNOT ACT AS YOUR PRIVATE ATTORNEY. WE WILL EVALUATE YOUR COMPLAINT FOR MEDIATION OR A POTENTIAL ENFORCEMENT ACTION. A COPY OF YOUR COMPLAINT MAY BE SENT TO THE OTHER PARTY FOR A RESPONSE.

**1.    YOUR NAME/ADDRESS/PHONE**

NAME: Donna Mathews

ADDRESS: REDACTED

CITY: Calistoga          STATE: CA          ZIP: 94515

HOME PHONE ( )    REDACTED
WORK PHONE ( ) 707 942 4260

**2.    MY COMPLAINT IS AGAINST**

NAME: Pan American Life

ADDRESS: PO Box 60219

CITY: New Orleans          STATE: LA          ZIP: 70160-0219

HOME PHONE ( )
WORK PHONE ( ) 504 566 3148

**3.    DESCRIBE WHAT YOU WANT THE OTHER PARTY TO DO TO RESOLVE THIS MATTER:**
Pay all back premiums (8-23-06 letter), pay other 500- mo police
pay for Rehabilitation. Date checks. pay back all premiums
since 12-14-05

**4.    QUESTIONNAIRE (Where applicable, please circle Y [Yes] or N [No])**

a. DATE WHEN YOUR COMPLAINT OCCURRED: Began 2-14-06    d. WERE ADVERTISEMENTS INVOLVED? Y (N)
IF YES, DATE: _____

b. PRODUCT OR SERVICE INVOLVED: Disability Insurance    WHERE DISPLAYED: _____
Benefits    COPIES ATTACHED: Y N

c. WAS ANY MONEY PAID? (Y) N    e. DID YOU SIGN ANYTHING? (Y) N
IF YES, DATE: numerous, now very    IF YES, DATE: _____
AMOUNT PAID: $ complicated    TYPE OF DOCUMENT: Insurance
TO WHOM: Donna    Documents
BY CHECK (Y) N; Cash Y (N) CREDIT CARD: Y (N)    COPIES ATTACHED? (Y) N

f. HAVE YOU CONTACTED ANY OTHER AGENCY FOR HELP? (Y) N
IF YES, LIST AGENCIES....AND, IF RECEIVED, THEIR SUGGESTIONS:
California Dept of.    nothing yet
Insurance Just this
week

REDACTED

PLEASE COMPLETE OTHER SIDE

PAL 0814

**5.** **DESCRIPTION OF YOUR COMPLAINT** *(IF NECESSARY, ATTACH EXTRA PAGES).* **BE SPECIFIC:**

My letter of 8-23-06 attached explains it all
money due, premiums charged & not reimbursed
since policy activated 2-14-06. Shoddy paperwork,
accounting, dating of checks & now another
500 mo. policy I just discovered this week
they didn't recognize, only kept drawing premiums
from my bank. No explanation from Zn.
Jones on refusal for rehabilitation.
    They owe me for all premiums charged
since 12-14-05. Rehabilitation (Nursing school)
is a justifiable pursuit from dental hygiene.
They explained nothing, only refused.
    Everything is becoming increasingly
complicated (money due) they are hoping I will
give up. Payments from my age, now given in
September, are not dated & given in incomplete
amounts, it is impossible to keep straight

**NOTICE:**
    "I agree that pursuant to California Evidence Code §1152.5, when persons agree to conduct and participate in
mediation for purpose of compromising, settling or resolving a dispute, the information received will be kept as
confidential. Disclosure of any such evidence shall not be compelled in any civil action."
    Should mediation fail and you decide to pursue your civil remedies, this office will only release the
documentation that you provided to this office. Any other documentation associated with your complaint shall be
kept confidential.

    **I declare under penalty of perjury under the laws of the state of California
that the foregoing information (and any attached information) is true and
correct.**

DATED: 9-14-06

_Donna Matthews_
**(YOUR SIGNATURE)**

PAL 0815

Exhibit W



Donna Dupell-Mathews
REDACTED
Calistoga, CA 94515

September 22, 2006

RE: Policy # 1257-573

Dear Mrs. Dupell-Mathews:

The purpose of this letter is to respond to your letter dated September 18, 2006. As was
stated in the letter from Pan American Life dated September 12, 2006 the $301.60 is for
premiums waived due to disability. Your date of disability was December 14, 2005 and
as your monthly premiums covered from December 6, 2005 to January 6, 2006 your
premium refund spanned from January 6, 2006 to the last month of premium our records
show you paid.

You were refunded your premium from the following dates:

| | | |
|---|---|---|
| 1 | January 6, 2006 to February 6, 2006 | $37.70 |
| 2 | February 6, 2006 to March 6, 2006 | $37.70 |
| 3 | March 6, 2006 to April 6, 2006 | $37.70 |
| 4 | April 6, 2006 to May 6, 2006 | $37.70 |
| 5 | May 6, 2006 to June 6, 2006 | $37.70 |
| 6 | June 6, 2006 to July 6, 2006 | $37.70 |
| 7 | July 6, 2006 to August 6, 2006 | $37.70 |
| 8 | August 6, 2006 to September 6, 2006 | $37.70 |

This is a total of eight (8) monthly premium periods at $37.70 per month for a total of
$301.60.

Thank you for allowing Pan American Life to take care of your needs.

Sincerely


Michael Jones
Senior Claims Examiner


Pan American Life
Policy Benefits
P.O. Box 60219
New Orleans, LA 70160-0219

REDACTED

Exhibit X

STATE OF CALIFORNIA                    John Garamendi, *Insurance Commissioner*

**DEPARTMENT OF INSURANCE**
CONSUMER SERVICES AND MARKET CONDUCT BRANCH
CLAIMS SERVICES BUREAU
300 SOUTH SPRING STREET
LOS ANGELES, CA 90013
(213) 897-5891 (FAX)
www.insurance.ca.gov

Received: 9-26-06
José S. Suquet, President & CEO
cc: Pat Fraizer
cc: Pat McGuregar
Please follow-up with José Suquet.

September 25, 2006

Jose Suquet
Pan-American Life Insurance Company
601 Poydras Street
New Orleans, LA 70130

Our File Number: CSB-6216493

Regarding: Donna Mathews
            REDACTED
            Calistoga, CA 94515

Policy Number:    1257-758; 1285-764; 1257-5730
Claim Number:     06-1007; 06-1005
Type of Coverage: A&H-Individual
Loss Date:        12/14/05

Dear Mr. Suquet:

We have received the request for assistance referenced above.

The complainant contends that a claim has been improperly denied.

We request that you reevaluate this problem and in no later than twenty-one (21) days inform the complainant in writing of the results.

Please send us a copy of your letter to the complainant AND A COPY OF YOUR COMPLETE CLAIM FILE. If your company would like the file returned after this review, please furnish a return envelope affixed with appropriate postage.

If additional information is needed relative to this matter, please contact the complainant directly.

Section 2695.5(a) of the Fair Claims Settlement Practices Regulations requires licensees to respond within twenty-one (21) days to written or oral inquiries from the Department. Failure to respond within twenty-one days could result in the levy of a monetary penalty for violation of this section.

