Thomas A. Evans (SBN 202841)
Email: tevans@reedsmith.com
Eugenia S. Chern (SBN 215092)
Email: echern@reedsmith.com
REED SMITH LLP
1999 Harrison Street, Suite 2400
Oakland, CA 94612-3572

**Mailing Address:**
P.O. Box 2084
Oakland, CA 94604-2084

Telephone:   +1 510 763 2000
Facsimile:   +1 510 273 8832

Attorneys for Defendant
Pan-American Life Insurance Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA MATHEWS,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>PAN-AMERICAN LIFE INSURANCE COMPANY,<br><br>　　　　　　Defendant. | No.: C 07-02757 SBA<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**<br><br>Date:　　June 10, 2008<br>Time:　　1:00 p.m.<br>Place:　　Ctrm 3, 3rd Floor<br><br>Honorable Saundra Brown Armstrong |

The Motion for Summary Judgment, or Alternatively, Partial Summary Judgment, of defendant Pan-American Life Insurance Company came on regularly for hearing in Courtroom 3 of the above-titled Court, the Honorable Saundra Brown Armstrong, presiding, on June 10, 2008. Having heard and considered any oral arguments of counsel and having read and considered the papers, pleadings and documents submitted in support of and in opposition to said motion, and good cause having been found, the Court finds as follows:

**I.　　BACKGROUND**

This action arises from three disability insurance policies – Disability Income Policy Numbers 1257-753 and 1257-758 and Income Protection Policy Number 1285-764 – issued by Pan-American Life Insurance Company ("Pan-American") to Donna Mathews ("Mathews"). Declaration

– 1 –

of Michael Jones ("Jones Decl."), ¶¶ 3, 4, 24 and Exs. A, B, R. Pursuant to the terms of the Policies, Pan-American will pay a monthly benefit, if the insured becomes totally disabled and meets the requirements set forth in the Policies, for each month that total disability continues beyond the elimination period. *Id.*, Exs. A at PAL 1010 and B, R at PAL 0946. Both of plaintiff's Disability Income Policies provide a monthly benefit of $500, while plaintiff's Disability Income Protection Policy provided a monthly benefit of $1700. *Id.* at Exs. A at PAL 0163, B, R at PAL 0942. All three policies had a 60-day elimination period and 5-year maximum benefit period. *Id.* at Exs. A at p. 3, B at PAL 0163, R at PAL 0942. The three Policies include Rehabilitation provisions which state that Pan-American will pay for a rehabilitation program if Pan-American approves it in advance. *Id.*, Exs. A at 1011 and B, R at PAL 0947. Under the terms of the Policies, Pan-American also agrees to waive any premiums that become due while the insured remains disabled, after 90 consecutive days of disability, and provided the policy is in force. *Id.*, Exs. A at PAL 1012, B, R at PAL 0948. Pan-American will refund any premiums paid during the first 90 days of disability, if premiums are waived. *Id.*

Mathews submitted a claim for disability benefits to Pan-American in February 2006. Jones Decl., ¶ 5 and Ex. C. Mathews asserted that she became totally disabled from her occupation as a dental hygienist on December 14, 2005, after slipping and falling off a ladder on November 21, 2005. *Id.*, Exs. C, D. According to her treating physician, Mathews was diagnosed with a rotator cuff tear and would recover sufficiently to return to work by March 15, 2006. *Id.*, Ex. C. Pan-American paid Mathews monthly benefits under Policy numbers 1285-764 and 1257-758 from February 14, 2006 (the date the elimination period expired) through March 15, 2006, the date Mathews was to return to work. *Id.*, ¶ 9. Pan-American also waived payment of premiums under the two Policies effective December 14, 2005. *Id.*, ¶¶ 10, 11 and Exs. G, H.

Mathews subsequently submitted additional information to support her claim that she continued to be totally disabled beyond March 15, 2006. Jones Decl., ¶¶ 13, 14 and Exs. I, J. Because Mathews was now claiming a more severe disability for a longer period of time and had changed or seen numerous healthcare providers, Pan-American commenced further investigation of plaintiff's claim, including ordering additional medical records, as well as an independent medical

examination and surveillance of Mathews. *Id.*, ¶¶ 15-17 and Ex. K. In July 2006, Pan-American notified Mathews that it was investigating her claim for benefits and would pay monthly benefits under Policy numbers 1285-764 and 1257-758 under a reservation of rights. *Id.*, ¶ 19 and Ex. M.

