# EXHIBIT E

# LAW OFFICE OF MICHAEL E. KINNEY
# LEGAL SERVICES AGREEMENT

1. **IDENTIFICATION OF PARTIES.**

   This agreement is made between the LAW OFFICE OF MICHAEL E. KINNEY ("Law Firm") and DONNA MATHEWS ("Client").

2. **LEGAL SERVICES TO BE PROVIDED.**

   The legal services to be provided by Law Firm to Client are as follows: investigation and prosecution of claims arising from denial by Pan American Life Insurance Company of claims for certain benefits available under Client's long term disability insurance policy.

3. **RESPONSIBILITIES OF CLIENT.**

   Client will cooperate with Law Firm to the extent necessary for Law Firm to discharge its duties under this agreement.

4. **ATTORNEYS FEES.**

   Client agrees to pay attorneys fees as follows:

   Law Firm's fee shall be contingent upon a recovery by Client, and, if Client obtains no recovery, Law Firm shall receive no fee for its services. The contingency fee provided for in this Agreement is not set by any law and is entirely a matter of voluntary agreement between Law Firm and Client. The contingency fee shall be the applicable following percentage of Client's recovery:

   (1) Thirty-Five (35%) of the gross amount of any recovery obtained before the filing of a lawsuit;

   (2) Forty Percent (40%) of the gross amount of any recovery obtained after the filing of a lawsuit and before the occurrence of any settlement conference, non-binding arbitration, mediation, early neutral evaluation, or pretrial conference;

   (3) Forty-Two Percent (42%) of the gross amount of any recovery

M507

obtained after the occurrence of any settlement conference, non-binding arbitration, mediation, early neutral evaluation, or pretrial conference and before trial or binding arbitration;

(4)   Forty-Five Percent (45%) of the gross amount of any recovery obtained after the commencement of trial or binding arbitration.

(5) If the recovery includes separate provision for attorneys' fees, whether by settlement, verdict, court order or otherwise, then the amount awarded as attorneys' fees will be added to the total amount of Client's recovery for the purpose of determining the percentage fee due to Law Firm under this agreement. The fee payable to Law Firm will be the greater of the percentage fee so calculated, or the hourly fee.

For purposes of this paragraph, the term "recovery" means the total present or fair market value of everything of value preserved for the Client or recovered from any and all adverse parties, third persons or other sources, before reduction for costs, expenses, taxes or other reduction of any type.

## 5.   COSTS AND EXPENSES.

In addition to the fee for legal services set out in Paragraph 4 above, Client shall be obligated to pay all costs and expenses reasonably incurred by Law Firm on Client's behalf. Law Firm will advance reasonable costs and expenses while engaged to handle this matter.

## 6.   LAW FIRM'S LIEN

Client hereby gives to Law Firm a lien (a security interest) on Client's claims and any cause of action filed thereon, and on any and all judgments, administrative decisions, awards, money or other recovery obtained on Client's claims. The purpose of this lien is to secure payment of Law Firm's fee and advances. Law Firm hereby advises Client that Client may seek the advice of an independent lawyer of Client's choice regarding the provisions of this paragraph.

## 7.   DISCLAIMER OF GUARANTEE

Nothing in this Agreement and nothing in Law Firm's statements to Client shall be construed as a guarantee of the outcome of Client's matter(s). Law Firm makes no such guarantee.

M508

## 8. LIMITATION ON SCOPE OF REPRESENTATION.

The Law Firm does not advise clients regarding matters relating to taxation or family law, even if issues relating to such matters exist in connection with the matters for which Law Firm is retained. Further, it is understood and agreed between Law Firm and Client that this Retainer Agreement does not cover any litigation, counter-claim or cross-complaint which might be filed against Client by any adverse party in this matter or by any person or entity not a party to this matter. In the event any such litigation, counter-claim or cross-complaint is filed, Law Firm will not be obligated to represent Client until and unless a new retainer agreement is entered into with regard to that matter. This agreement also does not cover any appeal. In the event of any appeal, Law Firm will not be obligated to represent Client until and unless a new retainer agreement is entered into with regard to that matter.

## 9. MUTUAL RIGHTS OF WITHDRAWAL.

It is mutually agreed that Client may discharge Law Firm at any time. It is also mutually agreed that Law Firm may withdraw from representing Client at any time.

## 10. ARBITRATION.

Any dispute between Client and Law Firm of any kind whatsoever arising out of or in connection with this Agreement shall be subject to binding arbitration. The purpose of this provision for mandatory arbitration is that the parties to this Agreement relinquish any and all right to file any civil suit in connection with the legal services provided hereunder.

The foregoing is agreed to by:

Date: 2.6.07

_____
Client

Date: 3/1/07

_____
Michael E. Kinney

3

M509