MICHAEL E. KINNEY
Bar No. 77018
Law Office of Michael E. Kinney
438 First St.
Fourth Floor
Santa Rosa, CA  95401
(707) 527-4141
Fax (707) 579-9561
kinney@kinnlaw.com

Attorney for Plaintiff
DONNA MATHEWS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DONNA MATHEWS,

        Plaintiff,

vs.

PAN AMERICAN LIFE INSURANCE COMPANY; and DOE 1 through Doe 20, Inclusive,

        Defendants.
_____/

No.  C 07-02757 SBA

PLAINTIFF'S EVIDENTIARY OBJECTIONS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Date:  June 10, 2008
Time:  1:00 p.m.
Ctrm:  3

      COMES NOW Plaintiff, DONNA MATHEWS, and offers the following objections to evidence submitted by Defendant in connection with its Motion for Summary Judgment.

      1.    **Proffered Statement**:

      "According to Dr. Alexander's APS, plaintiff would recover sufficiently to perform the duties of her regular job on March 15, 2006."

      Jones Decl., Para 5; 2:12-15.

             **Objection**:

      Hearsay.  Violates the Best Evidence Rule.  The document Mr. Jones refers to is before the Court, and does not say what Mr. Jones claims it says.  Dr. Alexander notes that

1  Plaintiff "may need surgical intervention," thereby indicating that his return-to-work prognosis was
2  no more than a rough estimate.
3      2.    **Proffered Statement**:
4  Exhibit I to the Jones Declaration.
5      **Objection**:
6  The document submitted is incomplete. The last page stops in mid-sentence. The
7  complete document is found at Depo Exhibit 17. The missing page contains a reference to
8  Plaintiff's potential need for vocational rehabilitation.
9      3.    **Proffered Statement**:
10  "I also requested a further Independent Medical Examination of Ms. Mathews, which
11  was ordered. I also requested surveillance of Ms. Mathews as part of the investigation of her claim for
12  additional benefits."
13  Jones Decl., Para. 17; 4:22-25.
14      **Objection:**
15  Vague as to time. The declaration proceeds chronologically up to this point, and
16  resumes chronologically afterwards, leaving the false impression that Mr. Jones ordered the
17  Independent Medical Examination and surveillance of Plaintiff in April 2006. In fact, the
18  Independent Medical Examination was scheduled in late September or October 2006, shortly after
19  Ms. Mathews filed a complaint with the California Department of Insurance. Mathews Decl. ¶29.
20  The examination took place in November 2006. Depo Exhibit 36. Mr. Jones set up the
21  surveillance of the Plaintiff and the medical examination at the same time. Jones Depo 257:25-
22  258:15.
23  Dated: May 19, 2008    LAW OFFICE OF MICHAEL E. KINNEY

By: _____
    Michael E. Kinney
    Attorney for Plaintiff