Thomas A. Evans (SBN 202841)
Email: tevans@reedsmith.com
Eugenia S. Chern (SBN 215092)
Email: echern@reedsmith.com
REED SMITH LLP
1999 Harrison Street, Suite 2400
Oakland, CA 94612-3572

**Mailing Address:**
P.O. Box 2084
Oakland, CA 94604-2084

Telephone: +1 510 763 2000
Facsimile: +1 510 273 8832

Attorneys for Defendant
Pan-American Life Insurance Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA MATHEWS,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>PAN-AMERICAN LIFE INSURANCE COMPANY,<br><br>　　　　　Defendant. | No.: C 07-02757 SBA<br><br>**REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**<br><br>Date:　　　June 10, 2008<br>Time:　　　1:00 p.m.<br>Place:　　　Ctrm 3, 3rd Floor<br><br>Honorable Saundra B. Armstrong |

# TABLE OF CONTENTS
**Page**

I. INTRODUCTION. ........................................................................................................................1

II. LEGAL ARGUMENT. ................................................................................................................1

    A. Plaintiff Has Failed To Designate Facts Showing A Genuine Issue As To Her Claim For Breach Of Contract. ..........................................................................1

    B. There Is No Genuine Issue As To Plaintiff's Claim For Bad Faith. ..........................3

    C. There Is No Genuine Issue Of Material Fact As To Plaintiff's Claims For Fraud And Negligent Misrepresentation. ...................................................................7

    D. There Is No Genuine Issue As To Plaintiff's Claim For Unfair Competition. ..............................................................................................................8

    E. Plaintiff Has Failed to Designate Specific Facts Showing A Genuine Issue As To Her Intentional Infliction of Emotional Distress Claim. .........................9

    F. Plaintiff's Claim For Negligent Infliction Of Emotional Distress Fails As A Matter Of Law. ......................................................................................................10

    G. Summary Judgment Is Proper As To Plaintiff's Punitive Damages Claim. ............10

III. CONCLUSION. ........................................................................................................................11

# TABLE OF AUTHORITIES

## CASES

Beck v. State Farm Mutual Automobile Insurance Co.,
 54 Cal. App. 3d 347 (1976) .................................................................................................. 10

Burgess v. Superior Court (Gupta),
 2 Cal. 4th 1064 (1992) ........................................................................................................... 10

Christensen v. Superior Court,
 54 Cal. 3d 868 (1991) .............................................................................................................. 9

Fletcher v. Western National Life Insurance Co.,
 10 Cal. App. 3d 376 (1970) ............................................................................................... 9, 10

Guebara v. Allstate Insurance Co.,
 237 F.3d 987 (9th Cir. 2001) ................................................................................................... 4

Industrial Indemnity Co. v. Superior Court,
 209 Cal. App. 3d 1093 (1989) ................................................................................................. 9

Maler v. Superior Court,
 220 Cal. App. 3d 1592 (1990) ................................................................................................. 9

Merritt v. Reserve Insurance Co.,
 34 Cal. App. 3d 858 (1973) ..................................................................................................... 4

Miller v. National American Life Insurance Company of California,
 54 Cal. App. 3d 331 (1976) ............................................................................................ 5, 7, 8

Molien v. Kaiser Foundation Hospitals,
 27 Cal. 3d 916 (1980) ............................................................................................................ 10

Moradi-Shalal v. Fireman's Fund Insurance Cos.,
 46 Cal. 3d 287 (1988) .......................................................................................................... 6, 9

Opsal v. United Services Automobile Association,
 2 Cal. App. 4th 1197 (1991) .................................................................................................... 6

Potter v. Firestone Tire & Rubber Co.,
 6 Cal. 4th 965 (1993) ............................................................................................................. 10

Rubin v. Green,
 4 Cal. 4th 1187 (1993) ............................................................................................................. 8

Safeco Insurance Co. v. Superior Court,
 216 Cal. App. 3d 1491 (1990) ................................................................................................. 9

Thing v. La Chusa,
 48 Cal. 3d 644 (1989) ............................................................................................................ 10

Tomaselli v. Transamerica Insurance Co.,
 25 Cal. App. 4th 1269 (1994) .................................................................................................. 4

REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL
SUMMARY JUDGMENT

Waller v. Truck Insurance Exch.,
    11 Cal. 4th 1 (1995) ............................................................................................................. 6

**STATUTES**

California Civil Code Section 3294(a) ....................................................................................... 10

California Insurance Code Section 790.03 ................................................................................... 6

California Insurance Code Section 10350.8 .................................................................................. 8

California Business & Professions Code Section 17200 ........................................................... 8, 9

**MISCELLANEOUS**

10 Cal. Admin. Code Section 2695 ..................................................................................... 5, 6, 7

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## I. INTRODUCTION.

