Thomas A. Evans (SBN 202841)
Email: tevans@reedsmith.com
Eugenia S. Chern (SBN 215092)
Email: echern@reedsmith.com
REED SMITH LLP
1999 Harrison Street, Suite 2400
Oakland, CA 94612-3572

**Mailing Address:**
P.O. Box 2084
Oakland, CA 94604-2084

Telephone:    +1 510 763 2000
Facsimile:    +1 510 273 8832

Attorneys for Defendant
Pan-American Life Insurance Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| | |
|---|---|
| DONNA MATHEWS,<br><br>Plaintiff,<br><br>vs.<br><br>PAN-AMERICAN LIFE INSURANCE COMPANY,<br><br>Defendant. | No.: C 07-02757 SBA<br><br>**OBJECTION OF PAN-AMERICAN LIFE INSURANCE COMPANY TO EVIDENCE SUBMITTED BY PLAINTIFF IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**<br><br>Date:    June 10, 2008<br>Time:    1:00 p.m.<br>Place:    Ctrm 3, 3rd Floor<br><br>Honorable Saundra B. Armstrong |

Defendant Pan-American Life Insurance Company ("Pan-American") objects to portions of the evidence submitted by plaintiff Donna Mathews in Support of her Opposition to Motion for Summary Judgment, Or Alternatively Partial Summary Judgment, as follows:

### DECLARATION OF BURT BERNSTEIN

The Declaration of Burt Bernstein is inadmissible because it fails to meet the requirements for expert testimony set forth in Rule 702 of the Federal Rule of Evidence. Mr. Bernstein has failed to state the specific factual basis for his opinion. Moreover, his testimony is not shown to be based on appropriate knowledge and would not assist the trier of fact. It is also unclear what the extent of

– 1 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  his experience is with respect to the handling of claims for disability benefits, particularly,

2  rehabilitation benefits.  Accordingly, the entirety of Mr. Bernstein's declaration should be

3  disregarded.

4       Federal Rule of Evidence 702 states that:

5       If scientific, technical or other specialized knowledge will assist the trier of fact to

6       understand the evidence or to determine a fact in issue, a witness qualified as an

7       expert by knowledge, skill, experience, training, or education, may testify thereto in

8       the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts

9       or data, (2) the testimony is the product of reliable principles and methods, and (3) the

10       witness has applied the principles and methods reliably to the facts of the case.

11  Under Rule 702, the Court has a gatekeeping role to ensure that an expert's testimony rests on a

12  reliable foundation and is relevant to the task at hand.  *Daubert v. Merrell Dow Pharmaceuticals,*

13  *Inc.*, 509 U.S. 579, 592 (1993); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 139, 149 (1999).

14       Mr. Bernstein's declaration fails to demonstrate that his opinion is based on "scientific,

15  technical, or other specialized knowledge."  The declaration discusses Mr. Bernstein's experience in

16  the insurance industry, particularly in the area of underwriting (Bernstein Decl. at ¶¶ 1, 2 and Ex. A),

17  but little, insofar as he explains, with respect to the handling of disability insurance claims,

18  particularly, rehabilitation claims.  Moreover, the declaration recites Mr. Bernstein's opinion that the

19  handling of plaintiff's claim was incompatible with the custom and practice of the insurance

20  industry.  However, Mr. Bernstein's declaration fails to set out the applicable standards which he

21  claims Pan-American violated or otherwise provide specific facts that would permit a finder of fact

22  to evaluate the soundness of his conclusory testimony.  There is nothing beyond Mr. Bernstein's

23  bald assertions to suggest that his opinions are based on scientific, technical or specialized

24  knowledge.  There can be little question that the Supreme Court has called for something resembling

25  scientific knowledge to pass the test of Rule 702.  In *Daubert*, the Supreme Court stated as follows:

26       Ordinarily, a key question to be answered in determining whether a theory or

27       technique is scientific knowledge that will assist the trier of fact will be whether it can

28       be (and has been) tested.  "Scientific methodology today is based on generating

– 2 –

hypotheses and testing them to see if they can be falsified; indeed, this methodology is what distinguishes science from other fields of human inquiry."

509 U.S. at 593 (citations omitted). None of Mr. Bernstein's opinions meet these rigorous standards. There is simply no way to subject them to an empirical test.