Once you have responded to this request you may not hear from us again unless we need further information, or we make a determination that the consumer's complaint is justified, or we otherwise determine that there has been a violation of applicable law. In the latter two cases you will be notified of our determination and the reasons for the determination.

Information on this complaint may be made public as required by the California Insurance Code Section 12921. Please verify for accuracy the type of coverage

REDACTED

Page 2          09/25/06          CSB-6216493

and the insuring company. Unless you advise us otherwise, this complaint will be coded to the insuring company and the type of coverage listed above.  Failure to notify our Department in your initial response of the correct insuring company will be considered a violation of the Fair Claims Settlement Practices Regulations Section 2695.5(a) and may also be considered a violation of the California Insurance Code Section 880.

Thank you for your cooperation.

Sincerely,

Darryl Tolliver, M.Ed
Senior Insurance Compliance Officer
Phone: 213-346-6582
Fax:   213-897-5891
Email: tolliverd@insurance.ca.gov

Please refer to our file number when corresponding with us.

JOHN GARAMENDI, *Insurance Commissioner*

STATE OF CALIFORNIA
**DEPARTMENT OF INSURANCE**
**CLAIMS SERVICES BUREAU**
300 SOUTH SPRING STREET, SOUTH TOWER
LOS ANGELES, CA 90013
www.insurance.ca.gov
CCB-010 P
Revised: 10/25/05

RECEIVED
DEPT OF INSURANCE
LOS ANGELES
06 SEP 13 AM 10: 45     SEP 13 2006



## REQUEST FOR ASSISTANCE

Work Phone: (707) 812·2038

Home Phone: REDACTED

**DONNA MATHEWS**
Name
REDACTED
Address
CALISTOGA, CA 94515-
City                    Zip

Before you file a complaint with the Department of Insurance, you should first contact your insurance company, agent or broker in an effort to resolve the issue(s). If you do not receive a satisfactory response, then complete this form, attach copies of any important papers that relate to your complaint and mail to address shown above.

Please be aware that a copy of this Request for Assistance and other documentation submitted by you may be provided to the insurance company, agent or broker unless you indicate that you do not want a copy of your correspondence forwarded by checking the box:

☐ **Do not** forward a copy of the completed form and the documentation provided. However, please contact the insurance company and investigate the complaint on my behalf.

1.  Complete name of insurance company involved:
    Pan American Life

2.  Type of Insurance:    Auto ☐    Home ☐    Life ☐    Health ☐    Other ☒ Disability

3.  (a) Name of policyholder if different from your name:

    (b) If a group policy, provide the group name:

4.  Policy identification or certificate number: 1285-764   1257-5730
    1257-758,

5.  Claim number (if applicable)

6.  Date loss occurred or began (if applicable) 12-14-05

7.  Broker/Agent (if applicable) Scott Klohe     Broker/Agent License number
    Street address 4735 old Redwood Hgy City/State Santa Rosa /   Zip 95401
    (707) 571-8661

8.  Have you contacted your company or broker/agent ?    Yes ☒    No ☐

    If yes, state the date(s) and person(s) contacted Elaine Bourg - attached correspondence
    (Provide copies of all correspondence)
    I wont call anymore because now
    they say things occurred by (COMPLETE REVERSE SIDE)
    phone that did not.

12-JUL-06    6203793         105751

D. TOLLIVER - CSB
REDACTED

PAL 0778

9.  Have you reported this to any other governmental agency?   Yes ☒   No ☐

If yes, please give:

(707)2534059

(1) Name of agency: Dist. Attorney, Consumer Protection Napa County

(2) File number, if known: _____

10. Have you previously written to the Department of Insurance about this matter?

Yes ☐   No ☒   File number (if available) _____   Date _____

11. Is there attorney representation in this matter?   Yes ☐   No ☒

12. Is a lawsuit currently on-going or pending?   Yes ☐   No ☒

If yes, our ability to mediate this matter is limited, but we will investigate your inquiry for any regulatory issues. We may defer the regulatory investigation until the finality of the litigation. We ask that you still complete this form so we have a record of your issue. Once the matter is concluded, we would welcome any information regarding violations of law by the insurer that you or your attorney are willing to provide.

13. Briefly, describe your problem (use additional paper if needed):

First my insurance company has failed to regularly pay on the policy. At one point they deducted an entire year premium without notice & other checks bounced. They have not fairly reimbursed for all money taken. As of September they continue to withdraw money from my account when premiums are not due. When I am disabled & they failed to acknowledge the account they are drawing on. The accounts are now so complicated I need help.

Also the policy states "approved rehabilitation" pay up to 24x monthly benefit. Flat out refusal to pay on rehabilitation.

14. What do you consider to be a fair resolution to your problem?

Pay all back policy premiums & pay regularly the full amount, & pay for rehabilitation. I am applying to nursing school & a justified rehabilitation from dental hygiene.

Donna Matteo (Signature)

9-11-06 (Date)

Exhibit Y



October 3, 2006

Linda van der Veur
Consumer Affairs Volunteer
Consumer Protection Division
931 Parkway Mall
Napa, CA 94559-2647

Re:    Insured: Donna Mathews
       Policies: 1257-758, 1285-764 & 1257-573

Dear Ms. Van der Veur:

Pan American Life is in receipt of your request regarding information the above referenced policies.
Currently Ms. Mathews has three disability policies with Pan American Life.

First, Ms. Mathews has received all premiums due to her for all three of her policies totaling $1,648.05. She
has received benefit payments on all three of her policies currently totaling $10,800. It is of note that Ms.
Mathews provided you with a copy of her letter dated August 23, 2006 but did not include our timely and
detailed response to her queries dated August 25, 2006. Had she done so your department would clearly see
that Pan American Life has operated in good faith throughout Ms. Mathews' claims. I have taken the liberty
of including said letter along with all the documentation that originally accompanied the correspondence to
Ms. Mathews. I have also included documentation which clearly illustrates payments and refunds made to
Ms. Mathews in regards to her third and final policy (1257-573).

Second, all of Ms. Mathews benefit checks and premium refund checks have dated accompanying
correspondence. All of Ms. Mathews' benefit checks have not only the date the check was printed they also
have the benefit period the check represents on the check header and an itemized statement defining the time
periods of the benefits.

Finally, Ms. Mathews states in her complaint that no explanation was given concerning her rehabilitation.
First the policy language explicitly states "We will pay for a rehabilitation program if we approve it in
advance. The extent of our payment will be what we state in our written approval." The rehabilitation portion
of the policies is an additional benefit that is disbursed at Pan American Life's discretion. The rehabilitation
benefit is not, nor was it ever an entitlement for the insured. We did not approve of Ms. Mathews and
indicated that in writing.


Thank you for allowing Pan American Life to serve your needs.



Sincerely,

Michael Jones
Senior Claim Examiner
Pan American Life
P.O. Box 60219
New Orleans, LA 70160-0219

Exhibit Z



**PAN AMERICAN LIFE**

October 5, 2006

Donna Mathews
REDACTED
Calistoga, CA 94515

Policy Number: 1257-758; 1285-797; 1257-5730
Insured: Donna Mathews

The Insurance Product obtained by you Ms. Mathews is classified as Disability Income Insurance. The primary function of a disability income policy is to replace income lost because of an accident or illness.