In September 2006, Pan-American discovered Mathews' third disability policy with Pan-American, Disability Income Policy number 1257-753, which it had previously been unable to locate because it was indexed under an incorrect social security number. Jones Decl., ¶ 24 and Ex. R. Upon discovery, Pan-American promptly paid Mathews all monthly benefits for the period of February 14, 2006 through June 14, 2006 and refunded premiums paid since December 14, 2005 under the Policy. *Id.*, ¶¶ 25, 26 and Exs. S, T.

In addition to disability benefits, Mathews also inquired about rehabilitation benefits with Pan-American. Jones Decl., ¶ 20 and Ex. N. Pan-American requested a copy of her rehabilitation plans, including "a detailed plan of treatment and estimated costs and estimated date of rehabilitation completion." *Id.*, ¶ 21 and Ex. O. However, Mathews did not submit the requested documentation and Pan-American denied rehabilitation benefits. *Id.*, ¶¶ 22, 23 and Exs. P, Q.

Pan-American has paid and continues to pay all monthly disability benefits owed to plaintiff under Policy numbers 1257-758, 1257-753, and 1285-764, since the expiration of the Elimination Period on February 14, 2006. Jones Decl., ¶ 41. Plaintiff's benefits have been brought up to date. *Id*. Pan-American has also refunded or waived premiums paid by plaintiff on the Policies since plaintiff's date of disability on December 14, 2005, and will continue to waive payment of premiums under the Policies as long as plaintiff continues to be disabled within the meaning of the Policies. *Id*. at ¶ 42.

In April 2007, Mathews filed this action against Pan-American asserting causes of action for breach of contract, bad faith, fraud, negligent misrepresentation, intentional and negligent infliction of emotional distress, and unfair business practices. Specifically, Mathews alleges that Pan-American has failed to pay all disability benefits due, refund all premiums paid during Mathews' disability, and provide Mathews rehabilitation benefits. Pan-American removed this action to this Court and now moves for summary judgment, or alternatively, partial summary judgment, as to all of Mathews' claims, including her claim for punitive damages.

## II. LEGAL STANDARD

A party against whom a claim is asserted may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof. Fed. R. Civ. Proc. 56(b). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986). The burden then shifts to the non-moving party to "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. Proc. 56(e)). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Evidence that "is merely colorable, or is not significantly probative," is not sufficient to avoid summary judgment. *Id.* at 249-250. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. Proc. 56(c).

## III. ANALYSIS

There is no genuine issue of material fact as to plaintiff's breach of contract and bad faith claims. Since benefits became payable on February 14, 2006, Pan-American has paid and continues to pay plaintiff all monthly disability benefits owed under her three Pan-American Policies. Jones Decl., ¶¶ 9, 19, 25, 41. Ms. Mathews' first claim for benefits only indicated a three month disability; it was therefore reasonable for Pan-American to treat her claim as a three month disability until she advised Pan-American that she was claiming additional benefits and a longer disability. At that point, Pan-American was entitled to investigate the substance of Ms. Mathews' supplemental claim. Although Pan-American did not discover one of plaintiff's Policies until September 2006, it immediately paid plaintiff disability benefits owed for the period of February 14 through June 14, 2006, totaling $2,000.00. *Id.*, ¶¶ 24, 25 and Ex. S. Pan-American has also refunded or waived, and continues to waive, any premiums owed under the Policies since plaintiff's date of disability. *Id.*, ¶¶

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

10, 11, 18, 26, 34, 42. Since there is no denial of coverage with respect to plaintiff's claim for disability benefits, plaintiff's breach of contract and bad faith claims fail as a matter of law on that basis.