Plaintiff Donna Mathews ("plaintiff") presents a series of allegations regarding clerical and accounting issues in the payment of her claims in an attempt to create a genuine issue in her bad faith case against Pan-American. None of these issues – taken separately or collectively – amount to bad faith or breach of the insurance contracts. An action for bad faith requires proof of a denial of benefits or a delay in granting benefits tantamount to a denial, not allegations of accounting mistakes in the payment of benefits. The fact still remains that plaintiff has been and continues to be paid all disability benefits owed to her under the policies, that she has been refunded any premiums owed since the commencement of her disability. Plaintiff also cannot recover for Pan-American's exercise of its authority to investigate her claims and to obtain objective evidence of disability before finally approving her claim.

Plaintiff's criticism of her denial of rehabilitation benefits fails to explain why, even after she had filed this action and made disclosures in discovery, plaintiff never disclosed not only that she had developed a rehabilitation plan, but that she was receiving benefits under that plan. Pan-American acted within its discretionary authority to deny plaintiff's request for rehabilitation benefits based on her failure to submit requested information, which plaintiff had in fact already obtained. Pan-American should not be faulted for failing to consider information that was never produced. Summary judgment, or alternatively, partial summary judgment, in favor of Pan-American as to all of plaintiff's claims should therefore be granted.

## II. LEGAL ARGUMENT.

### A. Plaintiff Has Failed To Designate Facts Showing A Genuine Issue As To Her Claim For Breach Of Contract.

Plaintiff alleges three different bases for her breach of contract claim: (1) failure to pay disability benefits; (2) failure to refund premiums as provided in the policies; and (3) failure to pay rehabilitation benefits. Plaintiff has not set forth specific facts showing a genuine issue as to her breach of contract claim on any of these bases.

With regard to plaintiff's first theory, it is undisputed that plaintiff has been and continues to be paid the disability benefits owed to her under her three policies with Pan-American. Declaration

of Michael Jones in Support of Motion for Summary Judgment, Or Alternatively, Partial Summary Judgment ("Jones Decl."), ¶ 41. Any alleged arrearage with regard to Pan-American's payment of the benefits was a result of clerical error, not any refusal to pay the benefits. Once these errors were discovered, they were promptly resolved.

With regard to plaintiff's second theory, plaintiff's assertion that Pan-American has still not refunded all of the premiums as required by the policies is erroneous. In discovery, plaintiff was asked to "[s]tate the amount in premiums which YOU contend that PAN-AMERICAN has improperly withdrawn from YOUR bank account in connection with the disability policies issued by PAN-AMERICAN to YOU." Declaration of Thomas A. Evans in Support of Motion for Summary Judgment, Or Alternatively, Partial Summary Judgment ("Evans Decl."), Ex. D at p. 9. Plaintiff responded by stating that the improperly withdrawn premiums totaled $1,588.65. *Id.* at p. 10. The evidence establishes that Pan-American has fully refunded this amount – in fact, the total amount refunded to plaintiff under the three policies is $1,664.05. Jones Decl., ¶¶ 10, 11, 18, 26, 34, 42 and Exs. G, H, L, T, BB. Pan-American has repeatedly itemized and explained the amounts refunded to plaintiff through various correspondence. *Id.* at ¶¶ 29, 35 and Ex. W, CC.

Plaintiff's third theory for breach of contract likewise fails. The three Policies expressly provide that Pan-American will pay rehabilitation benefits to an insured if the company approves the rehabilitation program in advance. Jones Decl., Exs. A at PAL 1011, B and R at PAL 0947. Accordingly, plaintiff was required to submit rehabilitation program to Pan-American for approval before the company could even determine whether rehabilitation benefits are payable. Contrary to plaintiff's allegations, Pan-American explained to plaintiff what information it needed in order to evaluate her claim. After plaintiff inquired about rehabilitation benefits to Pan-American in late July 2006 (Jones Decl., ¶ 20 and Ex. N), Pan-American requested in writing in early August 2006 that plaintiff submit a copy of her rehabilitation plan, including "a detailed plan of treatment and estimated costs and estimated date of rehabilitation completion" (*id.*, ¶ 21 and Ex. O). In response, plaintiff mentioned the possibility of attending multiple schools, but did not include a plan of treatment, or an estimate as to costs or date of completion. *Id.*, ¶ 22 and Ex. P.