In addition, Mr. Bernstein's declaration will not "assist the trier of fact" because it openly attempts to state a legal conclusion concerning Pan-American's handling of plaintiff's disability claim. Bernstein Decl. at ¶ 9. Legal conclusions (i.e., opinions on an ultimate issue of law) are generally not "helpful" and therefore should be excluded. "Each courtroom comes equipped with a 'legal expert' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards." *McHugh v. United Service Auto. Ass'n*, 164 F.3d 451, 454 (9th Cir. 1999).

Mr. Bernstein also lacks "special knowledge, skill, experience, training or education on the subject matter" as required under Rule 702. His declaration attaches a copy of his curriculum vitae (CV) and claims that he is an expert in life, disability and health insurance. Bernstein Decl., Ex. A. His CV also reflects that Mr. Bernstein has a legal background, having obtained a law degree from, and served as a law professor at, the Santa Barbara College of Law. *Id.* Mr. Bernstein's emphasis on "bad faith" allegations is a telling admission that his opinions deal with matters of law, not scientific or technical expertise.

Lastly, Mr. Bernstein's declaration also fails to indicate that he used any reliable methodology or technique in coming to his conclusions. Mr. Bernstein's reasoning is completely unstated, other than a vague reference to the "custom and practice of the insurance industry." Bernstein Decl., ¶ 9. "[I]n the context of a motion for summary judgment, an expert must back up his opinion with specific facts." *United States v. Various Slot Machines on Guam*, 658 F.2d 697, 700 (9th Cir. 1981); *see also Guidroz Brault v. Missouri Pacific R. Co.*, 254 F.3d 825, 831 (9th Cir. 2001). The opinions in Mr. Bernstein's declaration are based largely on vague or erroneous facts or data. For example, Mr. Bernstein states that Pan-American failed to inform plaintiff as to what additional information was needed with regard to plaintiff's inquiry regarding rehabilitation benefits (Bernstein Decl., ¶ 8) when in fact, Pan-American specifically requested that plaintiff submit a

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 3 –

1  detailed rehabilitation plan, including "a detailed plan of treatment and estimated costs and estimated

2  date of rehabilitation completion." Jones Decl., ¶ 21 and Ex. O. Further, Mr. Bernstein refers to

3  Pan-American's termination of disability benefits based on a "guesstimate" on the part of plaintiff's

4  treating physician (i.e. Dr. Alexander's statement in an Attending Physician's Statement (Jones

5  Decl., Ex. C at PAL 0587), that plaintiff would be ready to return to work on March 15, 2006), when

6  Mr. Bernstein lacks any foundation to characterize Dr. Alexander's statement as such. Bernstein

7  Decl., ¶ 6. In other portions of his declaration, he neglects to state the factual basis for his

8  conclusions at all. For instance, he broadly criticizes the company-wide claims handling and

9  accounting procedures of Pan-American apparently based on a single case. Bernstein Decl., ¶¶ 7, 9.

10  For the foregoing reasons, Mr. Bernstein's declaration is inadmissible and should be

11  disregarded because it does not satisfy any of the requirements for expert testimony under Rule 702

12  of the Federal Rules of Evidence and applicable law.

13  ### DECLARATION OF DAN MCCASKELL

14  Pan-American further objects to the Declaration of Dan McCaskell on the ground that it is

15  immaterial. Plaintiff never submitted Mr. McCaskell's findings to Pan-American for evaluation.

16  With regard to plaintiff's bad faith claim as it pertains to the denial of rehabilitation benefits, the

17  reasonableness of Pan-American's denial may only be determined based on its evaluation of the

18  information available to the Company at the time of plaintiff's purported claim for benefits. Since

19  Mr. McCaskell's findings were never submitted to Pan-American for review, those findings are not

20  admissible to support plaintiff's claim for bad faith against Pan-American in the context of this

21  Motion. Accordingly, Mr. McCaskell's Declaration should be disregarded in its entirety.

22  DATED: May 27, 2008.

23  REED SMITH LLP

24

25  By    /s/ Thomas A. Evans
        Thomas A. Evans

26      Eugenia S. Chern
        Attorneys for Defendant

27      Pan-American Life Insurance Company

28  DOCSOAK-9909004.2

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

– 4 –