In response to a request to provide documentation as it pertains to our position on the above-mentioned insured, we submit the following:

- Monthly benefits to the insured were never denied. Benefits have been paid to the insured totaling $10,800. (see enclosed exhibit A through H)
- The insured has received refund of premium payments totaling $1,648.05. (see enclosed exhibit I through P)
- The insured has been instructed verbally and in written correspondence to forward bank statements illustrating any bounced checks. Pan-American has never received this information. No money was withdrawn from her account in September and no money is being drawn from any of her accounts currently. (see enclosed exhibit Q )

Regarding the rehabilitation benefit your policy contract states that "We will pay for a rehabilitation program if we approve it in advance. The extent of our payment will be what we state in our written approval. We will not pay for any rehabilitation expenses covered by another source. This payment will have no effect on any other benefit of this policy." The policy clearly states this on the first page the benefits of this policy are to pay for losses of income due to disabilities. The rehabilitation benefit is not, nor was it ever an entitlement (see enclosed exhibit R through T)

If you have any questions regarding this response, please do not hesitate to contact us on our policyowner toll-free line @ 1-877-939-4550.

Best Regards,

Glenda Griffin
Customer Satisfaction Team

cc:    Darryl Tolliver, Senior Insurance Compliance Officer
       State of California, Department of Insurance
       Consumer Services and Market Conduct Branch
       Claims Services Bureau
       300 South Springs Street
       Los Angeles, CA  90013

REDACTED

PAL 0780

STATEMENT

| DESCRIPTION OF BENEFITS | AMOUNT |
|---|---|
| POLICY NO. 1285764   CLAIM NO. 061007 | 1,300.00 |
| MONTHLY BENEFITS FROM 021405 TO 031606   DAYS | 400.00 |
| INSURED: DONNA MATHEWS | |

| CHECK NO. 063032875 | CHECK AMOUNT | $1,700.00 |
|---|---|---|

THE ATTACHED CHECK COVERS FULL PAYMENT OF ITEMS SHOWN IN STATEMENT ABOVE. PLEASE DETACH THIS STATEMENT BEFORE PRESENTING CHECK FOR PAYMENT.

**PAN-AMERICAN LIFE INSURANCE COMPANY**

---

000004   ENDORSEMENT OF THIS CHECK MUST BE IN HANDWRITING OF PAYEE OR PAYEES EXACTLY IN CONFORMITY WITH THE NAME OR NAMES AS WRITTEN   280AH
84-13
854   No. 063032875
AH

**PAN AMERICAN LIFE**

AMOUNT
$******1,700.00**

MAR 7 2006

PAY TO THE ORDER OF:

**DONNA MATHEWS**
REDACTED
**CALISTOGA   CA  94515**

$1,700.00

DATE
MAR 06, 2006

NOT VALID AFTER
14 DAYS OF ISSUE

BANK ONE
NEW ORLEANS, LA.

**NON NEGOTIABLE**

⑆063032875⑆ ⑆065400137⑆ 0110029437⑈

STATEMENT

| DESCRIPTION OF BENEFITS | | AMOUNT |
|---|---|---|

Ex h. b. t B

POLICY NO. 1257758    CLAIM NO. 061005
MONTHLY BENEFITS FROM 021406 TO 031406    DAYS    500.00
INSURED: DONNA MATHEWS

CHECK NO. 063032874    CHECK AMOUNT    $500.00

THE ATTACHED CHECK COVERS FULL PAYMENT OF ITEMS SHOWN IN STATEMENT ABOVE. PLEASE DETACH THIS STATEMENT BEFORE PRESENTING CHECK FOR PAYMENT.

PAN—AMERICAN LIFE INSURANCE COMPANY

000002    ENDORSEMENT OF THIS CHECK MUST BE IN HANDWRITING OF PAYEE OR PAYEES EXACTLY IN CONFORMITY WITH THE NAME OR NAMES AS WRITTEN    280AH
AH

$\frac{84-13}{654}$    No. 063032874

PAN AMERICAN LIFE

PAY TO THE ORDER OF:    MAR 07 2006

DONNA MATHEWS
REDACTED
CALISTOGA  CA  94515

| AMOUNT |
|---|
| $********500.00** |

$500.00

DATE
MAR 06 ,2006

NOT VALID AFTER
90 DAYS OF ISSUE

BANK ONE
NEW ORLEANS, LA.    NON NEGOTIABLE

⑈063032874⑈ ⑆065400137⑆ 0110029437⑈

REDACTED

STATEMENT

| DESCRIPTION OF BENEFITS | *Exhibit C* | AMOUNT |
|---|---|---|

POLICY NO. 1257758    CLAIM NO. 061005
MONTHLY BENEFITS FROM 031406 TO 041406          DAYS                    1,300.00
INSURED: DONNA MATHEWS

JUL 1 4 2006

CHECK NO. 063037872                  CHECK AMOUNT          $1,300.00

THE ATTACHED CHECK COVERS FULL PAYMENT OF ITEMS SHOWN IN STATEMENT ABOVE. PLEASE DETACH THIS STATEMENT BEFORE PRESENTING CHECK FOR PAYMENT.

PAN—AMERICAN LIFE INSURANCE COMPANY

000012    ENDORSEMENT OF THIS CHECK MUST BE IN HANDWRITING OF PAYEE OR PAYEES EXACTLY IN CONFORMITY WITH THE NAME OR NAMES AS WRITTEN    280AH
AH

$\frac{64-13}{654}$    No.063037872

PAN AMERICAN LIFE

| AMOUNT |
|---|
| $******1,300.00** |

PAY TO THE ORDER OF:

DONNA MATHEWS
REDACTED
CALISTOGA  GA  94515

DATE
JUL 13, 2006
NOT VALID AFTER
90 DAYS OF ISSUE

$1,300.00

BANK ONE
NEW ORLEANS, LA.          NON NEGOTIABLE

⑊063037872⑊ ⑊065400137⑊ 0110029437⑊

REDACTED



STATEMENT                                                                    AMOUNT

Exhibit D

DESCRIPTION OF BENEFITS                                                      1,300.00
                                                                              400.00

POLICY NO. 1285764        CLAIM NO. 061007        DAYS
MONTHLY BENEFITS FROM 031406 TO 041406
ABI 021406 031406
INSURED: DONNA MATEWS

JUL 1 4 2006

CHECK AMOUNT                                                               $1,700.00

CHECK NO. 063037871                          PAN—AMERICAN LIFE INSURANCE COMPANY

THE ATTACHED CHECK COVERS FULL PAYMENT OF ITEMS SHOWN IN STATEMENT ABOVE. PLEASE DETACH THIS STATEMENT BEFORE PRESENTING CHECK FOR PAYMENT.

04-13  No.063037871   280AH
                        AH
654
AMOUNT
$******1,700.00**

000010      ENDORSEMENT OF THIS CHECK MUST BE IN HANDWRITING OF PAYEE OR PAYEES EXACTLY IN CONFORMITY WITH THE NAME OR NAMES AS WRITTEN

PAN
AMERICAN
LIFE                                                                       $1,700.00

PAY TO THE ORDER OF:

DONNA MATEWS
REDACTED
CALISTOGA GA 94515

DATE
JUL 13, 2006
NOT VALID AFTER
90 DAYS OF ISSUE

NON NEGOTIABLE

BANK ONE
NEW ORLEANS, LA.