Mathews also cannot assert viable breach of contract and bad faith claims based on Pan-American's denial of rehabilitation benefits. Once Mathews made an inquiry to Pan-American regarding rehabilitation benefits under her Policies, Pan-American requested that plaintiff submit a copy of her rehabilitation plans, including "a detailed plan of treatment and estimated costs and estimated date of rehabilitation completion." Jones Decl., ¶¶ 20, 21 and Exs. N, O; Evans Decl., Ex. A at 29:1-6, 68:21-70:17. However, Mathews never provided the requested information to Pan-American in spite of the fact that she had already developed a rehabilitation plan, obtained benefits from the State of California, and determined the likely cost and time her plan will require, but did not disclose it to Pan-American. Jones Decl., ¶¶ 22, 43 and Ex. P; Evans Decl., Ex. C at 59:4-61:6, 131:9-12. Accordingly, Pan-American acted within its discretion in denying rehabilitation benefits to Mathews under her three Policies.

In any event, Mathews has not suffered any damages in connection with the denial of her claim for rehabilitation benefits as she is receiving rehabilitation benefits from the State of California to attend the nursing program at Sonoma State University. Jones Decl., ¶ 43; Evans Decl., Ex. C at 59:4-61:6. Even if granted, the rehabilitation benefit does not require payment of any specific sum, but only an amount that covers the plan, which Mathews has already received. Moreover, plaintiff cannot claim damages on the ground that she would have applied to the nursing program at Pacific Union College – a $22,000 per year private college – rather than Sonoma State if Pan-American had granted her claim. Nothing in the Policies nor in applicable law imposes a duty upon an insurer to pay for a private education versus a public education in connection with rehabilitation benefits, nor does it permit Ms. Mathews to select the most expensive option available. Plaintiff's breach of contract claim therefore fails as a matter of law on that basis.

Plaintiff also cannot assert a breach of contract claim based on clerical errors by Pan-American in the administration of benefits and premium refunds under the Policies. Such errors, once discovered, were promptly resolved. Accordingly, Pan-American has fulfilled its obligations

– 5 –

under the Policies with respect to plaintiff's claim for disability benefits. Summary judgment is therefore granted in favor of Pan-American as to plaintiff's claim for breach of contract.

Since there is no breach of contract, there can be no breach of the covenant of good faith and fair dealing. *San Diego Housing Commission v. Industrial Indemnity Co.*, 68 Cal. App. 4th 526, 544 (1998) ("[w]here a breach of contract cannot be shown, there is no basis for a finding of breach of the covenant"). For the reasons mentioned above, plaintiff's claim for bad faith also fails. However, even if there were a genuine issue as to plaintiff's breach of contract claim, Mathews has not set forth sufficient facts to create a genuine issue of material fact as to her bad faith claim. Damages for an insurer's bad faith are proper only where its misconduct relates to benefits promised under the policy - i.e., to its duty to defend, settle or pay claims. *Jonathan Neil & Assocs., Inc. v. Jones*, 33 Cal. 4th 917, 940 (2004). Since plaintiff has received and continues to receive all monthly disability benefits under her three Policies, she cannot prevail on a bad faith claim based on clerical errors unrelated to Pan-American's handling of her disability claim.

Further, plaintiff cannot prevail on her claim for bad faith based on Pan-American's denial of her claim for rehabilitation benefits. A bad faith claim requires facts that demonstrate that the insurer was "arbitrary or unreasonable" in withholding benefits under the contract. *See Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1162 (9th Cir. 2002); *Gruenberg v. Aetna Ins. Co.*, 9 Cal. 3d 566, 574 (1973). Pan-American's decision to deny Mathews' claim for rehabilitation benefits was neither arbitrary nor unreasonable given that Mathews never submitted the requested information for Pan-American to properly evaluate her claim. Jones Decl., ¶¶ 20, 21 and Exs. N, O, P, GG. In addition, Pan-American's independent medical examination revealed Mathews to be substantially impaired, and Mathews had provided no information to establish that she could pursue a nursing career, even though she had gathered such information in the course of applying for state benefits. *Id.*, Ex. DD.

Moreover, plaintiff is already receiving rehabilitation benefits from the State to cover the expenses of her nursing education. Jones Decl., ¶ 43. If the insured suffers no financial loss, no bad faith claim can be maintained solely for emotional distress resulting from the insurer's delay or other mishandling of the claim. *Continental Ins. Co. v. Sup.Ct. (Bangerter)*, 37 Cal. App. 4th 69, 86

– 6 –

(1995); *Waters v. United Services Auto. Ass'n*, 41 Cal. App. 4th 1063, 1079 (1996). Pan-American's handling of plaintiff's rehabilitation claim therefore does not support a claim for bad faith.