Plaintiff implies that she provided the same information to the Department of Rehabilitation,

which granted her rehabilitation benefits, and therefore, there was no reason Pan-American should not have granted her benefits as well. In fact, the information provided by plaintiff to the state was completely different. As evidenced by her deposition testimony, plaintiff obtained and provided a very detailed rehabilitation plan to the Department of Rehabilitation, including information she obtained regarding the necessary coursework and whether a nursing career was feasible in light of her disability, and if so, what course of study would provide a feasible opportunity to pursue a career. Supplemental Declaration of Thomas A. Evans in Support of Reply Re: Motion for Summary Judgment, Or Alternatively, Partial Summary Judgment ("Supp. Evans Decl."), Ex. A at 56:9-59:3. Plaintiff also discussed with the Department of Rehabilitation the schools she could attend and the cost of tuition. *Id.* at 59:4-60:4. Plaintiff never provided this information to Pan-American. Evans Decl., Ex. C at 131:9-12; Jones Decl., ¶ 43.

Plaintiff further argues that if she had received rehabilitation benefits under the Pan-American Policies, she would have been able to attend Pacific Union College. However, at the time she responded to Pan-American's request for her rehabilitation plan, she merely mentioned the possibility of several schools, and did not indicate a specific desire to attend Pacific Union College. Jones Decl., ¶ 22 and Ex. P. Thus, contrary to plaintiff's unsubstantiated allegations, Pan-American was not on notice of plaintiff's desire to attend Pacific Union. Since plaintiff did not specify her intent to attend Pacific Union, Pan-American could not have denied benefits on that basis. In any event, even if plaintiff were entitled to payment of rehabilitation benefits under the Pan-American's Policies, nothing in the Policies obligates Pan-American to pay for the most expensive option. *Id.*, Ex. A at PAL 1011, B and R at PAL 0947.

**B.    There Is No Genuine Issue As To Plaintiff's Claim For Bad Faith.**

Plaintiff has not set forth any evidence of conduct by Pan-American amounting to bad faith. She asserts that Pan-American has denied benefits due, discontinued ongoing benefit payments, paid less than due and unreasonably delayed payment. However, it is undisputed that plaintiff has been paid and continues to be paid all disability benefits owed under the Policies. Jones Decl., ¶ 41 and Ex. HH; Evans Decl., Ex. D at p. 9; Mathews Decl., ¶ 43. To the extent that plaintiff asserts any delay in payment, such delay was due to clerical error and those errors were resolved as they were

- 3 -

discovered. At the very worst, these clerical errors amount to negligence, and mere negligence is not sufficient to constitute unreasonable behavior for the purpose of establishing a breach of the implied covenant of good faith and fair dealing in an insurance case. *Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 995 (9th Cir. 2001); *Merritt v. Reserve Ins. Co.*, 34 Cal. App. 3d 858, 873 (1973).

Moreover, an insurer does not act in bad faith by withholding policy benefits if the insurer has a reasonable basis for doing so. *Tomaselli v. Transamerica Ins. Co.*, 25 Cal. App. 4th 1269, 1280-81 (1994). As set forth above, the Policies explicitly state that rehabilitation benefits are payable only if Pan-American approves the insured's rehabilitation program in advance. Jones Decl., Exs. A at PAL 1011, B and R at PAL 0947. Pan-American requested specific information from plaintiff with regard to her inquiry regarding rehabilitation benefits. *Id.*, ¶ 21 and Ex. O. Despite Pan-American's request, plaintiff never submitted that information to Pan-American, even though she later submitted that information to the Department of Rehabilitation. Supp. Evans Decl., Ex. A at 56:9-59:3, Evans Decl., Ex. C at 131:9-12; Jones Decl., ¶ 43. Pan-American never had an opportunity to approve plaintiff's rehabilitation program because she never provided one to Pan-American.[1] Therefore, Pan-American had a reasonable basis to deny payment of rehabilitation benefits.