⑈063037871⑈ ⑆065400137⑆ 0110029437⑈

REDACTED

PAL 0784

STATEMENT

| DESCRIPTION OF BENEFITS | AMOUNT |
|---|---|
| POLICY NO. 1257758    CLAIM NO. 061005<br>MONTHLY BENEFITS FROM 041406 TO 051406    DAYS<br>ABI 041406 051406<br>INSURED: DONNA MATHEWS | 1,300.00<br>400.00 |

*Exhibit E*

CHECK NO. 063038875          CHECK AMOUNT          $1,700.00

THE ATTACHED CHECK COVERS FULL PAYMENT OF ITEMS SHOWN IN STATEMENT ABOVE. PLEASE DETACH THIS STATEMENT BEFORE PRESENTING CHECK FOR PAYMENT.

PAN—AMERICAN LIFE INSURANCE COMPANY

---

000017    ENDORSEMENT OF THIS CHECK MUST BE IN HANDWRITING OF PAYEE OR PAYEES EXACTLY IN CONFORMITY WITH THE NAME OR NAMES AS WRITTEN    280AH
AH

94—13
654

No. 063038875

**PAN AMERICAN LIFE**

AMOUNT
$******1,700.00**

DATE
AUG 12, 2006

NOT VALID AFTER
94 DAYS OF ISSUE

PAY TO THE ORDER OF:

**DONNA MATHEWS**
REDACTED
CALISTOGA  CA  94515          AUG 14 2006

$1,700.00

BANK ONE
NEW ORLEANS, LA.

NON NEGOTIABLE 

⑆063038875⑆ ⑆065400137⑆ 0110029437⑈

REDACTED

PAL 0785

STATEMENT

Exhibt F

DESCRIPTION OF BENEFITS

AMOUNT

200.00

POLICY NO. 1257758    CLAIM NO. 061005    DAYS
MONTHLY BENEFITS FROM 051406 TO 061406
INSURED: DONNA MATHEWS

CHECK AMOUNT    $200.00

CHECK NO. 063039852

THE ATTACHED CHECK COVERS FULL PAYMENT OF ITEMS SHOWN IN STATEMENT ABOVE. PLEASE DETACH THIS STATEMENT BEFORE PRESENTING CHECK FOR PAYMENT.

PAN–AMERICAN LIFE INSURANCE COMPANY

---

ENDORSEMENT OF THIS CHECK MUST BE IN HANDWRITING OF PAYEE OR PAYEES EXACTLY IN CONFORMITY WITH THE NAME OR NAMES AS WRITTEN

000003

84–13
454

280AH
AH

No.063039852

AMOUNT
$********200.00**

PAN
AMERICAN
LIFE

PAY TO THE ORDER OF:

SEP 08 2006

DONNA MATHEWS
REDACTED
CALISTOGA  GA  94515

$200.00

DATE
SEP 07,2006

NOT VALID AFTER
90 DAYS OF ISSUE

BANK ONE
NEW ORLEANS, LA.

NON NEGOTIABLE

⑈063039852⑈ ⑆065400137⑆ 0110029437⑈

REDACTED

STATEMENT

*Exhibit G*

| DESCRIPTION OF BENEFITS | | AMOUNT |
|---|---|---|
| POLICY NO. 1285764    CLAIM NO. 061005 | | |
| MONTHLY BENEFITS FROM 051406 TO 061406    DAYS | | 1,300.00 |
| ABI 051406 061406 | | 400.00 |
| INSURED: DONNA MATHEWS | | |

| CHECK NO. 063039853 | CHECK AMOUNT | $1,700.00 |
|---|---|---|

THE ATTACHED CHECK COVERS FULL PAYMENT OF ITEMS SHOWN IN STATEMENT ABOVE. PLEASE DETACH THIS STATEMENT BEFORE PRESENTING CHECK FOR PAYMENT.

**PAN–AMERICAN LIFE INSURANCE COMPANY**

---

000002    ENDORSEMENT OF THIS CHECK MUST BE IN HANDWRITING OF PAYEE OR PAYEES EXACTLY IN CONFORMITY WITH THE NAME OR NAMES AS WRITTEN    280AF
AH

84–13
———
654

No. 063039853

**PAN AMERICAN LIFE**

AMOUNT

$******1,700.00**

SEP 0 8 2006

PAY TO THE ORDER OF:

**$1,700.00**

DATE
SEP 07 , 2006

**DONNA MATHEWS**
REDACTED
**CALISTOGA  GA  94515**

NOT VALID AFTER
90 DAYS OF ISSUE

BANK ONE
NEW ORLEANS, LA.

**NON NEGOTIABLE**

⑆063039853⑆ ⑆065400137⑆ 0110029437⑈

REDACTED

PAL 0787

| DESCRIPTION OF BENEFITS | AMOUNT |
|---|---|
| | |

STATEMENT

Exhibit H

DESCRIPTION OF BENEFITS                                    AMOUNT

POLICY NO. 1257573    CLAIM NO. 061074                     2,000.00
MONTHLY BENEFITS FROM 021406 TO 061406        DAYS
INSURED: DONNA MATHEWS

CHECK NO. 063040067                    CHECK AMOUNT          $2,000.00

THE ATTACHED CHECK COVERS FULL PAYMENT OF ITEMS SHOWN IN STATEMENT ABOVE. PLEASE DETACH THIS STATEMENT BEFORE PRESENTING CHECK FOR PAYMENT.

                                        PAN–AMERICAN LIFE INSURANCE COMPANY

---

000002    ENDORSEMENT OF THIS CHECK MUST BE IN HANDWRITING OF PAYEE OR PAYEES EXACTLY IN CONFORMITY WITH THE NAME OR NAMES AS WRITTEN    280AH
                                                                                                84–13        AH
                                                                                                ----
                                                                                                654        No. 063040067

**PAN AMERICAN LIFE**

| AMOUNT |
|---|
| $******2,000.00** |

PAY TO THE ORDER OF:    SEP 15 2006

DONNA MATHEWS
REDACTED
CALISTOGA  CA 94515

DATE
SEP 13, 2006
NOT VALID AFTER
90 DAYS OF ISSUE

**$2,000.00**

BANK ONE
NEW ORLEANS, LA.            **NON NEGOTIABLE**

⑆063040067⑆ ⑆065400137⑆ 0110029437⑈

REDACTED

PAL 0788

Exhibit __

| 1257-573 | Refund amount: $301.60 | check date | 09/13/06 |

| 1257-758 | Refund amount: $88.40 | check date | 03/10/06 |
|  | Refund amount: $406.80 | check date | 05/16/06 |
|  | Refund amount: $88.40 | check date | 08/25/06 |

| 1285-764 | Refund amount: $114.14 | check date | 03/10/06 |
|  | Refund amount: $534.57 | check date | 05/16/06 |
|  | Refund amount: $114.14 | check date | 08/25/06 |

Total amount Refunded $1648.05

Exhibit J



Donna Dupell-Mathews
REDACTED
Calistoga, CA 94515

September 12, 2006

RE:  Policy # 1257-573

Dear Mrs. Dupell-Mathews:

We have evaluated the claim papers submitted and have approved the application for waiver of premium disability benefits effective December 14, 2005.