Summary judgment is likewise granted as to plaintiff's claims for fraud and negligent misrepresentation because plaintiff cannot establish that Pan-American made any misrepresentation, intentional or otherwise, to plaintiff. The elements of fraud are "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or scienter); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." 5 Witkin, Summary of Cal. Law, Torts, § 772 (10th ed. 2005); Cal. Civ. Code § 1709. All of the above elements must be established in order to find actionable fraud, as the absence of any one element is fatal to recovery. *Gonsalves v. Hodgson*, 38 Cal. 2d 91, 101 (1951); *Okun v. Morton*, 203 Cal. App. 3d 805, 828 (1988); *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal. App. 3d 1324, 1331 (1986). The only significant difference between negligent misrepresentation and fraud is the element of scienter; negligent misrepresentation requires only that the representation was made without reasonable ground for believing it to be true. *See Horrell v. Santa Fe Tank & Tower Co.*, 117 Cal. App. 2d 114, 117 (1953); *see also Gagne v. Bertran*, 43 Cal. 2d 481, 487-89 (1954).

Plaintiff has presented no admissible evidence of any misrepresentation by Pan-American. Plaintiff's fraud and negligent misrepresentation claims are purportedly based on "representations contained in Defendants' advertising and in the Policies that Plaintiff would be paid benefits timely and in full as provided by the Policies, that premiums would be waived during the period of Plaintiff's disability, that premiums paid at the beginning of Plaintiff's disability would be refunded, that Plaintiff would be permitted the rehabilitation benefit stated in the policy." Evans Decl., Exs. A at ¶¶ 30, 36 and D at p. 20. As the evidence establishes, monthly disability benefits have been (and continue to be) paid, and premiums have been (and continue to be) refunded or waived through the duration of plaintiff's disability in accordance with the terms of her Policies. As to the Policies' rehabilitation provisions, the language clearly states that payment of rehabilitation benefits are subject to Pan-American's approval of the insured's rehabilitation program. Thus, to the extent that plaintiff failed to read her Policies, she cannot recover for fraud because she cannot establish justifiable reliance on alleged false representations regarding coverage -- plaintiff is bound by the

– 7 –

clear and conspicuous limitations in the Policies. *Hadland v. NN Investors Life Ins. Co.*, 24 Cal. App. 4th 1578, 1586 (1994). Plaintiff was never promised automatic entitlement to rehabilitation benefits under her Policies. Not only has plaintiff failed to show any evidence of actionable misrepresentation, she has failed to show any intent to deceive, justifiable reliance, or resulting damage. Plaintiff's fraud and negligent misrepresentation claims fail as a matter of law.

Plaintiff further asserts that Pan-American violated Business and Professions Code Section 17200 based on the same allegations as her claims for breach of contract, bad faith and fraud. Section 17200 prohibits unlawful, unfair or fraudulent business acts or practices. *See also Rubin v. Green*, 4 Cal. 4th 1187, 1200 (1993). A business practice is "unlawful" if it violates any law. *See AICCO, Inc. v. Insurance Co. of North America*, 90 Cal. App. 4th 579, 588–589 (2001). A business practice is "unfair" if "it offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Community Assisting Recovery, Inc. v. Aegis Security Ins. Co.*, 92 Cal. App. 4th 886, 894 (2001). A business practice is "fraudulent" if it is "likely to deceive." *Progressive West Ins. Co. v. Sup.Ct. (Preciado)*, 135 Cal. App. 4th 263, 284 (2005). The evidence does not support any unlawful, unfair, or fraudulent act or practice by Pan-American in the handling of plaintiff's claim under her Policies. Moreover, plaintiff has not cited any law violated by Pan-American which would constitute unlawful activity under Section 17200. Accordingly, the Court also grants summary judgment in Pan-American's favor as to plaintiff's 17200 claim.