In addition to the above, plaintiff makes the contradictory argument that Pan-American acted in bad faith by both failing to investigate plaintiff's claim then "harassing" plaintiff with excessive investigation by conducting an independent medical examination and surveillance of plaintiff with regard to her claim for disability benefits. Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Pltf's Opp.") at pp. 16-17, 22-23. Plaintiff cannot have it both ways. As to plaintiff's claim for disability benefits, Pan-American rightfully relied on the Attending Physician's Statement to authorize payment of benefits until March 15, 2006. Jones Decl., ¶ 5 and Ex. C.

---

[1] Plaintiff also argues that Jones "has denied all of the claims for rehabilitation benefits that he has ever seen." Opp. at p. 11. However, plaintiff neglects to note that Mr. Jones has only handled a total of three claims for rehabilitation benefits while handling disability claims for Pan-American. Declaration of Michael E. Kinney in Opposition to Defendant's Motion for Summary Judgment ("Kinney Decl."), Ex. H at 28:10-13. Plaintiff also does not establish how these two additional claims were factually similar or have any probative value.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  Plaintiff argues that it is improper for Pan-American to rely on the Statement, citing *Miller v.*
2  *National American Life Insurance Company of California*, 54 Cal. App. 3d 331, 339-340 (1976). In
3  *Miller*, the Court found that the doctor's certificate on the claim form in that case was ambiguous
4  because it read, "How long was or will patient be continuously disabled (unable to work)? From
5  19     through     19    ," and claims examiners were instructed that it was company policy to read the
6  word "through" in its claim forms as "to," indicating termination of disability even though there was
7  no instruction on the form to so indicate that to the attending physician. *Id.* at 339. Here, there is no
8  such ambiguity in the Attending Physician's Statement, which states, "Do you expect any significant
9  improvement in the future?" and "If yes, when will patient recover sufficiently to perform the duties
10 of: (a) HIS/HER REGULAR JOB." Dr. Alexander indicated that he expected significant
11 improvement in the future, indicated "3/15/06" as the date plaintiff would be able to perform the
12 duties of her job, and checked the box "1-3 Mos." Jones Decl., Ex. C at PAL 0587. Accordingly, it
13 was reasonable for Pan-American to rely on Dr. Alexander's statement until Pan-American received
14 plaintiff's supplemental statement indicating a longer length of disability.
15     Moreover, plaintiff was plainly aware that she had to submit additional information to
16 demonstrate her continued disability beyond that date, as she submitted a Supplementary Proof of
17 Loss on or about April 3, 2006, and an updated APS on or about March 29, 2006, indicating a longer
18 period of disability than originally indicated. *Id.*, Exs. I, J. At that time, Pan-American did further
19 investigate plaintiff's claim, including ordering medical records from her treating physicians, and
20 having those records reviewed by a medical consultant. *Id.*, ¶¶ 12, 15, 17 and Ex. K. Based upon
21 his review, the medical consultant then recommended further investigation, prompting Pan-
22 American to order an independent medical examination and surveillance of plaintiff. *Id.*, ¶ 17 and
23 Ex. K. Pan-American then agreed to pay disability benefits to plaintiff under a reservation of rights
24 while the company investigated her claim. *Id.*, ¶ 19 and Ex. M. All disability benefits owed under
25 her three Policies since February 14, 2006 have now been paid and continue to be paid. *Id.*, ¶ 41 and
26 Ex. HH; Mathews Decl., ¶ 43.
27     Pan-American did not have an opportunity to investigate plaintiff's claim for rehabilitation
28 benefits, because she never submitted the requested information to initiate a claim. Jones Decl., ¶¶

- 5 -

REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL
SUMMARY JUDGMENT

20, 21, 22, 43 and Exs. N, O, P. Contrary to plaintiff's argument, Pan-American did not deny rehabilitation benefits because plaintiff submitted the "wrong type" of evidence – she submitted little to no evidence to Pan-American despite having that information and providing it to the Department of Rehabilitation. Pan-American requested a rehabilitation plan which was to include "a detailed plan of treatment and estimated costs and estimated date of rehabilitation completion." *Id.*, ¶ 21 and Ex. O. Plaintiff did not submit this information, even after she had already obtained it in developing her own plan.

Plaintiff also asserts a variety of other alleged violations of the Insurance Code and related regulations which she claims constitute evidence of bad faith. For instance, plaintiff asserts that Pan-American violated California Insurance Code Section 790.03(h) claiming that it does not have a claims manual. However, as Cory Simon testified at his deposition, Pan-American does utilize a reference guide prepared by one of its reinsurers, in addition to the applicable policy language, with regard to handling claims. Kinney Decl., Ex. F at 32:15-33:10. To the extent that plaintiff attempts to allege violations of the Insurance Code to create a private cause of action, the California Supreme Court has expressly prohibited parties from doing so. *Moradi-Shalal v. Fireman's Fund Ins. Cos.*, 46 Cal. 3d 287, 295-296 (1988); *see also Waller v. Truck Ins. Exch.*, 11 Cal. 4th 1, 36 (1995). The acts prohibited by Insurance Code Section 790.03 were intended by the Legislature "to be considered unfair practices subject to administrative regulation and discipline and then only if committed with the requisite frequency." *Moradi-Shalal*, 46 Cal. 3d at 295-296.

Similarly, plaintiff's allegation that Pan-American's claims personnel were not trained in violation of 10 Cal. Admin. Code Section 2695.6 is simply inaccurate. As Michael Jones, the Senior Claims Examiner who handled plaintiff's claim, as well as his supervisor Cory Simon, testified at their depositions, both have received training and/or education in the area of claims handling. Kinney Decl., Exs. F at 8:13-10:13, 22:9-23 and H at 20:15-21:3, 21:13-16. Moreover, Mr. Jones had prior experience in the handling of rehabilitation benefit claims. *Id.*, Ex. H at 23:23-26:11. Accordingly, plaintiff has not shown any violation of Section 2695.6 by Pan-American.

Further, to the extent plaintiff asserts alleged violations of various regulations as "evidence" of bad faith, these assertions do not create a genuine issue of material fact because plaintiff has not

established how these technical violations resulted in any harm to her. *See Opsal v. United Services Automobile Ass'n*, 2 Cal. App. 4th 1197, 1206 n.5 (1991)(violation of statutory requirement regarding content of denial letter irrelevant because content of letter did not cause any damage to plaintiff). Specifically, plaintiff asserts that Pan-American violated 10 Cal. Admin. Code Section 2695.4, which requires Pan-American to disclose all benefits or coverage that may apply. Notwithstanding that plaintiff was aware of her benefits or coverage by virtue of receiving the Policies and related documents summarizing her coverage (Mathews Decl., ¶¶ 3-5, Exs. A, B), it is clear that plaintiff was aware of the rehabilitation benefits provision in the Policies as she made the initial inquiry regarding rehabilitation benefits via letter dated July 21, 2006. Jones Decl., Ex. N. Accordingly, even if plaintiff has shown a technical violation of Section 2695.4, no harm resulted to her because she already demonstrated knowledge of the Policies' rehabilitation provision.

### C. There Is No Genuine Issue Of Material Fact As To Plaintiff's Claims For Fraud And Negligent Misrepresentation.

In support of her claims for fraud and negligent misrepresentation, plaintiff asserts that Pan-American made the following representations: (1) that policy benefits would be paid; (2) that it would treat plaintiff well; (3) and that in the event of a claim, Pan-American was "there to serve" plaintiff and that her "satisfaction was very important" and that Pan-American would provide a fair settlement in a timely fashion. Pltf's Opp. at pp. 25-26. Plaintiff has not established that these representations were false. Disability benefits have been and continued to be paid to plaintiff. Clerical errors do not give rise to a misrepresentation, intentional or otherwise, regarding payment of policy benefits. As for rehabilitation benefits, the Policies clearly state that Pan-American must approve plaintiff's rehabilitation program in advance for benefits to be payable. As the evidence demonstrates, plaintiff did not submit the requested information.

Plaintiff relies on *Miller v. National American Life Insurance Company of California*, 54 Cal. App. 3d 331 (1976). In *Miller*, plaintiff asserted the following representations as the basis for his fraud claim: that the company would pay plaintiff's monthly mortgage payments in the event that he was totally disabled from performing his occupation up to a maximum of twelve months, and if he was disabled from performing an occupation or employment for which he was reasonably qualified

- 7 -

by reason of his station in life, education, training and experience for an additional period up to a maximum of 48 months. *Id.* at 337. Here, plaintiff has been paid disability benefits. As to rehabilitation benefits, both the Policies as well as the advertisement brochures she received, informed plaintiff that rehabilitation benefits are payable only if the rehabilitation plan is approved by Pan-American (or "mutually agreed upon" between the Company and the insured). Jones Decl., Exs. A at PAL 1011, B and R at PAL 0947; Mathews Decl., Ex. A at M435 and B at M027. In addition, contrary to *Miller*, Pan-American further investigated plaintiff's claim of continued disability and subsequently paid and continues to pay additional disability benefits after receipt of plaintiff's initial Attending Physician Statement. Plaintiff has not shown any misrepresentation, intentional or otherwise, by Pan-American with respect to the payment of rehabilitation benefits, and therefore her claims for negligent misrepresentation and fraud fail as a matter of law.

### D.    There Is No Genuine Issue As To Plaintiff's Claim For Unfair Competition.

Plaintiff likewise relies on the same arguments in support of her claims for breach of contract, bad faith and fraud to support her claim for unfair competition under California Business and Professions Code Section 17200. For the same reasons as set forth above, plaintiff has not set forth evidence creating a genuine issue of material fact as to her Section 17200 claim. Plaintiff simply claims that Pan-American's handling of rehabilitation benefits was unfair. However, the evidence shows that plaintiff was consistently informed through her Policies as well as the insurance brochures she received that rehabilitation benefits were payable upon approval of the insured's rehabilitation plan by Pan-American. Pan-American was not given a chance to evaluate plaintiff's rehabilitation plan because it was never provided with one despite the company's request. Moreover, plaintiff again alleges that Pan-American violated Section 17200 by stating that it automatically denied benefits without any investigation at all. While Pan-American initially approved plaintiff's disability claim through March 15, 2006 based on plaintiff's initial Attending Physician's Statement, it proceeded to further investigate plaintiff's claim once it received plaintiff's supplemental proof of claim indicating a longer length of disability. Thus, plaintiff's description of the evidence is simply incorrect.

To the extent that plaintiff relies on purported violations of the Insurance Code (i.e. Insurance

Code § 10350.8) to state a Section 17200 claim, her Section 17200 claim is barred based on the holding in *Moradi-Shalal*. Courts have consistently held that "the bar on such implied private causes of action, imposed by our decision in *Moradi-Shalal* ... may not be circumvented by recasting the action as one under Business and Professions Code section 17200." *Rubin v. Green*, 4 Cal. 4th 1187, 1201-1202 (1993).

In *Safeco Ins. Co. v. Superior Court*, 216 Cal. App. 3d 1491 (1990), plaintiff sued an insurance carrier alleging that the carrier's failure to pay violated Section 790.03 and constituted a Section 17200 violation. The Court of Appeal ordered the Complaint dismissed, holding that *Moradi-Shalal* barred not only plaintiff's Insurance Code claims, but also the Section 17200 claim. *Id*. at 1494. The Court explained, "[section 17200 of] the Business and Professions Code provides no toehold for scaling the barrier of *Moradi-Shalal*...To permit plaintiff to maintain this action would render Moradi-Shalal meaningless." *Id*. Further, the Courts of Appeal similarly held as such in *Maler v. Superior Court*, 220 Cal. App. 3d 1592 (1990), and *Industrial Indemnity Co. v. Superior Court*, 209 Cal. App. 3d 1093 (1989). Both cases hold that implied private rights of action alleging bad faith claims against insurers, barred by the *Moradi-Shalal* holding, are not resurrected by casting the action as one for relief under Section 17200. *Maler*, 220 Cal. App. 3d at 1598; *Industrial Indemnity Co.*, 209 Cal. App. 3d at 1096. Plaintiff's claim under Section 17200 therefore also fails.

### E. Plaintiff Has Failed to Designate Specific Facts Showing A Genuine Issue As To Her Intentional Infliction of Emotional Distress Claim.

As plaintiff acknowledges, a claim for intentional infliction of emotional distress requires: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. Pltf's Opp. at 28:21-26 (citing *Christensen v. Sup. Ct.*, 54 Cal. 3d 868, 903 (1991)).

Plaintiff has not met her burden of setting forth specific evidence of "severe or extreme emotional distress" here. Plaintiff cites *Fletcher v. Western Nat'l Life Ins. Co.*, 10 Cal. App. 3d 376, 398 (1970), in which the insured and his family lacked food and clothes, his house payments became

- 9 -

delinquent, he lost a parcel of land he had invested in, his utilities were turned off and he had to borrow money from friends and neighbors to get them turned back on. The Court found in *Fletcher* that this evidence supported a finding of "severe" emotional distress. *Id.* While plaintiff cites case law supporting that IIED claims **may** be asserted in insurance bad faith cases, she has not set forth the necessary facts to defeat summary judgment. Here, the only evidence presented by plaintiff of severe emotional distress is her declaration in which she states that she was "upset" by certain correspondence she received by Pan-American. Mathews Decl. at ¶¶ 12, 16, 25. This does not rise to the level of "severe or extreme emotional distress" as described in *Fletcher*. Moreover, plaintiff has not shown that Pan-American's conduct was "extreme or severe," or that Pan-American intentionally engaged in such conduct to cause plaintiff distress. Accordingly, this claim fails as a matter of law.

### F. Plaintiff's Claim For Negligent Infliction Of Emotional Distress Fails As A Matter Of Law.

Likewise, plaintiff has failed to set forth evidence supporting her claim for negligent infliction of emotional distress. In order for distress to be actionable, it must be "severe," meaning a reaction beyond that which would be anticipated in a disinterested plaintiff and which is not an abnormal response to the circumstances. *Burgess v. Super.Ct. (Gupta)*, 2 Cal. 4th 1064, 1079 (1992); *Thing v. La Chusa*, 48 Cal. 3d 644, 668 n. 12 (1989); *Molien v. Kaiser Found. Hosps.*, 27 Cal. 3d 916, 928 (1980); *see Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 987, 989 n. 12 (1993). Again, plaintiff has not established that she suffered "severe distress," and therefore, summary judgment is proper as to her claim for negligent infliction of emotional distress.

### G. Summary Judgment Is Proper As To Plaintiff's Punitive Damages Claim.

Plaintiff's punitive damages claim also fails as a matter of law. To recover punitive damages, plaintiff must set forth "clear and convincing" evidence that Pan-American "acted with intent to vex, injure or annoy, or with conscious disregard of plaintiff's rights." Cal. Civ. Code § 3294(a). Plaintiff has not provided "clear and convincing" evidence of the requisite intent by Pan-American. Proof of violation of the duty of good faith and fair dealing does not establish that defendant acted with the requisite intent to injure plaintiff either. *Beck v. State Farm Mut. Auto Ins.*

*Co.*, 54 Cal. App. 3d 347, 355 (1976).

With regard to the administration of plaintiff's claim for disability benefits, there is, at worst, evidence of clerical errors. However, as previously stated, clerical errors do not amount to bad faith, and they certainly do not rise to the higher level of oppression, fraud or malice required for punitive damages. As for the administration of plaintiff's clam for rehabilitation benefits, the evidence established that there was a reasonable basis for Pan-American to deny benefits based on plaintiff's failure to submit requested information regarding her rehabilitation program. Thus, plaintiff has not shown specific facts creating a genuine issue as to her punitive damages claim.

### III.  CONCLUSION.

Plaintiff has failed to meet her burden on summary judgment by designating specific facts showing that there is a genuine issue of material fact for trial. Instead, plaintiff attempts to string together a list of non-actionable clerical errors in an attempt to make a showing of bad faith or breach of contract on the part of Pan-American. In fact, such errors do not give rise to claims for relief against Pan-American. The evidence establishes that disability benefits have been and continue to be paid to plaintiff under the Policies. Premiums have been waived and/or refunded since plaintiff's date of disability. Further, Pan-American's denial of rehabilitation benefits was reasonable given that it asked plaintiff to submit a detailed rehabilitation plan, and although she provided such a plan to the Department of Rehabilitation, she never provided one to Pan-American. Accordingly, summary judgment, or alternatively, partial summary judgment should be granted in favor of Pan-American as to all of plaintiff's claims for relief, including her claim for punitive damages.

DATED:  May 27, 2008.

REED SMITH LLP

By  /s/ Thomas A. Evans
    Thomas A. Evans
    Eugenia S. Chern
    Attorneys for Defendant
    Pan-American Life Insurance Company

DOCSOAK-9909154.1