We are enclosing our check representing refund of premiums for a total of $301.60.

Future premiums will be waived as long as you continue to be disabled within the meaning of the disability agreement and the Company reserves the right to require evidence of your continued disability in accordance with the previsions thereof. You will be advised when such evidence is desired.

We certainly hope your health will improve soon.

Sincerely


Michael Jones
Senior Claims Examiner


Pan American Life
Policy Benefits
P.O. Box 60219
New Orleans, LA 70160-0219


REDACTED

PAL 0790

000062    ENDORSEMENT OF THIS CHECK MUST BE    HANDWRITING OF PAYEE OR PAYEE'S    NO.062048860

**PAN AMERICAN LIFE**

0012575730

| AMOUNT |
|---|
| $********301.60** |

PAY TO THE ORDER OF:

**DONNA R DUPELL-MATHEWS**

CALISTOGA CA 94515    REDACTED

SEP 1 4 2006

$301.60

**DATE**
SEP 13, 2006

NOT VALID AFTER
90 DAYS OF ISSUE

BANK ONE,
NEW ORLEANS, LA.        NON NEGOTIABLE

⑆062048860⑆ ⑈065400137⑈ 0110029518⑆

**REDACTED**

PAL 0791



Donna Dupell-Mathews
REDACTED
Calistoga, CA 94515

September 22, 2006

RE:   Policy # 1257-573

Dear Mrs. Dupell-Mathews:

The purpose of this letter is to respond to your letter dated September 18, 2006. As was stated in the letter from Pan American Life dated September 12, 2006 the $301.60 is for premiums waived due to disability. Your date of disability was December 14, 2005 and as your monthly premiums covered from December 6, 2005 to January 6, 2006 your premium refund spanned from January 6, 2006 to the last month of premium our records show you paid.

You were refunded your premium from the following dates:

| 1 | January 6, 2006 to February 6, 2006 | $37.70 |
| 2 | February 6, 2006 to March 6, 2006 | $37.70 |
| 3 | March 6, 2006 to April 6, 2006 | $37.70 |
| 4 | April 6, 2006 to May 6, 2006 | $37.70 |
| 5 | May 6, 2006 to June 6, 2006 | $37.70 |
| 6 | June 6, 2006 to July 6, 2006 | $37.70 |
| 7 | July 6, 2006 to August 6, 2006 | $37.70 |
| 8 | August 6, 2006 to September 6, 2006 | $37.70 |

This is a total of eight (8) monthly premium periods at $37.70 per month for a total of $301.60.

Thank you for allowing Pan American Life to take care of your needs.

Sincerely


Michael Jones
Senior Claims Examiner

Pan American Life
Policy Benefits
P.O. Box 60219
New Orleans, LA 70160-0219

REDACTED

Exhibit K



Donna Dupell-Mathews
REDACTED
Calistoga, CA 94515

March 13, 2006

RE:  Policy # 1257-7580

Dear Mrs. Dupell-Mathews:

We have evaluated the claim papers submitted and have approved the application for waiver of premium disability benefits effective December 14, 2005.

We are enclosing our check representing refund of premiums for a total of $88.40.

Future premiums will be waived as long as you continue to be disabled within the meaning of the disability agreement and the Company reserves the right to require evidence of your continued disability in accordance with the previsions thereof.  You will be advised when such evidence is desired.

We certainly hope your health will improve soon.

Sincerely

Michael Jones
Senior Claims Examiner

Pan American Life
Policy Benefits
P.O. Box 60219
New Orleans, LA 70160-0219

REDACTED

ENDORSEMENT OF THIS CHECK MUST BE IN WRITING OF PAYEE OR PAYEES EXACTLY IN CONFORMITY WITH THE NAME OR NAMES AS WRITTEN

3000T
12

84—13
654

No. 062034849

PAN
AMERICAN
LIFE

0012577580

| AMOUNT |
| --- |
| $**********88.40** |

PAY TO THE ORDER OF:

DATE
MAR 10 ,2006

NOT VALID AFTER
90 DAYS OF ISSUE

DONNA R DUPELL—MATHEWS
REDACTED
CALISTOGA CA 94515

MAR 1 3 2006

$88.40

BANK ONE
NEW ORLEANS, LA.

NON NEGOTIABLE

⑈062034849⑈ ⑈065400137⑈ 0110029518⑈

REDACTED

PAL 0794

Exhibit L



May 17, 2006

Donna Mathews
REDACTED
Calistoga CA 94515

Re:   Policy # 1257-758 & # 1285-764
      Claim # 06-1007  & # 06-1005

Dear Ms. Mathews:

Please find enclosed refunds for premium withdrawals taken on April 12, 2006 for policies # 1257-758 and # 1285-764. These withdrawals were made at the annual billing rate for your policies instead of the monthly billing rate.

An amount of $499.20 was deducted to pay policy # 1257-758. The refund amount will be $406.80. The policy is now paid to June 6, 2006. Your monthly premium rate is $46.20.

An amount of $652.71 was deducted to pay policy # 1285-764. The refund amount will be $534.57. The policy is now paid to June 6, 2006. Your monthly premium rate is $59.07.

Sincerely,


Michael Jones
Senior Claim Examiner
Pan American Life
P.O. Box 60219
New Orleans, LA 70160-0219


REDACTED

PAL 0795

ENDORSEMENT OF THIS CHECK MUST BE      WRITING OF PAYEE OR PAYEES EXACTLY IN CONFORMIT.

04-13    No. 062040332    12
051

001257758

**PAN AMERICAN LIFE**

| | AMOUNT |
|---|---|
| | $*********406.80** |

PAY TO THE ORDER OF:

JC

MAY 1 7 2006

**$406.80**

DATE
**MAY 16, 2006**

DONNA R DUPELL—MATHEWS
REDACTED
CALISTOGA CA 94515

NOT VALID AFTER
90 DAYS OF ISSUE

BANK ONE
NEW ORLEANS, LA.

**NON NEGOTIABLE**

⑆062040332⑆ ⑆065400137⑆ 0110029518⑈

**REDACTED**



PAL AMERICAN LIFE

PAY TO THE ORDER OF:
**DONNA R DUPELL-MATHEWS**
CALISTOGA CA 94515

DATE
AUG 25 2006

NOT VALID AFTER
14 DAYS OF ISSUE

BANK ONE
NEW ORLEANS LA

AMOUNT
**$88.40**

⑈06 2047309⑈ ⑇065400137⑇ 0110029518⑈



CALISTOGA
LIFE

PAY TO THE ORDER OF:
**DONNA R DUPELL-MATHEWS**
CALISTOGA CA 94515

DATE
AUG 25 2006

NOT VALID AFTER
14 DAYS OF ISSUE

BANK ONE
NEW ORLEANS LA

AMOUNT
**$114.14**

⑈06 2047310⑈ ⑇065400137⑇ 0110029518⑈

REDACTED

Exhibt N



Donna Dupell-Mathews
REDACTED
Calistoga, CA 94515

March 13, 2006

RE:  Policy # 1285-764

Dear Mrs. Dupell-Mathews:

We have evaluated the claim papers submitted and have approved the application for waiver of premium disability benefits effective December 14, 2005.

We are enclosing our check representing refund of premiums for a total of $114.14.

Future premiums will be waived as long as you continue to be disabled within the meaning of the disability agreement and the Company reserves the right to require evidence of your continued disability in accordance with the previsions thereof.  You will be advised when such evidence is desired.

We certainly hope your health will improve soon.

Sincerely

Michael Jones
Senior Claims Examiner

Pan American Life
Policy Benefits
P.O. Box 60219
New Orleans, LA 70160-0219

REDACTED

**AN**
**AMERICAN**
**LIFE**

00128576

No. 062034850   3000T

| AMOUNT |
| --- |
| $*********114.14** |

PAY TO THE ORDER OF:

DATE
MAR 10, 2006

NOT VALID AFTER
90 DAYS OF ISSUE

DONNA R DUPELL—MATHEWS    MAR 1 3 2006
REDACTED
CALISTOGA CA 94515

**$114.14**

BANK ONE
NEW ORLEANS, LA.

**NON NEGOTIABLE**

⑈062034850⑈ ⑆065400137⑆ 0110029518⑈

REDACTED



May 17, 2006

Donna Mathews
REDACTED
Calistoga CA 94515

Re:   Policy # 1257-758 & # 1285-764
       Claim # 06-1007   & # 06-1005

Dear Ms. Mathews:

Please find enclosed refunds for premium withdrawals taken on April 12,
2006 for policies # 1257-758 and # 1285-764. These withdrawals were made
at the annual billing rate for your policies instead of the monthly billing rate.

An amount of $499.20 was deducted to pay policy # 1257-758. The refund
amount will be $406.80. The policy is now paid to June 6, 2006. Your
monthly premium rate is $46.20.

An amount of $652.71 was deducted to pay policy # 1285-764. The refund
amount will be $534.57. The policy is now paid to June 6, 2006. Your
monthly premium rate is $59.07.

Sincerely,

Michael Jones
Senior Claim Examiner
Pan American Life
P.O. Box 60219
New Orleans, LA 70160-0219

REDACTED

00006?

ENDORSEMENT OF THIS CHECK MUST BE    WRITING OF PAYEE OR PAYEES EXACTLY IN CONFORMITY    THE NAME OR NAMES AS WRITTEN

No. 062040333    12

PAN
AMERICAN
LIFE

001285764

| AMOUNT |
|---|
| $*********534.57** |

PAY TO THE ORDER OF:

DONNA R DUPELL—MATHEWS
REDACTED
CALISTOGA CA 94515

$534.57

**DATE**
MAY 16, 2006

**NOT VALID AFTER
90 DAYS OF ISSUE**

MAY 1 7 2006

BANK ONE
NEW ORLEANS, LA.

**NON NEGOTIABLE**

⑆062040333⑆ ⑈065400137⑇ 0110029518⑈

REDACTED

PAL 0801



PAN AMERICAN LIFE

PAY TO THE ORDER OF

DONNA R. DUPELL-MATHEWS
REDACTED
CALISTOGA CA 94515

DATE
AUG 25 2006

NOT VALID AFTER
90 DAYS OF ISSUE

BANK ONE
NEW ORLEANS, LA.

AMOUNT
$88.40

⑈06204730⑈ ⑆06540013⑆ 0110029518⑈



PAN AMERICAN LIFE

PAY TO THE ORDER OF

DONNA R. DUPELL-MATHEWS

CALISTOGA CA 94515

DATE
AUG 25 2006

NOT VALID AFTER
90 DAYS OF ISSUE

BANK ONE
NEW ORLEANS, LA.

$114.14

⑈06204730⑈ ⑆06540013⑆ 0110029518⑈

REDACTED

# PAN AMERICAN LIFE

August 25, 2006

Donna Mathews
REDACTED
Calistoga, CA 94515

Dear Ms. Mathews,

The purpose of this letter is to acknowledge the receipt of your fax dated August 23, 2006 and to address the issues you have raised.

First, the letters dated May 17, 2006 address the overdrafts that occurred on your accounts. Policy #1285-764 was drafted for $652.71 and policy #1257-758 was drafted for $499.20. Both of these amounts are the yearly premium amounts for the respective policies. As was explained to you directly in phone conversations, there was no indication in our system that an amount of $1189.61 was drafted. A total of $1151.91 was identified as being over drafted. It was requested that you forward a bank statement illustrating the amount in question. This information was never received.

The reimbursed amounts of $406.80 and $534.57 accurately reflect the amount that should have been refunded at the time. Your attending physician Dr. Alexander provided a written statement indicating that you were cleared to return to work on March 15, 2006. Your premiums were waived from 12/14/06 through 03/15/06 in the amount of $88.40 for 1285-764 and $114.14 for policy # 1257-758. These amounts were refunded to you in checks dated March 10, 2006 (please see attachment 1). As you were cleared to return to work your policy was placed back into premium paying status.

Premium amounts for April and May for both policies were retained in order to keep your policy in force as was indicated in the refund letter dated May 17, 2006 (please see attachment 2). The letters state: "The policy is now paid until June 6, 2006." As your policies were in premium paying status as of March 15, 2006, premiums needed to be applied for April and May in order to keep your policy active. Pan American Life did not receive any indication that you wanted to terminate your policies so the premiums for April and May were applied in sums of $88.40 for policy #1285-764 and $114.14 for policy #1257-758.

On April 3, 2006 we received a new correspondence from a new attending physician Dr. Brown stating that you were disabled with no estimated return to work date. Pan American Life requested medical records from this physician as is our policy when evaluating disability claims. While these records were being requested your policy remained in premium paying status as we had already received information from your initial physician which indicated that you were recovered and able to return to work.

Please find enclosed premium refund checks (attachment 3) for April and May 2006 in the amounts of $88.40 for policy #1285-764 and $114.14 for policy #1257-758. Your policies entitle a waiver of premiums while on disability. Currently all premiums have been waived or refund beginning in 12/14/05.

Secondly, you state that your understanding of your policies is that: "it guaranteed the protection of my income between $3,000 to $4,000 per month." Your policies are as follows: Policy 1257-758 is an Income Protector policy with a 60 day elimination period. The policy will pay a base benefit of $500 a month up to a five (5) year period. There are no attached riders. Policy #1257-758 is also an Income Protector policy with a 60 day elimination period. The policy will pay a base benefit of $1,300.00 for up to a five (5) year period. The

REDACTED

policy has a social insurance rider and an additional monthly benefit rider. Each of these riders will pay $400.00 when activated.

Your policies currently pay a total of $2200.00, $500.00 (base benefit) for policy 1257-785 and $1300.00 (base benefit) plus $400.00 from your additional monthly benefit for 1285-764. These are the benefits you selected on your applications (policy # 1285-764 signed on March 27, 1991 pg. 3 and policy # 1257-758 acknowledged on September 2, 2005. Please see attachment 4)

Thirdly, all the payments you have been issued clearly state on both the check and the explanation of benefits letter the time period the benefits are covering (Please see attached copies of both your benefit checks and the accompanying explanation letters in attachment 5). You will note that the date range is of the benefits are indicated in the fields marked "monthly benefit from" on the explanation letter and on the third line of print starting from the top of the check header "monthly benefits from." These fields have been highlighted for easier identification.

To date you have received the following benefits:

| Policy 1257-758 | Policy 1285-764 |
|---|---|
| 12/14/05 to 02/14/05 Elimination Period | 12/14/05 to 02/14/05 Elimination Period |
| | |
| 02/14/06 to 03/14/06 $500.00 check #063032874 | 02/14/06 to 03/14/06 $1,700 check #063032875 |
| 03/14/06 to 04/14/06 $1300.00 check #063037872 | 03/14/06 to 04/14/06 $1,700 check #063037871 |
| 04/14/06 to 05/14/06 -$500.00 Explanation of Benefits | 04/14/06 to 05/14/06 $1,700 check #063038875 |

Please note that as of the time of this writing Pan American Life has paid a total of $6,900.00 dollars. A total of $1800.00 (currently overpaid by $300.00) for 3 months of benefits on policy #1257-758 which pays $500.00 a month and $5,100.00 for 3 months of benefits on policy #1285-764. The policy pays $1,700.00 a month in benefits. In summary for three months of benefits you are entitled to $6,600 dollars of benefits. You have been paid $6,900.00.

Your letter states: "My disability began December 14, 2005, so including the sixty day waiting period I was entitled to full benefit compensation beginning February 14, 2006. This has not happened." Please review the accompanying copies of both your benefit checks (attachment 5) including the check header with dates and your itemized explanation of benefits. Both of these fields clearly indicate the benefit periods for which you have been paid.

As for your rehabilitation plan Pan American Life will not be extending benefits.

Thank you for allowing Pan American Life to serve your needs.

Sincerely,


Michael Jones
Senior Claim Examiner
Pan American Life
P.O. Box 60219
New Orleans, LA 70160-0219


PAL 0804



Exhibit K

Michael Jones
Individual Administration
P.O. BOX 60219
New Orleans, LA 70160-0219

August 3, 2006

Donna Mathews
REDACTED
Calistoga, CA 94515

Re:    Policy # 1257-758 & 1285-764

Dear Ms. Mathews,

This letter is to acknowledge receipt of your letter dated July 21, 2006 in which you state your desire to apply for rehabilitation under the terms of your Disability Insurance Policy. At this time we are requesting a copy of your rehabilitation plans including: a detailed plan of treatment and estimated costs and estimated date of rehabilitation completion.

Please note this communication is not a pledge or promise of payment. As the policy states: "We will pay for a rehabilitation program if we approve it in advance. The extent of our payment will be what we state in our written approval. We will not pay for any rehabilitation expenses covered by another source. This payment will have no effect on any other benefit of this policy." Thank you for allowing Pan American Life to serve your needs.

Sincerely,

Michael Jones
Senior Claim Examiner
Pan American Life
P.O. Box 60219
New Orleans, LA 70160-0219

REDACTED

Exhibit S

August 23, 2006

Michael Jones
Senior Claims Examiner
Pan American Life
P.O. Box 60219
New Orleans, LA 70160-0219

Re: Policy # 1257-758 & 1285-764

Dear Mr. Jones:

Thank you for your prompt reply regarding my rehabilitation. I will address my plans for rehabilitation after I discuss the issues that are becoming increasingly complicated due to your accounting practices, including payments due to me by your company. My hope is that this will not require intervention by the Department of Insurance, but because my mortgage responsibilities do not follow the flexible practices of your insurance company payments, I will be compelled to submit a request in September if this is not resolved.

First, I am not sure why you failed to mention in your letter of May 17 the amount of $1189.61 that was deducted from my account, when you stated that the amounts of $499.20 and $652.71, respectively, were deducted. These did not amount to the total deducted of $1189.61. This $1189.61 was deducted on 4-17-06 without warning or permission, since the agreement of automatic payments was on a monthly basis only. The reimbursed amounts $406.80 and $534.57 not only did not include 2 month's premiums totaling $210.54 but also the amount of $37.70 that has continued to be deducted monthly until this last period ending 8-16-06.

When I purchased my policy, I understood that it guaranteed the protection of my income of between $3000 to $4,000 per month. The policy was even recently reviewed I thought, to evaluate and protect my income. Your recent letter insinuated that it was a new policy. Therefore, I would like to formally state here that I do not accept the amount you distributed for February and March of $1,700 and $500, but rather would like to have a thorough evaluation into the amount awarded to me by the second payment of $1,700 and $1,300, before the partial payment received just this week. (This is also a good time to note that after the first payments issued in March, all receipts have left the date field blank.)

PAL 0806

As of this date, my records show the full accounting to be as stated here:

Payments to Pan American:

| | | |
|---|---|---|
| 12-20-2005 | $138.97 | |
| 12-23-2005 | $94.77 | |
| 1-18-2006 | $138.97 | |
| 2-15-2006 | $138.97 | |
| 3-15-2006 | $37.70 | |
| 4-17-2006 | $1,189.61 | |
| 5-17-2006 | $37.70 | |
| 6-15-2006 | $37.70 | |
| 6-26-2006 | $46.20 | Check #7046 |
| 6-26-2006 | $59.07 | Check #7407 |
| 7-10-2006 | $46.20 | Bank Check#8083 |
| 7-10-2006 | $59.07 | Bank Check#8084 |
| 7-17-2006 | $37.70 | |
| 8-16-2006 | $37.70 | |

There are also two service charges of $4.00 each. All of these were withdrawn from Mendo Lake Credit Union except the four noted above, which were from Bank of America. The error of subtracting an entire year's premium without notice overdrew my account and this affected other payees as well. I will make one more verbal attempt with your company to stop these withdrawals and then I will contact the bank to stop your company from deducting payments from my Mendo Lake account. Elaine informed me that the premium department of your company does not have communication with your claims department and I have become the victim with these bounced checks.

TOTAL: $ $2108.33

Reimbursements to date for premium charges since qualifying for disability:

| | |
|---|---|
| | $406.80 |
| | $534.57 |
| | $114.14 |
| | $88.40 |

TOTAL     $1143.91

DIFFERENCE: $964.28

This is the amount you still owe me for overcharged premiums alone.

PAL 0807

The check that was distributed (again without a date) in the middle of August for the period of April to May was for $1,700, less the $500.00 additional benefit you now claim *is* correct, because you claim I owe you. I hope I do not have to hire a lawyer to validate the second month's payment. What you claim as an overpayment, I believe should finally be the correct payment.

To date then, I have received one month's benefit of $2,200 for February that was too low for the salary protection indicated by your company. The second month's payment of $3,000 for March more accurately represented my monthly income. The April payment of $1,700 just received this week (no date) was once again far too low. My disability began December 14, 2005, so including the sixty day waiting period I was entitled to full benefit compensation beginning February 14, 2006. This has not happened.

As you can imagine, dealing with a severe disability such as this one creates enormous stress. I am no less saddled with financial commitments than before but I am no longer able to work in my chosen profession of over thirty years that provided me with an adequate income. I want to be a productive citizen once again and am therefore pursuing a career change that will allow me to do this. Your insurance policy is the bridge that will allow me the necessary funding to get there. Anticipating a possible scenario such as this was the primary motivation for my purchasing your company's coverage in the first place. Career retraining for me cannot possibly happen without consistency on your part to cover my ongoing living expenses as well as tuition, books and other student expenses. The program I am attempting is a rigorous one, and I must have these issues settled so that I devote my full concentration to performing well.

As for my rehabilitation plans, I previously began working on a Bachelor's Degree but realized it would be of no benefit to my scope of practice, pay scale or work setting. Now, all that is changed. For me to work as closely with patients in the diagnosis, treatment planning and patient care in medicine as I did in dentistry, I will have to earn at the least a Bachelor's Degree, but I am aiming for Nurse Practitioner certification. This can begin at Santa Rosa Junior College, Napa Valley Junior College, Pacific Union College, or Sonoma State University. I am currently enrolled for fall, beginning today, in Anatomy at Santa Rosa J.C. I finished Physiology over the summer and will be eligible to apply to the Nursing Program at Santa Rosa in October of this year for the spring and fall of 2007. I will also pursue the application processes for the other schools. The first step is a two year program, and the possibilities are many to make the next step to Nurse Practitioner, but it will most likely be an additional 2 years. A Nurse Practitioner certification will allow me greater flexibility in my work setting and be the least detrimental to my disability. This will provide me with more options in returning to the work force.

PAL 0808

I hope you understand the importance of your policy protection in allowing me to meet my academic goals. I look forward to resolving these accounting problems as soon as possible.

Sincerely,

Donna Mathews, RDH

PAL 0809

EXHIBIT

# PAN AMERICAN LIFE

August 31, 2006

Donna Mathews
REDACTED
Calistoga, CA 94515

Dear Ms. Mathews,

The purpose of this letter is to acknowledge the receipt of your fax dated August 23, 2006 and to address the issues you have raised.

First, the letters dated May 17, 2006 address the overdrafts that occurred on your accounts. Policy #1285-764 was drafted for $652.71 and policy #1257-758 was drafted for $499.20. Both of these amounts are the yearly premium amounts for the respective policies. As was explained to you directly in phone conversations, there was no indication in our system that an amount of $1189.61 was drafted. A total of $1151.91 was identified as being over drafted. It was requested that you forward a bank statement illustrating the amount in question. This information was never received.

The reimbursed amounts of $406.80 and $534.57 accurately reflect the amount that should have been refunded at the time. Your attending physician Dr. Alexander provided a written statement indicating that you were cleared to return to work on March 15, 2006. Your premiums were waived from 12/14/06 through 03/15/06 in the amount of $88.40 for 1285-764 and $114.14 for policy # 1257-758. These amounts were refunded to you in checks dated March 10, 2006 (please see attachment 1). As you were cleared to return to work your policy was placed back into premium paying status.

Premium amounts for April and May for both policies were retained in order to keep your policy in force as was indicated in the refund letter dated May 17, 2006 (please see attachment 2). The letters state: "The policy is now paid until June 6, 2006." As your policies were in premium paying status as of March 15, 2006, premiums needed to be applied for April and May in order to keep your policy active. Pan American Life did not receive any indication that you wanted to terminate your policies so the premiums for April and May were applied in sums of $88.40 for policy #1285-764 and $114.14 for policy #1257-758.

On April 3, 2006 we received a new correspondence from a new attending physician Dr. Brown stating that you were disabled with no estimated return to work date. Pan American Life requested medical records from this physician as is our policy when evaluating disability claims. While these records were being requested your policy remained in premium paying status as we had already received information from your initial physician which indicated that you were recovered and able to return to work.

Please find enclosed premium refund checks (attachment 3) for April and May 2006 in the amounts of $88.40 for policy #1285-764 and $114.14 for policy #1257-758. Your policies entitle a waiver of premiums while on disability. Currently all premiums have been waived or refund beginning in 12/14/05.

Secondly, you state that your understanding of your policies is that: "it guaranteed the protection of my income between $3,000 to $4,000 per month." Your policies are as follows: Policy 1257-758 is an Income Protector policy with a 60 day elimination period. The policy will pay a base benefit of $500 a month up to a five (5) year period. There are no attached riders. Policy #1257-758 is also an Income Protector policy with a 60 day elimination period. The policy will pay a base benefit of $1,300.00 for up to a five (5) year period. The

REDACTED

policy has a social insurance rider and an additional monthly benefit rider. Each of these riders will pay $400.00 when activated.

Your policies currently pay a total of $2200.00, $500.00 (base benefit) for policy 1257-785 and $1300.00 (base benefit) plus $400.00 from your additional monthly benefit for 1285-764. These are the benefits you selected on your applications (policy # 1285-764 signed on March 27, 1991 pg. 3 and policy # 1257-758 acknowledged on September 2, 2005. Please see attachment 4)

Thirdly, all the payments you have been issued clearly state on both the check and the explanation of benefits letter the time period the benefits are covering (Please see attached copies of both your benefit checks and the accompanying explanation letters in attachment 5). You will note that the date range is of the benefits are indicated in the fields marked "monthly benefit from" on the explanation letter and on the third line of print starting from the top of the check header "monthly benefits from." These fields have been highlighted for easier identification.

To date you have received the following benefits:

| Policy 1257-758 | Policy 1285-764 |
|---|---|
| 12/14/05 to 02/14/05 Elimination Period | 12/14/05 to 02/14/05 Elimination Period |
| | |
| 02/14/06 to 03/14/06 $500.00 check #063032874 | 02/14/06 to 03/14/06 $1,700 check #063032875 |
| 03/14/06 to 04/14/06 $1300.00 check #063037872 | 03/14/06 to 04/14/06 $1,700 check #063037871 |
| 04/14/06 to 05/14/06 -$500.00 Explanation of Benefits | 04/14/06 to 05/14/06 $1,700 check #063038875 |

Please note that as of the time of this writing Pan American Life has paid a total of $6,900.00 dollars. A total of $1800.00 (currently overpaid by $300.00) for 3 months of benefits on policy #1257-758 which pays $500.00 a month and $5,100.00 for 3 months of benefits on policy #1285-764. The policy pays $1,700.00 a month in benefits. In summary for three months of benefits you are entitled to $6,600 dollars of benefits. You have been paid $6,900.00.

Your letter states: "My disability began December 14, 2005, so including the sixty day waiting period I was entitled to full benefit compensation beginning February 14, 2006. This has not happened." Please review the accompanying copies of both your benefit checks (attachment 5) including the check header with dates and your itemized explanation of benefits. Both of these fields clearly indicate the benefit periods for which you have been paid.

As for your rehabilitation plan Pan American Life will not be extending benefits.

Thank you for allowing Pan American Life to serve your needs.

Sincerely,

Michael Jones
Senior Claim Examiner
Pan American Life
P.O. Box 60219
New Orleans, LA 70160-0219

PAL 0811