Mathews has also failed to set forth evidence creating a genuine issue of material fact with respect to her claims for intentional and negligent infliction of emotional distress. In order to prevail on a claim for intentional infliction of emotional distress, a claimant must establish: "(1) outrageous conduct by the defendant; (2) the defendant's intention of causing severe or extreme emotional distress; (3) the plaintiff's suffering severe or extreme emotional distress; and (4) actual and proximate causation by the defendant's outrageous conduct." *Fletcher v. Western National Life Insurance Co.*, 10 Cal. App. 3d 376, 394 (1970); *see also Christensen v. Superior Court (Pasadena Crematorium)*, 54 Cal. 3d 868, 903 (1991). In other words, plaintiff must show that the acts by the defendant are "so extreme as to exceed all the bounds of that usually tolerated in a civilized

– 8 –

community." *Schlauch v. Hartford Acc. & Indem. Co.*, 146 Cal. App. 3d 926, 936 (1983); *Ricard v. Pacific Indem. Co.*, 132 Cal. App. 3d 886, 895 (1982).  There is a complete absence of evidence establishing any outrageous conduct or intent by Pan-American to cause plaintiff severe emotional distress.  Nor has plaintiff demonstrated that she has suffered severe emotional distress resulting from Pan-American's handling of her claim under the Policies.

Plaintiff's claim for negligent infliction of emotional distress also fails because there is no tort liability for "negligent breach of contract." *Benavides*, 136 Cal. App. 4th at 1251-1252; *Butler-Rupp v. Lordeaux*, 134 Cal. App. 4th 1220, 1227-1228 (2005).  Emotional distress is not an element of contract damages, and a negligent breach of contract cannot support a claim for emotional distress damages.  *See Erlich v. Menezes*, 21 Cal. 4th 543, 552 (1999).   While tort damages may be recoverable for bad faith breach of the insurance contract, plaintiff cannot avoid the burden of proving the elements of a bad faith claim by falling back to a mere negligence theory.

Moreover, recovery for negligent infliction of emotional distress has only been permitted in three limited situations, none of which applies to this case: (1) negligence leading to a legitimate fear of one's own physical safety; *see Molien v. Kaiser Foundation Hospitals*, 27 Cal. 3d 916, 923 (1980) (husband claimed emotional distress where doctor misdiagnosed wife with syphilis); (2) negligence leading to a fear for the safety of others; *see Dillon v. Legg*, 68 Cal. 2d 728, 740 (1968) (mother claimed emotional distress after witnessing her child get hit and killed by negligent motorist), and (3) the so-called "direct victim" type cases or cases involving the negligent breach of a duty arising out of a preexisting relationship such as *Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc.*, 48 Cal. 3d 583, 590 (1989) (mother claimed emotional distress against psychotherapist who molested her child) and *Burgess v. Superior Ct.*, 2 Cal. 4th 1064, 1076 (1992) (mother claimed emotional distress against doctor where child was injured during delivery).  Summary judgment is therefore granted as to plaintiff's claims for intentional and negligent infliction of emotional distress.

Just as Mathews has not established any outrageous or arbitrary or unreasonable conduct by Pan-American, plaintiff also cannot set forth "clear and convincing" evidence to support a claim for punitive damages. *See* Cal. Civil Code 3294(a).  "To justify an award of punitive damages, the defendant must be guilty of oppression, fraud, or malice.  It must act with intent to vex, injure or

annoy, or with a conscious disregard of plaintiff's rights." *Beck v. State Farm Mut. Auto. Ins. Co.*, 54 Cal. App. 3d 347, 355 (1976). "[M]ere carelessness or ignorance of the defendant does not justify the imposition of punitive damages." *Flyer's Body Shop Profit Sharing Plan v. Ticor Title Ins. Co.*, 185 Cal. App. 3d 1149, 1154 (1986). Here, there is a complete absence of evidence, clear and convincing or otherwise, indicating that Pan-American acted with oppression, fraud or malice. Summary judgment is therefore granted as to plaintiff's punitive damages claim.

**IV.  CONCLUSION**

Based on the foregoing, Pan-American's motion for summary judgment is granted in its entirety.

IT IS SO ORDERED.

DATED: _____, 2008.

SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE

DOCSOAK-9907083.1

[PROPOSED] ORDER GRANTING MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT